SUZANNE L. MARTIN
Nevada Bar No. 8833
suzanne.martin@ogletree.com
ERICA J. CHEE
Nevada Bar No. 12238
erica.chee@ogletree.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
Wells Fargo Tower
Suite 1500
3800 Howard Hughes Parkway
Las Vegas, NV  89169
Telephone:  702.369.6800
Fax:  702.369.6888

*Attorneys for Defendant*
*TopGolf USA Las Vegas, LLC*

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| CIARA WILLIAMS, an individual,<br><br>                    Plaintiff,<br><br>        vs.<br><br>SILVINO HINOJOSA, TOPGOLF USA LAS VEGAS, LLC, TOPGOLF INTERNATIONAL, INC. d/b/a TOPGOLF ENTERTAINMENT GROUP, DOES I through X, inclusive, and ROES I through X, inclusive,<br><br>                    Defendants. | Case No.:<br><br>[District Court Case No. A-18-784031-C]<br><br><br>**NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1331, 1367 AND 1441** |

**TO:    UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEVADA**

PLEASE TAKE NOTICE that TopGolf USA Las Vegas, LLC ("TopGolf"), by and through its undersigned counsel, hereby files this Notice of Removal of Action Pursuant to 28 U.S.C. §§ 1331, 1367 and 1441 ("Notice") of this case from the Eighth Judicial District Court of the State of Nevada Case No. A-18-784031-C (the "State Court Action"), in which it is now pending, to the United States District Court for the District of Nevada.  The federal question jurisdiction of this Court is invoked under 28 U.S.C. § 1331 and supplemental jurisdiction over state law claims is

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
WELLS FARGO TOWER
SUITE 1500, 3800 HOWARD HUGHES PARKWAY
LAS VEGAS, NV 89169
TELEPHONE: 702.369.6800

invoked under 28 U.S.C. § 1367.

## I.      STATE COURT ACTION

Plaintiff Ciara Williams' ("Plaintiff") was ordered to file her proposed Third Amended Complaint ("TAC") in this action against TopGolf Defendants and co-defendant Silvino Hinojosa ("Hinojosa") in an Order dated September 7, 2020 granting Plaintiff's Motion to Amend the Complaint in the "State Court Action."   A true and correct copy of the Plaintiff's TAC is attached hereto as **Exhibit 1**.  Plaintiff's TAC alleges eight claims for relief:  (1) Sexual Harassment [in violation of Title VII]; (2) Intentional Infliction of Emotional Distress; (3) Negligent Infliction of Emotional Distress; (4) Negligence; (5) Assault; (6) Battery; (7) False Imprisonment; (8) Fraud/Deceit.  The TAC is the first iteration of Plaintiff's complaint that alleges a federal cause of action under Title VII.

### A.      Plaintiff's Initial Complaint Was Filed On November 5, 2018

Plaintiff initiated her action on November 5, 2018, by filing a Complaint against "Top Golf, LLC" and Hinojosa  asserting ten causes of action, including unlawful discriminatory employment practices.  (**Exhibit 2**.)  However, prior to filing this lawsuit, or serving TopGolf with a summons and complaint, Plaintiff did not file a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") nor the Nevada Equal Rights Commission ("NERC"), which is a jurisdictional pre-requisite to the pursuit of employment discrimination claims under federal and state law, respectively.

### B.      Plaintiff's Amended Complaint Was Filed On January 7, 2019

On January 7, 2019, Plaintiff filed an Amended Complaint alleging seven causes of action against Hinojosa and "Top Golf, LLC" and removing, among others, the cause of action for employment discrimination.  (**Exhibit 3**.)  On February 14, 2019, Plaintiff filed an Errata to her Amended Complaint and replaced TopGolf with "Top Golf, LLC" as the defendant.  (**Exhibit 4**.)

