# Exhibit 1 –
# Plaintiff's Third Amended Complaint (previously attached to Plaintiff's Motion to Amend)

**ACOMP**
James J. Lee, Esq.
NV Bar No. 1909
LEGAL OFFICES OF JAMES J. LEE
2620 Regatta Drive #102
Las Vegas, NV 89128
james@leelitigate.com
702-664-6545 | 702-946-1115 (Fax)
*Attorney for Plaintiff Ciara Williams*

**EIGHTH JUDICIAL DISTRICT COURT**

**CLARK COUNTY, NEVADA**

| | |
|---|---|
| CIARA WILLIAMS,<br><br>　　　　Plaintiff,<br><br>SILVINO HINOJOSA, TOPGOLF USA LAS VEGAS, LLC, TOPGOLF INTERNATIONAL, INC. d/b/a TOPGOLF ENTERTAINMENT GROUP, DOES I through X, inclusive, and ROES I through X, inclusive,<br><br>　　　　Defendants. | CASE NO: A-18-784031-C<br><br>**THIRD AMENDED COMPLAINT**<br>**(Proposed)**<br><br>1. Sexual Harassment<br>2. Intentional Infliction of Emotional Distress<br>3. Negligent Infliction of Emotional Distress<br>4. Negligence<br>5. Assault<br>6. Battery<br>7. False Imprisonment<br>8. Fraud/Deceit |

　　COMES NOW, Plaintiff Ciara Williams, by and through her counsel, James J. Lee, Esq., of Legal Offices of James J. Lee, and as and for her Complaint against Defendants alleges:

…

…

THIRD AMENDED COMPLAINT - 1

# I.

## PARTIES AND JURISDICTION

1. Plaintiff, Ciara Williams ("Plaintiff") is a resident of Clark County, Nevada and at all relevant times was an employee of Defendant TopGolf USA Las Vegas LLC ("TopGolf").

2. Defendant, Silvino Hinojosa ("Hinojosa") is a resident of Clark County, Nevada, and at all relevant times was a managing agent of TopGolf and in doing the things herein alleged was acting in the course and scope of his employment and/or his conduct was ratified and/or adopted by Defendant TopGolf when it retained and promoted him after TopGolf learned that he committed the wrongful acts alleged herein.

3. Defendant TopGolf USA Las Vegas, LLC ("TopGolf LV") is a Delaware limited liability company, with its place of business in Clark County, Nevada at 4627 Koval Ln. Las Vegas, NV, 89109.

4. Defendant Topgolf International, Inc. D/B/A Topgolf Entertainment Group, ("TopGolf Entertainment Group") is a Delaware Corporation, with its principal place of business in Dallas, Texas, at 8750 N Central Expy Ste 1200 Dallas, TX, 75231-6430.

5. Upon information and belief, Defendant TopGolf Entertainment Group is the parent company of its wholly owned subsidiary TopGolf LV (collectively "TopGolf Defendants").

6. At all relevant times, Defendant TopGolf Entertainment Group owned, operated, and directly controlled Defendant TopGolf LV.

7. Defendant TopGolf Entertainment Group controls, supervises, and authorizes the activities and operations of its wholly owned subsidiary TopGolf LV, in the State of Nevada.

THIRD AMENDED COMPLAINT - 2

8. At all relevant times, Defendant TopGolf Entertainment, by its agents, servants, and/or employees, including but not limited to, its regional Human Resources Managers, governed, managed, authorized, and approved the acts and business of Defendant TopGolf LV and its agents, servants, and/or employees.

9. At all relevant times, Defendant TopGolf Entertainment Group had a duty and acted with authority in its decision-making with regards to its subsidiary TopGolf LV, including its policies, procedures, and compliance with Nevada state laws that regulated its conduct of business in the city of Las Vegas, state of Nevada.

10. Defendant TopGolf Entertainment Group promulgated, drafted, and approved its subsidiary TopGolf LV's human resource policies and procedures.

