JAMES J. LEE
Nevada Bar No. 1909
Email: james@leelitigate.com
Legal Offices of James J. Lee
2620 Regatta Dr., Suite 102
Las Vegas, Nevada 89128
***
900 W. Broadway St. Suite 920
San Diego, CA 92110
Cell: 702-521-4377
Ofc: 702-664-6545
Fax: 702-946-1115

*Attorney for Plaintiff Ciara Williams*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEVADA**

CIARA WILLIAMS, an individual,

Plaintiff,

vs.

SILVINO HINOJOSA, TOPGOLF USA LAS VEGAS, LLC, TOPGOLF INTERNATIONAL, INC. d/b/a TOPGOLF ENTERTAINMENT GROUP, DOES I through X, inclusive, and ROES I through X, inclusive,

Defendants.

Case No. 2:19-cv-00477-CJC-FFM

**PLAINTIFF'S MOTION TO REMAND AND FOR ATTORNEY'S FEES AND COSTS**

COMES NOW, Plaintiff Ciara Williams ("Plaintiff"), pursuant to 28 U.S.C. §1447(c), and for the reasons set forth in the accompanying Memorandum of Points and Authorities and supporting papers, moves this Court to immediately remand this action to the Eighth Judicial District Court of the State of Nevada, and for just attorney's fees and costs incurred, on grounds that Defendant TopGolf USA Las Vegas, LLC ("TopGolf")'s removal was untimely.

Dated: November 6th, 2020

Respectfully submitted,

By: *James J. Lee*

James J. Lee
NV Bar No. 1909
2620 Regatta Dr., Suite #102
Las Vegas, NV 89128
*Attorney for Plaintiff Ciara Williams*

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. Introduction

TopGolf's removal of this action is untimely. On June 18, 2020, in Plaintiff's Motion to Amend her operative complaint (Plaintiff's Second Amended Complaint, "SAC") filed in Nevada state court, TopGolf received unequivocal notice that Plaintiff's pre-existing cause of action for sexual harassment was mislabeled as arising under Nevada law (NRS 613.330), when in fact it was grounded in Title VII of the Civil Rights Act of 1964 ("Title VII"), and therefore notice of removability. Though the thrust of the June 18, 2020 motion was to add a Doe Defendant, TopGolf International Inc., LLC. the motion also informed Defendant and the Court of the aforementioned mislabeling. Notably, it did not request the right to add a sexual harassment claim, nor to add any new allegations, (additions which the Court may or may not have allowed) because the sexual harassment claim already existed. Thus, TopGolf's reliance on the rule that the window to remove starts to run when a court grants a motion to amend is misplaced because the reason for the rule is the court could deny leave to add a *new* federal claim. That is not the case here.

Even if the Court had denied Plaintiff's recent Motion to Amend, the granting of which TopGolf used to calculate the timing of this removal, TopGolf would still be charged with the knowledge of removability rising out of Plaintiff's operative complaint, the Second Amended Complaint as soon as her June 18, 2020 Motion to Amend was filed. The removability of this action could be clearly ascertained from the language of the Motion to Amend itself, without regard to the "proposed Third Amended Complaint" attached to it. **As such, the latest 30-day**

**window ran out on July 18, 2020**. TopGolf did not file its Petition to Remove until October 7, 2020 (ECF No. 1). What is more, TopGolf knew or should have known that Plaintiff's eighth cause of action was mislabeled as early as June 20, 2019, when, in her Opposition and subsequent Sur-Reply to TopGolf's March 29, 2019 Motion to Dismiss her First Amended Complaint ("FAC"), and during oral argument on the dispositive motion, Plaintiff moved the court for the right to amend and add a cause of action for sexual harassment under Title VII, and that motion was granted. (*See*, June 20, 2019 Minute Order, attached hereto as **Exhibit 1**).

Though Plaintiff's subsequent Second Amended Complaint ("SAC") labeled her sexual harassment claim as arising out of NRS 613.330, Nevada state anti-discrimination law, Plaintiff had never filed a charge, let alone exhausted her administrative remedies with the Nevada Equal Rights Commission ("NERC") to proceed under Nevada law. This should have been clear in Plaintiff's Sur-Reply to TopGolf's Motion to Dismiss when Plaintiff attached her Right to Sue from the Equal Employment Opportunity Commission ("EEOC") and made no mention of NERC. TopGolf could have no doubt that Plaintiff was proceeding under Title VII after it subpoenaed NERC and on December 3, 2019 found that it had "no documents" relating to Plaintiff. Thus, TopGolf was on further unequivocal notice in December 2019 that Plaintiff's eighth cause of action in her Second Amended Complaint could only be construed as a Title VII claim and that any claim under Nevada's anti-discrimination statute was not viable.