On March 28, 2019, TopGolf filed a Motion to Dismiss Plaintiff's Amended Complaint. TopGolf argued, inter alia, that Plaintiff's tort claims were subject to dismissal because they were disguised as employment discrimination claims, namely, sex discrimination and harassment claims, for which statutory remedies already exist. (**Exhibit 5**.)   The parties fully briefed

TopGolf's Motion to Dismiss the Amended Complaint, and the Court set the matter for a hearing. (*Id.*)

The parties fully briefed the issues, and TopGolf's Motion to Dismiss was heard on June 20, 2019. The Court granted the Motion to Dismiss in part, and denied the Motion to Dismiss in part. Plaintiff was ordered to file an amended complaint on or before July 5, 2019.

**C.     Plaintiff's Second Amended Complaint Was Filed on June 28, 2019**

On June 28, 2019, Plaintiff filed a Second Amended Complaint asserting ten causes of action, including a claim for "unlawful discriminatory employment practices" under the state law, specifically NRS 613.330 *et. al.* (**Exhibit 6**.)   However, Plaintiff had filed a Charge of Discrimination with the EEOC, the necessary pre-requisite to her filing suit for violations of federal law, and specifically, Title VII of the 1964 Civil Rights Act.

On July 12, 2019, TopGolf filed its Answer to the Second Amended Complaint. (**Exhibit 7**.) Hinojosa filed his Answer on July 19, 2019. (**Exhibit 8**.)

**D.     Plaintiff Moved The Court To File A Third Amended Complaint**

Almost one year later, on June 22, 2020, Plaintiff filed a Motion to Amend the Complaint. (**Exhibit 9.**) The Motion to Amend included the proposed TAC, which added the proper cause of action for sexual harassment under Title VII, and eliminated the claims pled under NRS 613.330. (*Id.*) Despite its objection to Plaintiff's delay and the additional parties, TopGolf filed a notice of non-opposition notifying the Court and all parties that it intended to remove the matter once the Third Amended Complaint was on file.

**E.     The Court Granted Plaintiff's Motion To Amend And Ordered Plaintiff To File The Third Amended Complaint**

Thereafter, on September 7, 2020, the Court granted Plaintiff's Motion to Amend the Complaint and ordered Plaintiff to file the proposed TAC within ten days of the Notice of Entry of Order. (**Exhibit 10**.) The deadline was September 18, 2020. However, Plaintiff has not yet filed the TAC.

Prior to issuing the September 7th Order, Plaintiff filed a motion to extend the time to file the TAC on September 4, 2020, which TopGolf opposed. (**Exhibit 11.**) The Court heard the

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
Wells Fargo Tower
Suite 1500, 3800 Howard Hughes Parkway
Las Vegas, NV 89169
Telephone: 702.350.6900

matter "in Chambers," and without argument, on Monday October 5, 2020, but has yet to issue an order on the motion. Regardless of the Court's order on the motion to extend time, by operation of the Federal Rules of Civil Procedure and applicable statutes, TopGolf seeks to timely remove the TAC within thirty days of the Court granting Plaintiff's Motion to Amend.[1]

Attached to this Notice as **Exhibit 12** are true and correct copies of all remaining "process, pleadings and orders" not previously identified and served upon the TopGolf Defendants in this action pursuant to 28 U.S.C. § 1446(a).

## II.  THIS COURT HAS FEDERAL QUESTION JURISDICTION UNDER 28 U.S.C. § 1331

### A.  Plaintiff's Harassment Claim Asserts a Federal Question

Plaintiff's TAC contains eight claims for relief. In addition to the nine other claims for relief, Plaintiff pursues relief under Title VII for alleged for sexual harassment (Claim One) (*See* TAC, **Exhibit 1**.) Title VII is a federal law. Accordingly, Plaintiff's TAC presents federal question jurisdiction under 28 U.S.C. § 1331.