11. Defendant TopGolf Entertainment Group monitored the compliance and efficacy of its human resources policies and procedures, and approved TopGolf LV's decision-making regarding investigations, discipline, and termination of employees for violations of policy.

12. Defendant TopGolf Entertainment Group, through its managing agents, destroyed, concealed and/or engaged in spoliation of Plaintiff's handwritten description of the rape described herein as well as its Regional Human Resources Manager's handwritten notes regarding her initial HR interview.

13. The identities of the Defendants, Does I through X, are unknown at this time and may be individuals, partnerships or corporations. Plaintiff alleges that each of the Defendants designated herein as a Doe defendant are individuals whose true names and capacities are unknown to the Plaintiff and are, therefore, sued by their fictitious names.

14. That the names and capacities, whether individual, corporate, associates, co-partnership, or otherwise of Defendants named herein as Roe Corporations I through X,

THIRD AMENDED COMPLAINT - 3

inclusive, are unknown to Plaintiff who therefore sue said Defendants by such fictitious names. Plaintiff will ask leave to amend this Complaint to substitute the true names of said Defendants when their true identities become known.

15. Plaintiff is informed and believes and thereupon alleges that the Defendants so designated herein as Roe Corporations I through X, inclusive are responsible in some manner for their agency, master/servant or joint venture relationship with said Defendants, or otherwise contributed to, as a proximate cause, the events complained of herein.

16. Plaintiff is informed and believes and thereon alleges that Defendants Hinojosa, TopGolf LV, and TopGolf Entertainment Group aided and abetted, encouraged, and rendered substantial assistance to each other in breaching their obligations to and harming Plaintiff, as alleged herein. Defendants, and each of them, acted with an awareness of his/their primary wrongdoing, and realized that their conduct would substantially assist the accomplishment of the wrongful conduct, wrongful goals, and wrongdoing.

## II.

## FACTS

17. In April 2016, Plaintiff, Ciara Williams, 38, commenced work as a fulltime line cook at TopGolf LV.

18. Defendant Silvino Hinojosa is a serial sexual predator. Hinojosa was Plaintiff's supervisor in the TopGolf LV kitchen.

19. Commencing in December of 2016, Hinojosa subjected Plaintiff to virtually daily sexual harassment, including, but not limited to, vulgar and offensive sexual comments and advances; non-consensual touching and groping; thrusting his erect penis against her hips and buttocks while laughing; touching of her buttocks and breasts; and offensive text messaging

THIRD AMENDED COMPLAINT - 4

and phone calls. TopGolf LV kitchen managers witnessed this highly offensive and unwelcomed conduct and, in violation of TopGolf Defendants' own policies and procedures, did nothing to stop it.

20. When Hinojosa made offensive comments and groped Plaintiff, he would sometimes yell out phrases in Spanish which would cause the other Hispanics in the kitchen to laugh.

21. Plaintiff would wear sweaters in the kitchen despite the heat, so that Hinojosa would not be able to touch her bare skin when he groped her. When she did he would say things like, "why don't you show some more skin."

22. Hinojosa sent incessant text messages to Plaintiff, asking her to meet up for sex.

23. Hinojosa would follow Plaintiff around the kitchen and into the parking lot. On one occasion he showed up at her house rang the doorbell. Terrified, she did not answer.

24. When Plaintiff was hired, she was told that complaints of any kind should be reported to her supervisor or to the next manager in line. While Hinojosa was her immediate supervisor, Chris Vaughn ("Vaughn") was the next manager in line. When Plaintiff complained to Vaughn about Hinojosa's conduct, much of which Vaughn had already witnessed first-hand, he responded by saying that sexual harassment was the norm in a restaurant environment and told her that she should "get used to it." Plaintiff also went to manager James Linares ("Linares") to report Hinojosa. Linares similarly dismissed Ms. William's complaint.

25. At all relevant times, TopGolf Defendants were fully aware of Hinojosa's unlawful conduct through its managing agents whom Plaintiff reported the abuse to and or who witnessed same. or who, who sexually harassed at least three other women working in the TopGolf kitchen during Ms. William's tenure.