## II. Relevant Factual and Procedural Background

**On May 11, 2018**, Plaintiff filed her complaint in state court articulating common law tort causes of action to preserve certain statutes of limitations. **On July 12, 2018**, Plaintiff filed her charge of sexual harassment with the EEOC, attached hereto as **Exhibit 2.** TopGolf received a copy of the charge in the normal course. **On January 7, 2019**, Plaintiff filed her First Amended Complaint ("FAC"). On **March 28, 2019,** TopGolf filed a Motion to Dismiss Plaintiff's Amended Complaint, attached hereto as **Exhibit 3**. In its Motion, TopGolf wrote:

> "Plaintiff failed to exhaust her administrative remedies, thus preventing her from pleading proper employment discrimination claims . . . as a matter of law, Plaintiff is

prevented from pursuing her time-barred employment discrimination claims now shrouded in the cloak of tort, compelling dismissal." (**Ex. 2**, p. 12-13, ll. 27-3).

On **March 27, 2019**, Plaintiff received her right to sue letter, attached hereto as **Exhibit 4.** On **April 19, 2019**, Plaintiff filed her opposition to TopGolf's Motion to Dismiss, attached hereto as **Exhibit 5**. In the opposition Plaintiff wrote:

> ". . .Plaintiff respectfully requests an opportunity to amend. For example, if the Court concludes that Plaintiff must assert a cause of action under **Title VII** to maintain her right to proceed, Plaintiff should be allowed to do so. As TopGolf undoubtedly knows by now, Plaintiff timely filed a charge with the EEOC and recently received a right to sue allowing her to proceed under anti-discrimination law." (emphasis added). (**Ex. 5,** p. 11, ll. 5-10)

On May 21, 2019, in its Reply attached hereto as **Exhibit 6**, TopGolf wrote:

> ". . .Plaintiff has effectively conceded that her current, fatally-flawed, tort-based lawsuit is actually a statutory employment lawsuit that should have been filed in federal court. there is no way for this Court or TopGolf to assess whether leave to amend to add the **Title VII** should be granted or not. While Plaintiff claims to have filed a charge of discrimination, her response is totally devoid of any information that would establish her charge of discrimination was timely, thus procedurally positioning her to proceed with the **Title VII** claims." (**Ex. 6**, p. 10, ll. 1-2) (emphasis added).

**Critically**, in a foot note to the above, TopGolf further wrote, "**If leave to amend the Title VII claim is appropriate and granted, Defendant will proceed to remove this case to federal court**." (*Id*. p. 9, l. 28) (emphasis added). Yet when leave was granted, TopGolf never did.

**On June 13, 2019**, Plaintiff filed a Motion to File Sur-Reply and Sur-Reply[1], attached hereto as **Exhibit 7**. In the Sur-Reply Plaintiff wrote, "contrary to TopGolf's assertion, Plaintiff timely filed the discrimination charge with the EEOC and received a right to sue. Therefore, Plaintiff has the right to file a Title VII action." (**Ex. 7**, p. 5, ll. 2-4). The Sur-Reply included a copy of Plaintiff's Right to Sue. On **June 20, 2019**, the state court entered its

[1] The Court granted the Motion to filed Sur-Reply during oral argument on June 20, 2020 and considered the Sur-Reply when deciding on TopGolf's Motion to Dismiss and Plaintiff's Motion to Amend her FAC. (**Ex. 1**).

Minute Order granting Plaintiff's motion to amend to add a cause of action for sexual harassment under Title VII. (**Ex. 1**).

On **June 28, 2019** Plaintiff filed her Second Amended Complaint ("SAC"), attached hereto as **Exhibit 8,** asserting ten causes of action, including her eighth cause of action *labeled* as "Sexual Harassment NRS 613.330" (**Ex. 8**, p. 14). **On July 12, 2019**, TopGolf filed its answer to Plaintiff's SAC. (ECF No. 1, Ex. 7)

**On November 8, 2019**, TopGolf served a subpoena on NERC and on **December 3, 2019**, in response to the subpoena received a Certificate of Custodian of Records for the NERC, attached hereto as **Exhibit 9**, that stated no records existed relating to Plaintiff as a charging or party or TopGolf as a respondent.