### B.  This Court Has This Court Has Supplemental Jurisdiction Over Plaintiff's Remaining State Law Claims Under 28 U.S.C. § 1367

Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over all other claims that are so related to Plaintiff's federal causes of action "that they form part of the same case or controversy under Article III of the United States Constitution." State law claims fall within this Court's supplemental jurisdiction when they share with the federal claims "a common nucleus of operative fact . . . such that [the plaintiff] would ordinarily be expected to try them all in one judicial proceeding." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966).

Here, Plaintiff also pursues relief via various state law claims, including (2) Intentional Infliction of Emotional Distress; (3) Negligent Infliction of Emotional Distress; (4) Negligence; (5) Assault; (6) Battery; (7) False Imprisonment; (8) Fraud/Deceit. Each and every one of Plaintiff's

---

[1] Plaintiff has sought to further modify the TAC to make what were described as "factual and typographical errors" as of Friday October 2, 2020, and provided TopGolf another version of the Third Amended Complaint. However, the substantive claims in that version remain intact, including the First Claim for Relief for Sexual Harassment in violation of Title VII.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
WELLS FARGO TOWER
SUITE 1500, 3800 HOWARD HUGHES PARKWAY
LAS VEGAS, NV 89169
TELEPHONE: 702.350.6600

tort claims against TopGolf is based on Plaintiff's alleged interactions between Plaintiff and Hinojosa while the two employees were on duty at work, and which Plaintiff specifically alleges arose out of and in the course of employment.  These claims arise out of the same, common nucleus of operative facts. (*See generally*, **Exhibit 1**.)  The TAC is the first iteration of Plaintiff's complaint that alleges a federal cause of action under Title VII.  Therefore, this Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

And, there is no reason why this Court should not exercise supplemental jurisdiction over Plaintiff's state law claims.  Plaintiff's state law claims neither raise novel or complex issues of state law nor predominate over the claims over which this Court has original jurisdiction, and there are no exceptional circumstances or other compelling reasons for this Court to decline supplemental jurisdiction.  See 28 U.S.C. § 1367(c).  Removal is, therefore, proper.

## III. <u>THIS REMOVAL IS TIMELY</u>

The Court executed the Order granting Plaintiff's Motion to Amend the Complaint on September 7, 2020.  As this Notice is being filed on October 7, 2020, which is 30 calendar days after the Court granted Plaintiff's Motion to Amend, the removal is timely pursuant to 28 U.S.C. § 1446(b).

Although Plaintiff filed a Motion to Amend the Complaint to add federal claim on June 22, 2020, removal was inappropriate before the motion was granted. *See, e.g.*, *Glass v. City of Chattahoochee*, 2016 U.S. Dist. LEXIS 76179, 2016 WL 3128370, *4-6 (N.D. Fla. 2016) ("[I]f a case as initially filed is not removable because it asserts only state law claims, the majority of courts have required a motion to amend the pleading [to add federal claims] be granted prior to removal.").  The Ninth Circuit has not ruled on the issue of whether a case can be removed from the state court on the basis of a pending motion to amend a complaint to include federal causes of action.  However, "the courts that have considered the issue have found that removal on the basis of federal claims asserted in a motion to amend the complaint, prior to the court's ruling on the motion, is premature." *Torres v. Chevron U.S.A., Inc.*, 2004 U.S. Dist. LEXIS 21332, 2004 WL 2348274, *2 (N.D. Cal. 2004); *see, e.g., Jones v. G2 Secure Staff, LLC*, 2017 U.S. Dist. LEXIS

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
Wells Fargo Tower
Suite 1500, 3800 Howard Hughes Parkway
Las Vegas, NV 89169
Telephone: 702.369.6800