THIRD AMENDED COMPLAINT - 5

26.  One such woman who similarly endured sexual harassment by Hinojosa was named Elba Servin. On information and belief, Elba Servin made a formal complaint to HR about Hinojosa. In accordance with TopGolf Defendants' pattern and practice, any and all evidence of her complaint was destroyed.

27.  Other women Hinojosa sexually harassed were Natali Pueblas, Jenny Marisol Pueblas, and Jenny Vasquez.

28.  As time passed and nothing was done to protect her from Hinojosa, Plaintiff, who is a survivor of childhood sexual abuse, became increasingly fearful, depressed, anxious, and withdrawn.

29.  In or about June of 2017,[1] Plaintiff was doing prep work and went alone into the walk-in freezer. Hinojosa followed her in. The walk-in had no windows and thick insulated metal walls that completely blocked any sound.

30.  Once inside, Hinojosa cornered Plaintiff into the back of the freezer and said, "I want to talk to you." He put his arms around her and said, "I know you want it."

31.  She began crying and trying to fight him off, begging him to stop. She screamed for help. He cupped his hand over her mouth and said, "I'm going to have you one way or another."

32.  Hinojosa pinned her arms behind her, pushed her towards the wall and groped everything from her breasts to her buttocks.

33.  He began laughing as he forced his hand into her pants and digitally penetrated her vagina, while saying, "I told you I was going to have you." She tried breaking free of his

---

[1] Plaintiff does not recall the exact date of the assault, and since Joyce Boisell destroyed her written notes which were made on the date of assault, and Plaintiff's written statement was destroyed, the exact date of the assault and her report remains unknown.

THIRD AMENDED COMPLAINT - 6

grip by kicking at him and struggling to get her hands free. The more she fought him, the more aggressive he became in penetrating her and injured her vagina. This lasted for at least a minute.

34. When he slightly loosened his grip, she got free, pushed him away, and made her way out of the freezer in hysterics. As she stumbled to the exit, Hinojosa laughed and exclaimed, "I'm not going to wash my hand for the rest of the day!"

35. Plaintiff ran out past the kitchen manager's office. She wept uncontrollably for five minutes in the locker room. She gathered her things intending to leave and never return and ran into the parking lot to go home.

36. Plaintiff's coworker Brian Gomez, who had tried to protect her from Hinojosa, saw her running out of the freezer in tears and followed her out to the parking lot. Plaintiff told him what had happened, and he immediately escorted her to the HR office to report the assault.

37. Gomez also found Vaughn, insisting that he join them in the HR office. With Vaughn and Gomez present, Plaintiff gave a detailed statement about what had happened in the walk-in freezer. Plaintiff described how Hinojosa had assaulted and penetrated and her. She said she wanted to quit. She said she wanted to go to the police.

38. The HR Regional Manager, Joyce Boisell, and employee of TopGolf Entertainment Group, TopGolf LV's parent company, told Plaintiff not to quit and instead suggested she take some time off. Vaughn also told her not to go to the police because the incident "wasn't serious enough to involve law enforcement" even though Hinojosa's forced sexual penetration was a felony punishable by life imprisonment. Boisell promised Plaintiff that HR would investigate and "handle everything." Plaintiff agreed to take some time off and took a leave from work for approximately one week.

THIRD AMENDED COMPLAINT - 7

39. As noted above, Plaintiff is an adult survivor of child sexual abuse. Her childhood abuser would come into her room at night and cover her mouth, so she couldn't scream, just as Hinojosa had done. For this reason, Hinojosa's sexual assault in the walk-in was particularly devastating, inducing crippling feelings of shame, fear, powerlessness, and self-loathing. Plaintiff became extremely anxious, depressed, and withdrawn and suffered from insomnia, nightmares, flashbacks, and intrusive memories.

40. As is the case with many survivors of childhood sexual abuse, Plaintiff never told anyone while it was happening as a child. Likewise, Plaintiff told very few about Hinojosa's assault.