**On June 18, 2020**, Plaintiff filed a Motion to Amend her SAC and attached thereto a "proposed Third Amended Complaint," attached hereto as **Exhibit 10.** That Motion stated that the proposed amendment "identifies a previously unnamed Roe Corporation Defendant" and "corrects a mislabeling of Plaintiff's sexual harassment claim to indicate that it is a Title VII claim . . ." (**Ex. 10**, p. 5, ll. 11-13). The motion went on to elaborate:

> "**C. TopGolf Defendants had Adequate Notice that Plaintiff's Claims Arise out of Title VII**
>
> Plaintiff has **relabeled** her sexual harassment cause of action as a Title VII claim. Plaintiff timely filed a charge of discrimination against TopGolf Defendants on July 12, 2018, and Plaintiff received a right to sue on March 27, 2019. A copy of this Right to Sue letter was mailed to TopGolf LV on that date as a matter of course. Moreover, the Right to Sue letter was referenced in Plaintiff's Opposition to TopGolf's Motion to Dismiss her amended complaint, filed on April 19, 2020. Conversely, TopGolf Defendants knew that Plaintiff did not exhaust her administrative remedies in order to bring her claims under NRS 613.330, because she did not timely file a charge with the Nevada Equal Rights Commission. TopGolf knew this because it subpoenaed the Nevada Equal Rights Commission on November 18, 2019 and on December 3, 2019 received no records relating to Plaintiff." (*Id.* p. 7, ll 4-16)." (emphasis added).

TopGolf filed its Notice of Non-Opposition to Plaintiff's Motion to Amend on **July 2, 2020**. (ECF No. 1, Ex 9). On **September 7, 2020**, the state court entered an Order granting Plaintiff's Motion to Amend, attached hereto as **Exhibit 11**, and requiring Plaintiff to file her

Third Amended Complaint within 10 days of the Notice of Entry of the Order (September 18, 2020). On **September 4, 2020**, Plaintiff filed a Motion to Enlarge Time to File Her Third Amended Complaint ("Motion to Enlarge") due to the fact that the parties were in the midst of conducting depositions of key witnesses, attached hereto as **Exhibit 12**. TopGolf filed its Opposition to this Motion on **September 17, 2020**. (Attached hereto as **Exhibit 13**).

The state court had not yet heard or ruled on Plaintiff's Motion to Enlarge, nor had Plaintiff actually filed her Third Amended Complaint, when on **October 7, 2020**, TopGolf filed its Petition for Removal from Eighth Judicial District Court (ECF. No. 1). On **October 15, 2020**, TopGolf filed its Answer to Plaintiff's unfiled proposed Third Amended Complaint. (ECF. No. 7). On **October 22, 2020**, pursuant to this Court's October 8, 2020 Minute Order, TopGolf filed its Statement Regarding Removal. (ECF. No. 10)

## III. Standard

"Removal statutes are strictly construed against removal." *Luther v. Countrywide Home Loans Servicing LP*, 533 F.3d 1031, 1032 (9th Cir. 2008). "Federal Jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 565 (9th Cir. 1992). "The strong presumption against removal means the Defendant always has the burden of establishing that removal is proper." *Id.* (internal quotations omitted).

28 U.S.C. §1446(b)(3) allows a Defendant to remove during one of two 30-day windows: (1) When a Defendant receives an initial pleading that makes removability apparent on its face, or (2) if the initial pleading is not removable on its face, when a defendant receives "a copy of an amended pleading, motion, order, or other paper from which it may be first ascertained that the case is one which has become removable." 28 U.S.C. §1446(b)(1)-(3). *Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1125 (9th Cir. 2013).

In the Ninth Circuit, courts must determine notice of removability—the triggering of the deadline under 28 U.S.C. §1446(b)(3)—"through an examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry."

*Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005).“The applicable pleadings” include the face of the initial pleading and the documents exchanged in the case by the parties. The statutory term, “other paper” has been broadly interpreted within the Ninth Circuit and includes “all documents generated within the state court case” such as motion, reply briefs, responses to interrogatories, deposition questions, discovery requests, and settlement letters. Rodriguez v. Boeing Co., No. CV 14-04265-RSWL (AGRx), 2014 U.S. Dist. LEXIS 106798, at *16 (C.D. Cal. Aug. 1, 2014) (internal citations omitted).

In *Reyes v. Dollar Tree Store, Inc.*, 781 F.3d 1185, 1189 (9th Cir. 2015), the Court held that the deadline is triggered upon receipt of documents or “occurrence of an event ‘that discloses that the case is or has become removable’” (quoting *Sullivan v. Conway*, 157 F.3d 1092, 1094 (7th Cir. 1998)); *Durham*, 445 F.3d at 1253 (holding “thirty-day clock starts ticking” once “defendant receives enough facts to remove **on any basis** under section 1441” and courts “**charge defendants** with notice of removability **[as soon as] they’ve received a paper that gives them enough information to remove**.” (emphasis added).