37377, 2017 WL 877293, at *2 (C.D. Cal. Jun. 3, 2017) (holding that delivery by email of proposed amended complaint adding federal claim to action in which no federal claims had been asserted did not trigger thirty-deadline for removal because until the amended complaint became operative there was no removal jurisdiction); *Hess v. Bonneville Billing and Collections*, 2015 U.S. Dist. LEXIS 73236, 2015 WL 3569230, at *2 (W.D. Wash. Jun. 5, 2015) (holding that the thirty-day deadline under 28 U.S.C. § 1446(b)(3) was not triggered when the plaintiff provided the defendant a proposed amended complaint adding a federal claim and stating that the defendant "could not have, and certainly was not required to, seek removal unless and until the amended complaint was operative"); *Brewer v. Hatton*, 2017 U.S. Dist. LEXIS 136236, 2017 WL 3635824, at *1 (N.D. Cal. Aug. 24, 2017) ("a proposed amended complaint that on its face would provide a basis for subject matter jurisdiction does not become removable until it becomes the operative complaint in the case."); *McDonough v. UGL UNICCO*, 766 F.Supp. 2d 544 (E.D. Pa. 2011), the court held that a case is not removable based upon a proposed amended complaint for which the state court requires leave to file until the state court grants a motion to amend and the complaint becomes effective; 766 F.Supp. 2d at 546-47; *Freeman v. Blue Ridge Paper Prods., Inc.*, 551 F.3d 405, 410 (6th Cir. 2008) (finding removal allowed upon "actual and effective amendment of the complaint"); *Sullivan v. Conway*, 157 F.3d 1092, 1094 (7th Cir. 1998) (time for seeking removal ran from when state judge granted the motion for leave to amend complaint); *Fesko v. Equiant Fin. Servs.*, 2019 U.S. Dist. LEXIS 66176, at *2 (D. Ariz. Apr. 18, 2019); *Zhao v. RelayRides, Inc.*, 2017 U.S. Dist. LEXIS 204415, at *35 (N.D. Cal. Dec. 12, 2017).

The State Court has granted Plaintiff's Motion to Amend the Complaint and ordered Plaintiff to file the TAC. The removal is timely.

## IV.     TOPGOLF HAS MET ALL OTHER REQUIREMENTS FOR REMOVAL

TopGolf has met all other requirements for removal as follows:

A.     This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.

B.     This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

C.     Removal is proper pursuant to 28 U.S.C. § 1441.

D.     TopGolf attached to this Notice as **Exhibit 1** through **Exhibit 12**, copies of "all

- 6 -

process, pleadings and orders" served upon it pursuant to 28 U.S.C. § 1446(a).

E.     TopGolf has also concurrently filed a copy of this Notice in the Eighth Judicial District Court for the State of Nevada.

F.     TopGolf has served a copy of this Notice upon all parties.

G.     Co-Defendant Hinojosa consents to removal of Plaintiff's action.  **Exhibit 13.**

H.     This Notice is executed pursuant to Federal Rule of Civil Procedure 11.

DATED this 7th day of October, 2020.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.


_/s/ Erica J. Chee_
Suzanne L. Martin
Nevada Bar No. 8833
Erica J. Chee
Nevada Bar No. 12238
3800 Howard Hughes Parkway
Suite 1500
Las Vegas, NV  89169
*Attorneys for Defendant TopGolf USA Las Vegas, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically transmitted the foregoing **NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1331, 1367 AND 1441** to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrant:

James J. Lee

Pursuant to FRCP 5(b), I hereby further certify that service of the foregoing was also made this day by depositing a true and correct copy of same for mailing, first-class mail, postage prepaid thereon, at Las Vegas, Nevada, addressed to the following:

James J. Lee, Esq.
Legal Offices of James J. Lee
2620 Regatta Drive #102
Las Vegas, NV  89128
*Attorneys for Plaintiff*

Silvino Hinojosa, ID #01722886
Clark County Detention Center
330 S. Casino Center Boulevard
Las Vegas, NV  89101-6102
*Defendant in pro se*

DATED this 7th day of October, 2020.

/s/ Monica Gonzalez
An Employee of OGLETREE, DEAKINS,
NASH, SMOAK & STEWART, P.C.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
WELLS FARGO TOWER
SUITE 1500, 3800 HOWARD HUGHES PARKWAY
LAS VEGAS, NV 89169
TELEPHONE: 702.369.6800