41. Upon her return to work, Vaughn took Plaintiff aside to tell her "everything had been taken care of" suggesting that Hinojosa had at least been terminated. She did not encounter Hinojosa or hear word of him for nearly six months. His name was also deleted from the daily roster.

42. Then in or about October 2017, Manager Chris Vaughn took her aside in the kitchen and said, "Hinojosa is now sous chef. Chances are he may work your shift." Upon hearing this, "something inside of [her] broke."

43. Beginning in November 2017 Hinojosa was placed on the same shift as Plaintiff. Hinojosa again was in charge of the entire kitchen, and there was no one above him who Plaintiff could report to.

44. Plaintiff became suicidal. She started missing work frequently because she felt unable to face Hinojosa. She was written up for attendance issues and Hinojosa almost always had a hand in writing these citations, though he would have other employees sign the paperwork for him to avoid any evidence of his involvement.

THIRD AMENDED COMPLAINT - 8

45. Most devastatingly, Hinojosa continued to harass Plaintiff with offensive comments and physical groping, only now he did so less publicly.

46. Hinojosa's promotion and assignment to her shift was intolerable and forced Plaintiff resignation, however she had to wait until she could find alternative employment. In April 2018, Plaintiff found other employment and submitted her letter of resignation. Notably, she did not mention harassment or assault, out of shame and in fear of further retaliation. She knew that TopGolf Defendants condoned Hinojosa's conduct as evidenced by the fact that Hinojosa was promoted rather than terminated and reported to the police. She also knew that she would need a positive recommendation from TopGolf LV.

47. When Plaintiff commenced her new job, she was suffering such severe depression and anxiety that she could not perform the essential functions of her employment. She was forced to resign.

48. TopGolf Defendants cultivated, permitted condoned, ratified, and/or covered up the known or suspected wrongful conduct of Hinojosa and conspired with each other to harbor Hinojosa from criminal prosecution thereby enabling Hinojosa to continue harassing and assaulting Plaintiff and other female employees.

49. In April of 2018, Natali Pueblas, Jenny Marisol, and Jenny Vasquez filed incident reports against Silvino Hinojosa for sexual harassment.

50. On May 2, 2018, Hinojosa was finally terminated.

51. On or about October 3, 2019, Hinojosa was arrested and charged with felony sexual assault of a 5-year-old child. He remains incarcerated pending trial on those charges.

THIRD AMENDED COMPLAINT - 9

52. On October 17, 2019 Hinojosa was charged with kidnapping (first degree), and sexual assault for what he did to Plaintiff. He remains incarcerated pending trial on those charges.

53. Topgolf Defendants engaged in a tacit, sometimes overt conspiracy, to harbor, protect and aid and abet Hinojosa by destroying evidence and failing to immediately report him to local law enforcement for criminal prosecution and investigation, and failing to warn or restrict his access to Plaintiff and other female employees. Had it not done so it is very likely that he would not have been able to continue to harass and assault Plaintiff and other female employees, and would have been prevented from sexually assaulting a 5-year-old child.

## FIRST CAUSE OF ACTION

## SEXUAL HARASSMENT (TITLE VII)

54. Plaintiff incorporates by reference each allegation contained in Paragraphs 1 through 53 as if fully set forth herein.

55. At all relevant times Defendant Hinojosa supervised Plaintiff's daily job performance during her employment with TopGolf LV.

56. Because Hinojosa acted as a managing agent of TopGolf LV, TopGolf LV is liable for Hinojosa's actions as its agent and representative. TopGolf Defendants are liable through ratification of his conduct.

57. As outlined throughout this complaint, Hinojosa repeatedly engaged in sexual harassment of Plaintiff during the course of her employment with TopGolf LV. Said harassment was of a sexual and hostile nature based on Plaintiff's gender. Defendant Hinojosa's sexual advances and assaults were unwelcome, pervasive, and severe, which created a hostile work environment.