## IV. Argument

### 1. TopGolf had Enough Information to Remove When it Received the State Court’s June 20, 2019 Order Granting Plaintiff’s Motion to Amend to Add a Cause of Action for Sexual Harassment Under Title VII

The first window to remove this action to Federal court began to run on June 20, 2019, when the State Court granted Plaintiff’s Motion to Amend to add a cause of action under Title VII for sexual harassment. **(Ex. 1)**. *Sullivan v. Conway*, 157 F.3d 1092 (7th Cir. 1998) (Time for removal begins when state court grants motion to amend not when motion is filed because state court may not grant amendment). The time for removal ran out 30 days after the court entered its order allowing the amendment, or on July 20th, 2019. TopGolf did not remove during that period.

On June 28, 2019, Plaintiff filed her Second Amended Complaint which remains the only operative complaint in this action. Although the eighth cause of action in the Second

Amended Complaint for sexual harassment is labeled "Sexual Harassment NRS 616.660," the Nevada law citation is clearly erroneous because Plaintiff had no viable cause of action under Nevada's anti-discrimination laws. She had failed to exhaust her remedies.

TopGolf's legal basis for removal now, nearly a year and a half later, all rest on this notion that the clock starts ticking *as soon as a motion to amend to add a federal cause of action is granted*. TopGolf knew of this rule back in 2019: TopGolf stated in its own May 21, 2019 Reply in Support of its Motion to Dismiss her FAC that if the state court granted Plaintiff's Motion to Amend to add a claim for sexual harassment under Title VII, it would remove this action to Federal Court. (**Ex. 6**, p. 9, l. 28)

According to TopGolf's own interpretation of the Ninth Circuit's rule and TopGolf's reasoning as to why this removal is timely (despite the fact that Plaintiff's proposed Third Amended Complaint was not yet operative, *Brewer v. Hatton*, 2017 U.S. Dist. LEXIS 136236, 2017 WL 3635824, at *1 (N.D. Cal. Aug. 24, 2017) ["a proposed amended complaint that on its face would provide a basis for subject matter jurisdiction does not become removable until it becomes the *operative* complaint in the case." (emphasis added]), TopGolf must admit that removability was clear as soon as the state court granted Plaintiff's first Motion to Amend to add a cause of action for Title VII on June, 20, 2019, (**Ex. 1**). TopGolf cannot be permitted—consistent with the courts' disfavor for removal—to rely on an inconsistency in one document (Plaintiff's Second Amended Complaint and its mistaken citation to a non-viable legal basis for its statutory anti-employment discrimination claim) to conclude the case was not removable in 2019, when so many other pleadings, documents, and circumstances surrounding her operative complaint indicated that Plaintiff *could only* be proceeding under the federal statute.

The removal statue requires a defendant "to apply **a reasonable amount of intelligence** in ascertaining removability." *Kuxhausen v. BMW Financial Services NA LLC*, 707 F.3d at 1140 (9th Cir. 2013) at 1140 (quoting *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 206 (2d Cir. 2001)) (emphasis added). While the removing party owes no duty to engage in guesswork, a defendant may not "**ignore pleadings or other documents** from which removability **may be**

**ascertained** and seek **removal only when it becomes strategically advantageous** for it to do so." *Roth v. CHA Hollywood Medical Center, L.P.*, 720 F.3d 1121, 1125 (9th Cir. 2013) (emphasis added). **Inconsistent pleadings and other papers do not stop the triggering of the removal deadlines**. *Stone v. Travelers Property Cas. Ins. Co.*, 2015 WL 7430563, at *2 (E.D. Cal. Nov. 23, 2015). (emphasis added).

Here, the label of Plaintiff's eighth cause of action in her Second Amended Complaint was inconsistent with all of the surrounding documents and circumstances, and as indicated in its 2019 Reply, and now as reiterated in its Petition to Remove, and Statement Regarding Removability, TopGolf knew that. (**Ex. 6**, p. 9, l. 28; ECF No. 1, p. 3, ll. 7-11; and ECF No. 10, p. 3, ¶5).). TopGolf was thus required to ascertain[2] removability when the Court granted Plaintiff's first Motion to Amend. At most, the subsequent conflict between Plaintiff's original Motion to Amend to add a Title VII cause of action and the actual Second Amended Complaint's sexual harassment cause of action under Nevada law created an ambiguity as to removability. Courts must strictly construe the removal statutes and resolve "any doubt" against removability. *Hawaii ex rel. Louie v. HSBC Bank Nevada*, N.A., 761 F.3d 1027, 1034 (9th Cir. 2014) (quoting *Luther v. Countrywide Home Loans Servicing LP*, 533 F.3d 1031, 1034 (9th Cir. 2008)); *see also Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09, 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1941). Therefore, courts are to "resolve[] all ambiguity in favor of remand to state court." *Hunter v. Phillip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009).