THIRD AMENDED COMPLAINT - 10

58. Plaintiff was unable to terminate her relationship with Defendant TopGolf LV because her employment provided her livelihood, and her employment required her to work with Hinojosa. TopGolf Defendants did nothing to stop Hinojosa from harassing Plaintiff while she worked with him.

59. As a direct and proximate result of Defendants' actions Plaintiff has suffered and suffers severe emotional distress, humiliation, anxiety, depression, fear, and post-traumatic stress disorder all to her damage in an amount to be proven at trial.

60. Defendants' actions were malicious, and oppressive, and done in conscious disregard for Plaintiff and Plaintiff is thereby entitled to punitive damages from Defendants and each of them.

## SECOND CAUSE OF ACTION

### (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

61. Plaintiff incorporates by reference each allegation contained in Paragraphs 1 through 60 as if fully set forth herein.

62. As described herein, the conduct of Defendants described above was extreme and outrageous and done intentionally to cause Plaintiff severe emotional distress, or with the recognition that said conduct was likely to harm Plaintiff and cause her extreme emotional distress.

63. As a direct and proximate result of Defendants' actions Plaintiff has suffered and suffer severe emotional distress, humiliation, anxiety, depression, fear, and post-traumatic stress disorder all to her damage in an amount to be proven at trial.

THIRD AMENDED COMPLAINT - 11

64. Defendants' actions were malicious, oppressive, and done in conscious disregard for Plaintiff and Plaintiff is thereby entitled to punitive damages from Defendants and each of them.

### THIRD CAUSE OF ACTION

### (NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS)

65. Plaintiff incorporates by reference each allegation contained in Paragraphs 1 through 64 as if fully set forth herein.

66. Defendant, and each of them, knew or should have known that failure to exercise due care in their acts and omissions, above described, would cause Plaintiff severe emotional distress.

67. As a direct and proximate result of the acts Defendants' acts and omissions caused Plaintiff to suffer severe emotional distress, humiliation, anxiety, depression, fear, and post-traumatic stress disorder all to her damage in an amount to be proven at trial.

### FOURTH CAUSE OF ACTION

### (NEGLIGENCE AGAINST TOPGOLF ENTERTAINMENT GROUP)

68. Plaintiff incorporates by reference each allegation contained in Paragraphs 1 through 67 as if fully set forth herein.

69. At all relevant times TopGolf Entertainment Group was aware that Hinojosa was a sexual predator who engaged in sexual harassment and assault against Plaintiff and other employees.

70. At all relevant times TopGolf Entertainment Group knew or should have known that Hinojosa's conduct was in violation of applicable law.

THIRD AMENDED COMPLAINT - 12

71. TopGolf Entertainment Group had a duty of reasonable care to ensure that TopGolf LV retained only competent, qualified, and safe employees.

72. TopGolf Entertainment Group knew that Hinojosa was unfit to work within the workplace and posed a risk to Plaintiff and other female coworkers. TopGolf Entertainment Group breached its duty to Plaintiff by retaining Hinojosa as an employee.

73. TopGolf Entertainment Group, through its agents, lost and/or destroyed evidence pertaining to Plaintiff's report of criminal sexual assault.

74. As a direct and proximate result of TopGolf Entertainment Group's negligent supervision and retention of Hinojosa Plaintiff suffered substantial bodily harm and extreme emotional distress, humiliation, anxiety, depression, fear, and post-traumatic stress disorder all to her damage in an amount to be proven at trial.

## **FIFTH CAUSE OF ACTION**

### (ASSAULT)

75. Plaintiff incorporates by reference each allegation contained in Paragraphs 1 through 74 as if fully set forth herein.

76. On numerous occasions Hinojosa threatened to touch and touched various parts of Plaintiff's body without her permission or consent.

77. In doing such acts Defendant Hinojosa intended to place Plaintiff in apprehension of a harmful or offensive contact with Plaintiff's body.

78. As a result of Hinojosa's acts Plaintiff was in fact placed in apprehension of an offensive contact by Hinojosa.

79. As a further direct and proximate result Plaintiff suffered substantial bodily harm and extreme emotional distress humiliation, anxiety, depression, fear, and post-

THIRD AMENDED COMPLAINT - 13

traumatic stress disorder all to her damage in an amount to be proven at trial all to her damage in an amount to be proven at trial.