### 2. Plaintiffs June 18, 2020 Motion to Amend Explicitly Disclosed that this Case Was and Is Removable Without Regard to the Proposed Amended Complaint

In her June 18, 2020 Motion to Amend, in contrast to the cases TopGolf cites, Plaintiff *did not propose adding a new cause of action* for sexual harassment under Title VII, *see*, i.e., *Torres v. Chevron U.S.A., Inc.*, 2004 U.S. Dist. LEXIS 21332, 2004 WL 2348274, *2 (N.D.

[2] Ascertain is a verb, connoting action, which means "to come upon after searching, study, or effort," and has synonyms including find, detect, determine, and discover. See Merriam-Webster Thesaurus, http://www.merriam-webster.com/thesaurus/ascertain (last visited on November 5, 2029). In the context of 28 U.S.C. § 1446(b)(3), a defendant must take an active role in reviewing and applying intelligence to all documents produced in the case.

Cal. 2004) (removal prior to court granting motion to amend complaint to assert *new* federal claims premature). Rather, as shown above, in her second June 18, 2020 Motion to Amend, Plaintiff simply pointed out that her Second Amended Complaint a mislabeling.

TopGolf's premise that the action did not become removable until the state court granted Plaintiff's most recent Motion to Amend is based on the idea that Plaintiff sought leave of the state court to file *a new cause of action* for sexual harassment that the court may or may not have granted. Therefore, TopGolf claims it was entitled to wait until this second Motion to Amend was granted to start the 30-day removal period. This ignores the fact that Plaintiffs June 18, 2020 Motion did not propose adding a new cause of action for sexual harassment. Indeed, the language for the sexual harassment claim in the Second Amended Complaint and proposed Third Amended Complaint is identical except for the label.

The notice in the Motion to Amend of the mislabeling was no different than if Plaintiff had filed an errata correcting the mistake or written a letter to Defendant's counsel pointing out what should have already been abundantly clear. Had Plaintiff done so, or had TopGolf, if it had any doubt as to removability, at any point in the last year and a half of litigation asked Plaintiff if she was proceeding under Title VII, there can be no doubt that TopGolf would have been on immediate notice of removability. Even if the state court denied Plaintiff's most recent Motion to Amend, this case would have still been removable upon receipt of this notice. *Roth*, 720 F.3d at 1125 (holding deadline triggered as soon as plaintiff "reveal[s] information showing removability").

### 3. This Court Should Remand and Order TopGolf to Pay Plaintiff Attorney's Fees and Costs in Connection With This Motion.

Pursuant to 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Awards are proper under § 1447(c) if "the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 131, 141 (2005). TopGolf lacked an objectively reasonable basis to remove when it did. Removal is disfavored. The statutes

governing it are strictly construed, because removal burdens the courts and diminishes the parties' resources. By removing, TopGolf has forced an at least 60-day delay in the litigation process in this action and interrupted discovery which was ongoing and at a critical stage. It had no basis for its actions, and cost Plaintiff scarce resources. Plaintiff should simply not have had to address TopGolf's baseless removal and nor should this Court. Plaintiff respectfully requests that she be allowed to submit affidavits and appropriate documentation to support a claim for reasonable attorney's fees incurred.

## V. Conclusion

For the reasons set forth above, the Court should remand this action to the Nevada state court and order Defendants to pay an award of fees and costs.

Dated this 6th day of November, 2020.

Respectfully submitted:

LEGAL OFFICES OF JAMES J. LEE

/s/ James J. Lee
James J. Lee
NV Bar No. 1909
2620 Regatta Dr., Suite #102
Las Vegas, NV 89128
*Attorney for Plaintiff Ciara Williams*

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically transmitted the foregoing **PLAINTIFF'S MOTION TO REMAND AND FOR ATTORNEY'S FEES AND COSTS** to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Suzanne Martin
Erica Chee

Pursuant to FRCP 5(b), I hereby further certify that service of the foregoing was made on November 7, 2020 by depositing a true and correct copy of same for mailing, first-class mail, postage prepaid thereon, at Las Vegas, Nevada, addressed to the following:

Silvino Hinojosa, ID #01722886
Clark County Detention Center
330 S. Casino Center Boulevard
Las Vegas, NV 89101-6102
*Defendant in pro se*

DATED this 6th day of November, 2020.

/s/ Isabella Lee
An employee of Legal Offices of James J. Lee