80. Defendants' actions were malicious, and oppressive, and done in conscious disregard for Plaintiff and Plaintiff is thereby entitled to punitive damages from Defendants and each of them.

### SIXTH CAUSE OF ACTION

### (BATTERY)

81. Plaintiff incorporates by reference each allegation contained in Paragraphs 1 through 80 as if fully set forth herein.

82. Hinojosa made contact with Plaintiff's body. Hinojosa touched, grabbed, groped, fondled, and restrained Plaintiff in a rude, violent, vulgar, harmful and oppressive manner.

83. At all times Plaintiff found the contacts Hinojosa made with her body to be harmful and offensive. At no time did Plaintiff consent to any such contacts.

84. As a direct and proximate result of Hinojosa's battery Plaintiff suffered substantial bodily harm and emotional distress humiliation, anxiety, depression, fear, and post-traumatic stress disorder all to her damage in an amount to be proven at trial all to her damage in an amount to be proven at trial.

85. Defendants' actions were malicious, oppressive, and done in conscious disregard for Plaintiff and Plaintiff is thereby entitled to punitive damages from Defendants and each of them.

…

…

THIRD AMENDED COMPLAINT - 14

## SEVENTH CAUSE OF ACTION

## (FALSE IMPRISONMENT)

86. Plaintiff incorporates by reference each allegation contained in Paragraphs 1 through 85 as if fully set forth herein.

87. As described above Hinojosa's acts caused Plaintiff's freedom of movement to be restrained in that they prevented Plaintiff from leaving a confined area set up by Hinojosa.

88. By reason of such false imprisonment Plaintiff was hindered and prevented from exercising freedom of movement.

89. As a direct and proximate result of such false imprisonment Plaintiff suffered substantial bodily harm and extreme emotional distress all to her damage in an amount to be proven at trial.

90. By reason of the forceful, and malicious false imprisonment of Plaintiff, Plaintiff is entitled to punitive damages from Defendants and each of them in an amount to be proven at trial.

## EIGHTH CAUSE OF ACTION

## (FRAUD/DECEIT)

91. Plaintiff incorporates by reference each allegation contained in paragraphs 1 though 90 as if fully set forth herein.

92. TopGolf Defendants represented to Plaintiff that she should not quit her employment after she reported Hinojosa's rape, that they would terminate Hinojosa and report him to the police and that she would never have to see him again.

93. These representations were false and untrue.

THIRD AMENDED COMPLAINT - 15

94. TopGolf Defendants intended that Plaintiff would rely on said representations and Plaintiff did so rely in staying on as an employee at TopGolf LV.

95. TopGolf Defendants' intentional misrepresentations to Plaintiff, and Plaintiff's reliance on them, were substantial factors in causing damage and injury to Plaintiff as alleged herein.

96. TopGolf Defendants' intentional misrepresentations were malicious, oppressive, and made in conscious disregard for Plaintiff, and Plaintiff is therefore entitled to punitive damages form Defendants and each of them.

**WHEREFORE,** Plaintiff respectfully requests that this Court enter judgment:

1. Directing Defendants to pay compensatory damages to Plaintiff for:

    (a) Mental and emotional distress in a sum in excess of $10,000;

    (b) General and special damages in a sum in excess of $10,000;

    (c) Punitive damages in a sum in excess of $10,000;

    (d) Attorney's fees according to law;

    (e) Costs of suit incurred herein;

    (e) Such other and further relief as this court deems just and proper.

DEMAND FOR A TRIAL BY JURY.

Dated this ___ day of _____, 2020.

/s/ James J. Lee
James J. Lee
NV Bar No. 1909
2620 Regatta Dr., Suite #102
Las Vegas, NV 89128
*Attorney for Plaintiff Ciara Williams*

THIRD AMENDED COMPLAINT - 16