Electronically Filed
3/28/2019 4:09 PM
Steven D. Grierson
CLERK OF THE COURT

**MDSM**
SUZANNE L. MARTIN
Nevada Bar No. 8833
suzanne.martin@ogletreedeakins.com
ERICA J. CHEE
Nevada Bar No. 12238
erica.chee@ogletreedeakins.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
Wells Fargo Tower, Suite 1500
3800 Howard Hughes Parkway
Las Vegas, NV  89169
Telephone:  702.369.6800
Fax:  702.369.6888

*Attorneys for Defendant*
*TopGolf USA Las Vegas, LLC*

# EIGHTH JUDICIAL DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| CIARA WILLIAMS,<br><br>          Plaintiff,<br><br>vs.<br><br>SILVINO HINOJOSA, AND TOPGOLF USA LAS VEGAS, LLC, DOES 1 through X, inclusive AND ROES through X, inclusive,<br><br>          Defendants. | Case No.:  A-18-784031-C<br>Dept. No.: IV<br><br>**DEFENDANT TOPGOLF USA LAS VEGAS, LLC'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT** |

Defendant TopGolf USA Las Vegas, LLC ("TopGolf" or "Defendant"), by and through its counsel, Ogletree, Deakins, Nash, Smoak & Stewart, P.C., moves to dismiss Plaintiff Ciara Williams' ("Plaintiff") Amended Complaint, and for an order dismissing each of the claims for relief for failure to state a claim:

- First Cause of Action for Assault
- Second Cause of Action for Battery
- Third Cause of Action for False Imprisonment
- Fourth Cause of Action for Gross Negligence

1

- Fifth Cause of Action for Negligent Supervision and Retention
- Sixth Cause of Action for Negligent Infliction of Emotional Distress
- Seventh Cause of Action for Intentional Infliction of Emotional Distress

This Motion is based on Nevada Rule of Civil Procedure 12(b)(5) and 41(b), the following Memorandum of Points and Authorities, the records, pleadings and papers on file herein, and any oral argument this Court deems appropriate.

DATED this 28th day of March 2019.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

 /s/ Suzanne L. Martin
Suzanne L. Martin
Nevada Bar No. 8833
Erica J. Chee
Nevada Bar No. 12238
3800 Howard Hughes Parkway
Suite 1500
Las Vegas, NV  89169
*Attorneys for Defendant TopGolf USA Las Vegas, LLC*

## NOTICE OF MOTION

PLEASE TAKE NOTICE that the undersigned counsel will bring **DEFENDANT TOPGOLF USA LAS VEGAS, LLC'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT** on for hearing before Department IV of this Court on the _____ day of _____, 2019, at the hour of _____ a.m./p.m., or as soon thereafter as the matter may be heard.

DATED this 28th day of March, 2019.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

 /s/ Suzanne L. Martin
Suzanne L. Martin
Nevada Bar No. 8833
Erica J. Chee
Nevada Bar No. 12238
3800 Howard Hughes Parkway
Suite 1500
Las Vegas, NV  89169
*Attorneys for Defendant TopGolf USA Las Vegas, LLC*

2

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

The alleged facts supporting the employment tort claims contained in Plaintiff's lawsuit are salacious.  They tell a compelling story about a woman who was allegedly sexually assaulted by her supervisor at work.  When presented with similar facts in similar cases, Nevada courts have consistently dismissed the plaintiff's claims, recognizing that as a matter of law, such claims are precluded by the exclusive remedies provision of Nevada's Industrial Insurance Act, NRS 616A.005, *et seq.* and NRS 41.745.  *See also, Wood v. Safeway, Inc.*, 121 Nev. 724, 121 P.3d 1026, 1034 (Nev. 2005).  For the same reasons, dismissal of Plaintiff's claims against TopGolf is compelled here.

Plaintiff's Amended Complaint ("Amended Complaint") sets forth the following claims against her former employer, TopGolf:  (1) Assault; (2) Battery; (3) False Imprisonment; (4) Gross Negligence; (5) Negligent Supervision and Retention; (6) Negligent Infliction of Emotional Distress; and (7) Intentional Infliction of Emotional Distress.[1]

Each and every one of Plaintiff's tort claims against her employer, TopGolf, are based on alleged interactions between Plaintiff and Silvino Hinojosa ("Hinojosa"), her supervisor, while the two were on duty at work, and which Plaintiff specifically alleges arose out of and in the course of employment.  Just like *Wood*, Plaintiff's claims are subject to dismissal.

Plaintiff's gross negligence and negligent hiring and retention claims are subject to dismissal for another reason.  These claims are employment discrimination claims, namely, sex discrimination and harassment claims, for which statutory remedies *already exist*.  Indeed, more than 50 years ago, the federal and state legislatures carved out statutory protections and relief for sexual discrimination and harassment in the employment context under NRS. 613.330 et. al. and Title VII of the 1964 Civil Rights Act ("Title VII").  When a plaintiff is attempting to pursue in tort what are on their face statutory employment claims, the tort claims must be dismissed.  *See Lund v.*

---

[1] Plaintiff did not make any claims against TopGolf for sexual harassment, sex discrimination, or retaliation under Title VII or Nevada law.

3

*J.C. Penney Outlet*, 911 F. Supp. 442, 445 (D. Nev. 1996) (holding that employment discrimination does not constitute a tort in Nevada). Notably, Plaintiff has not pursued state or federal employment discrimination claims against TopGolf, and by now, the time period within which she must do so has expired.[2] In short, through the tort claims, Plaintiff is attempting an end-run around her failure to follow the established statutory procedures she was required to satisfy to pursue her employment discrimination claims. This, the Court cannot condone.

For these reasons, and as discussed more fully herein, TopGolf respectfully requests the Court dismiss Plaintiff's Amended Complaint in its entirety against it.

## II. STATEMENT OF FACTS RELEVANT TO THIS MOTION[3]

TopGolf hired Plaintiff in April 2016 as a line cook. (Amended Complaint ("Compl."), ¶ 8.) Hinojosa, her direct supervisor, allegedly subjected Plaintiff to daily sexual harassment, including vulgar comments, inappropriate touching, and offensive text messages. (Compl., ¶¶ 9 - 13.) Plaintiff claims that she complained to other TopGolf managers that she was being sexually harassed, and they allegedly told her to get used to it or ignored her complaint. (Compl., ¶¶ 14, 15.) She also claims to have reported harassment and assault to human resources, but they never investigated her complaint or issued her copies of any report. (Compl., ¶ 16.) According to Plaintiff, TopGolf allegedly knew that Hinojosa was a "predator", because he had "sexually abused" at least four other women working in the kitchen while Plaintiff worked at TopGolf. (Compl., ¶ 17.)

---

[2] Plaintiff resigned from TopGolf and her last day of employment was April 10, 2018. In order to exhaust her administrative remedies, Plaintiff was required to file a charge with the Equal Employment Opportunity Commission ("EEOC") within 180 days of the last act of alleged discrimination, in this case her last day of employment. If Plaintiff dual-filed a charge with the Nevada Equal Rights Commission ("NERC"), she would have had 300 days to file a charge. Her deadline to file a charge with the EEOC was October 7, 2018, and her 300-day deadline to dual-file with NERC was February 4, 2019.

[3] For purposes of this Motion only, TopGolf acknowledges that all factual allegations contained in the Amended Complaint can be regarded as true, even though TopGolf neither admits nor denies same.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
WELLS FARGO TOWER
SUITE 1500, 3800 HOWARD HUGHES PARKWAY
LAS VEGAS, NV 89169
TELEPHONE: 702.369.6800

Plaintiff alleges that in May 2017, Hinojosa's conduct was exacerbated when he pushed her against a wall in the walk-in freezer, groped her, and sexually assaulted her. (Compl., ¶¶ 19 – 24.) When she was finally able to leave the freezer, she attempted to leave the premise when another employee asked her what happened. (Compl. ¶¶ 25-26.) The employee then escorted her to human resources where Plaintiff described the incident to the human resources manager, her co-worker, and a manager. (Compl. ¶¶ 27-28.) She was allegedly advised to not report anything to the police and human resources would take care of everything. (Compl., ¶ 28.)

Plaintiff took some time off work after the May 2017 incident and when she returned to TopGolf, she was told "everything had been taken care of." (Compl., ¶¶ 31-32.) Admittedly, Plaintiff did not hear from Hinojosa or encounter Hinojosa for months until he became the "boss of the entire kitchen" and was placed on the same shift as her in November 2017. (Compl. ¶¶ 30-36.) Plaintiff alleges that Hinojosa continued his campaign of harassment when they began to work together again. (*Id.*) Finally, in April 2018, Plaintiff found other employment and submitted her letter of resignation to TopGolf. (Compl. ¶ 38.)

On November 5, 2018, Plaintiff filed this lawsuit against Hinojosa and TopGolf (collectively referred to as "Defendants") asserting 10 causes of action, including unlawful discriminatory employment practices. However, prior to filing this lawsuit, or serving TopGolf with a summons and complaint, Plaintiff did not file a charge of discrimination with the EEOC nor the NERC.

On January 7, 2019, Plaintiff filed her Amended Complaint alleging seven causes of action against Defendants and removing, among others, the cause of action for employment discrimination. Yet, all of the allegations in Plaintiff's Amended Complaint stem from her employment at TopGolf.

On February 22, 2019, Hinojosa filed an Answer and Counterclaim against Plaintiff. It was only after Hinojosa was served and appeared for this matter that Plaintiff served TopGolf's registered agent for service with the Summons and Amended Complaint on March 8, 2019.

. . .

. . .

### III. STANDARD OF REVIEW

Nevada Rule of Civil Procedure ("NRCP") 12(b)(5) authorizes the Court to dismiss a complaint for failure to "state a claim upon which relief can be granted." For purposes of a motion to dismiss pursuant to Rule 12(b)(5), the "court accepts the plaintiff['s] factual allegations as true, but the allegations must be legally sufficient to constitute the elements of the claim asserted." *See Sanchez v. Wal-Mart,* 125 Nev. 818, 823, 221 P.3d 1276, 1280 (2009); *see also, e.g., Simpson v. Mars Inc.*, 113 Nev. 188, 929 P.2d 966 (1997) (affirming dismissal on the pleadings of all but one of plaintiff's claims against defendant employer). The sole issue is whether the allegations set forth a valid claim for relief. *Vacation Village, Inc. v. Hitachi Am., Ltd.,* 110 Nev. 481, 484, 874 P.2d 744, 746 (1994). A claim is not valid if it rests on legal or factual conclusions that fail to give "fair notice of the nature and basis of the claim." *Crucil v. Carson City*, 95 Nev. 583, 585, 600 P.2d 216, 217 (1979) (citing *Taylor v. State*, 73 Nev. 151, 153, 311 P.2d 733, 743 (1957)). Dismissal is proper where the allegations are insufficient to establish the elements of a claim for relief. *Stockmeier v. Nevada Dep't of Corrections,* 124 Nev. 313, 183 P.3d 133, 135 (2008) (citations omitted).

If, as a matter of law, the claimant fails to state a cognizable claim for relief, the motion should be granted and the claim dismissed. *See Morris v. Bank of Am. Nev.*, 110 Nev. 1274, 1276-77, 886 P.2d 454, 456 (1994). Under this standard, as demonstrated below, all of Plaintiff's claims fail as a matter of law.

### IV. LEGAL ARGUMENT

#### A. Plaintiff's Common Law Tort Claims Are Entirely Precluded By The Nevada Industrial Insurance Act

Plaintiff's tort claims against TopGolf fail as a matter of law because those claims are preempted by the Nevada Industrial Insurance Act ("NIIA", NRS 616A – NRS 616D). "The NIIA provides the exclusive remedy for employees injured on the job, and an employer is immune from suit by an employee for injuries arising out of and in the course of the employment." *Wood*, 121 P.3d at 1031 (quotation omitted). The NIIA's exclusive remedy provision states: "[t]he rights and remedies provided in chapters 616A to 616D, inclusive, of NRS for an employee on account of an

6

injury by accident sustained arising out of and in the course of the employment shall be exclusive . . . ." NRS § 616A.020(1). An injury is defined as "a sudden and tangible happening of a traumatic nature, producing an immediate or prompt result which is established by medical evidence." *Id*. § 616A.265(1).

To fall within the NIIA's coverage, an injury must "both arise out of the employment and occur within the course of that employment." *Wood*, 121 P.3d at 1032. An injury arises out of the employment if a causal connection exists between the injury and "the nature of the work or workplace." *Id*. An injury occurs within the course of the employment if it occurs "at work, during working hours, and while the employee is reasonably performing his or her duties." *Id*.

Claims based on allegedly devastating incidents that took place at work, seeking damages for assault; battery; negligent hiring, training, and supervision; gross negligence; negligent and intentional infliction of emotional distress – similar to the claims and alarming facts alleged by Plaintiff here – have consistently been dismissed by Nevada's courts because they are preempted by the NIIA. *See, e.g., Conway v. Circus Circus Casinos, Inc.*, 116 Nev. 870, 874-75, 8 P.3d 837, 840 (2000) (claims for battery, intentional and negligent infliction of physical and emotional harm and distress, and failure to advise of dangerous conditions against employer by employees exposed to noxious fumes causing injury were barred because NIIA provides exclusive remedy for employees injured at work); *Cummings v. United Resort Hotels, Inc.*, 85 Nev. 23, 25-26, 449 P.2d 245, 247-48 (1969) (finding NIIA applicable to an assault by a co-worker while the employee was preparing for work and holding that employer was therefore relieved of liability); *Kennecott Copper Corp. v. Reyes*, 75 Nev. 212, 214-16, 337 P.2d 624, 625-27 (1959) (employer not liable for death of employee even though employer was aware of dangerous condition which caused death and did nothing to warn employee of harm or prevent dangerous condition because NIIA provides exclusive remedy); *King v. Penrod*, 652 F. Supp. 1331, 1333 (D. Nev. 1987) (employer's willful refusal to provide emergency medical care or transportation to healthcare facility after the plaintiff-employee sustained serious injuries at work did not render the employee's injury beyond the coverage of the NIIA).

Significantly, in *Wood*, the Supreme Court of Nevada was confronted with appalling facts of a mentally disabled woman who was repeatedly sexually assaulted at work, and upheld summary judgment of the plaintiff's tort claims in favor of employer on the grounds that employee's injuries from the assault were subject to the exclusive remedied provisions of the NIIA. *Id.* at 1031, 1034. The Nevada Supreme Court thoroughly analyzed the NIIA's preclusive effect on an employee's claims of negligent hiring, training, and supervision, sexual harassment, and negligent infliction of emotional distress against her employer, and, ultimately, adopted the rule that the sexual assault or harassment of an employee in the workplace "falls within the NIIA if the nature of the employment contributed to or otherwise increased the risk of assault beyond that of the general public." *Id.*, 121 Nev. at 736 (citing *Doe v. South Carolina State Hosp.*, 285 S.C. 183, 328 S.E.2d 652, 655 (S.C. Ct. App. 1985); *Cummings*, 85 Nev. at 23, 27, 449 P.2d 245; and *McColl v. Scherer*, 73 Nev. 226, 230, 315 P.2d 807 (1957)). "That same assault is not within the NIIA, however, when 'the animosity of the dispute which culminates in the assault is imported into the place of employment from the injured employee's private or domestic life, … at least where the animosity is not exacerbated by the employment.'" *Wood*, 121 Nev. at 736 (citing *McColl*, 73 Nev. at 230).

The Second Judicial District Court of Nevada recently faced similarly challenging facts in *Flint v. Franktown Meadows, Inc.*, 2017 Nev. Dist. LEXIS 2010 (Nev. Aug. 18, 2017), and dismissed the plaintiff's complaint because her common law tort claims – negligence, negligent hiring, negligent training, supervision, and retention, assault, battery, negligent infliction of emotional distress, intentional infliction of emotional distress – were precluded by the NIIA. In *Flint*, the plaintiff was routinely harassed at work and asked out by her co-worker, and over time, the co-worker became increasingly physically aggressive with her. *Id.* at *2. The co-worker would corner her in horse stalls, pull her close to his body, and in one situation, he picked her up off the ground and touched her breast. *Id.* Plaintiff reported the incident, but her employer allegedly failed to take any corrective action. *Id.* She subsequently resigned alleging that she had no other option. *Id.* at *3. As disturbing as the alleged facts were, the Court found that her injuries

8

arose out of the course and scope of her employment, that NIIA was the exclusive remedy, and dismissed her entire complaint under NRCP 12(b)(5). *Id.* at *7-8.

Here, Plaintiff specifically alleges that a TopGolf employee, Hinojosa, harassed, touched, groped and assaulted her at work during regular business hours, and further that Hinojosa groped her at a holiday party sponsored by TopGolf. Like the plaintiff in *Wood* and *Flint*, the only contact Plaintiff had with Hinojosa was a result of her employment with TopGolf. As in *Wood* and *Flint*, Plaintiff would not have been allegedly sexually harassed *but for* her employment with TopGolf and she faced a much greater risk of assault than that of the general public because of her employment. She worked in the kitchen with Hinojosa, and neither of them worked in a space normally occupied by the public. There are also no allegations of personal animosity between the two that carried over from their private lives. In fact, Plaintiff alleges that from May to November 2017, she did not hear from or encounter him at all until they began working the same shift again. (Compl. ¶¶ 30, 34.) Therefore, Plaintiff's alleged damages resulting from the assault, battery, false imprisonment, gross negligence, negligent hiring and retention, and negligent and intentional infliction of emotional distress are injuries which "arose out of and during the course of her employment" and are barred by NIIA under *Wood*.

Decades of Nevada Supreme Court precedent instruct that under the circumstances, albeit astonishing as they are alleged, Plaintiff's injuries are subject to the exclusive remedies provisions of the NIIA, and her claims against TopGolf are legally barred. The claims against TopGolf must therefore be dismissed. *See Wood*, 121 P.3d at 1034.

**B.     TopGolf Is Not Liable For Hinojosa's Conduct**

Assuming *arguendo* that Plaintiff's tort claims are not barred by NIIA, TopGolf cannot be liable under an intentional tort theory for Hinojosa's conduct because it was an independent act that was not reasonably foreseeable. Pursuant to NRS 41.745, an employer is not liable for the intentional acts of its employees so long as the conduct of the employee:

(a) Was a truly independent venture of the employee;
(b) Was not committed in the course of the very task assigned to the employee; and
(c) Was not reasonably foreseeable under the facts and circumstances of the case considering the nature and scope of his employment. . . . conduct of an employee is

9

reasonably foreseeable if a person of ordinary intelligence and prudence could have reasonably anticipated the conduct and the probability of injury.

*Wood*, 121 P.3d at 1034. The intervening superseding act doctrine also hinges on whether the tortious conduct was reasonably foreseeable. *Id.* at 1037.

With respect to Hinojosa's history and the reasonable foreseeability of his alleged conduct, Plaintiff makes two conclusory allegations: one characterizing Hinojosa as a "serial sexual predator," (Compl., ¶ 9), and a second accusing him of harassing other women (Compl., ¶ 17). The Amended Complaint is otherwise devoid of facts that substantiate these threadbare assertions. Indeed, Plaintiff does not even allege that she believed Hinojosa's conduct was reasonably foreseeable. No liability lies against TopGolf for Hinojosa's alleged intentional conduct on these scant, transparently self-serving, and otherwise factually baseless allegations.

Like the assailant in *Wood*, Hinojosa's alleged harassment and assault of Plaintiff constituted an independent venture that fell beyond the tasks assigned to him as a kitchen manager or Sous Chef. *See Prell Hotel Corp. v. Antonacci*, 86 Nev. 390, 392, 469 P.2d 399 (1970). Hinojosa jeopardized himself professionally and personally by creating liability for himself and his employer. Hinojosa's alleged assault was an intervening and superseding act that "in and of itself was the 'natural and logical cause'" of Plaintiff's injuries. *Wood*, 121 P.3d at 1037 (citing *Thomas v. Bokelman*, 86 Nev. 10, 13, 462 P.2d 1020, 1022 (1970), *Vallery v. State*, 118 Nev. 357, 46 P.3d 66, 78 (2002).) The assault and battery claims must be dismissed.

### C. Alleged Discrimination And Harassment Do Not Give Rise To Negligence Claims, And Are Pre-Empted By Nevada And Federal Employment Discrimination Laws

Plaintiff's negligence claims are subject to dismissal because they are entirely based on her allegations of unlawful discrimination. *See* Compl. ¶¶ 58 – 60 (Gross Negligence); and ¶¶ 64 – 67 (Negligent Supervision and Retention). When such claims are premised upon alleged discrimination as they are here, those claims are preempted by the comprehensive statutory scheme set forth in Nevada's Employment Practices statute, NRS 613.010 *et seq*.

The Nevada Supreme Court has repeatedly refused to recognize common law tort claims based on discrimination prohibited by Nevada's statute. *Chavez v. Sievers*, 118 Nev. 288, 291, 43

10

P. 3d. 1022, 1024 (2002) (refusing to recognize a common law tort action based upon alleged racial discrimination); *Sands Regent v. Valgardson,* 105 Nev. 436, 439-440 (1989); *Shoen v. Amerco*, 111 Nev. 735, 744, 896 P.2d 469, 475 (1995) (declining to allow a tort claim "based on the fact that a comprehensive statutory remedy exists"). Plaintiff's attempt to repackage her employment discrimination claim as a tort claim for negligence is impermissible under Nevada law.

In *Valgardson*, the Nevada Supreme Court first ruled that an employee could not maintain separate tort claims premised on discriminatory conduct that was subject to the comprehensive statutory remedies provided by NRS § 613.330, et seq. Specifically, the *Valgardson* court held that a plaintiff claiming he was wrongfully terminated due to his age could not maintain a tort claim for wrongful termination in violation of public policy in light of the remedial scheme set forth in Nevada's employment discrimination statutes. *Id.* at 440.

The Nevada Supreme Court subsequently clarified and strengthened this holding in *D'Angelo v. Gardner*, 107 Nev. 704 (1991), explicitly confirming that the statutory scheme set forth in NRS 613.310 et seq. was the sole remedy available for claims of discrimination, displacing potentially overlapping common law torts. *Id*. at 710 n.10. In other words, since there is an adequate statutory remedy for unlawful discrimination and harassment, Nevada courts will not permit a plaintiff to recover in tort for the same claims.

The U.S. District Court for the District of Nevada has applied the same rationale and dismissed state tort claims when such claims were premised upon discriminatory conduct covered by state or federal statutes with adequate remedies. *See Lund*, 911 F. Supp. 44 (the court dismissed the plaintiff's public policy wrongful discharge claim concluding a statutory remedy existed under federal law in the Americans with Disabilities Act.); *Westbrook v. DTG Operations, Inc.*, 2007 U.S. Dist. LEXIS 14653, at *19 (D. Nev. Feb. 28, 2007) (dismissing negligence *per se* claim based on violations of the Americans with Disabilities Act); *Colquhoun v. BHC Montevista Hospital, Inc.,* 2010 U.S. Dist. LEXIS 57066 (D. Nev. June 9, 2010) (dismissing negligent hiring, supervision and training claim based on alleged discrimination, stating "the fact that an employee acts wrongfully does not in and of itself give rise to a claim for negligent hiring, training or

1 supervision"); *Jackson v. Universal Health Servs., Inc.* 2014 WL 4635873, at *3-4 (D. Nev. Sept. 15, 2014) (dismissing negligent training and supervision claim because it was premised on allegations of her employer's allegedly illegal racially discriminatory practices).  In *Birkman v. Harrah's Operating Co., Inc.*, 2008 U.S. Dist. LEXIS 123992 *4-8 (D. Nev. Oct. 16 2008), the Court dismissed the plaintiff's negligent supervision claim and explicitly recognized that "NRS § 613.330 provides the exclusive remedy for tort claims premised on illegal employment practices. The Nevada Supreme Court, as well as the District Court for the District of Nevada, have held that tort claims premised on discrimination in employment are remedied under the statute." *Id.*

Here, Plaintiff's causes of action for gross negligence and for negligent hiring and retention are premised upon alleged discrimination and harassment for which comprehensive statutory remedies exist under NRS 613.330 and Title VII.  Plaintiff claims that TopGolf had a duty to keep "its employees free from harassment." (Compl. ¶ 58.)  She further claims that TopGolf "knew or should have known that Hinojosa's conduct was against company policy and in violation of applicable law." (Compl. ¶ 64.)  On their face, Plaintiff's negligence claims present as statutory employment discrimination claims.  Of course, to pursue those claims, Plaintiff needed to have timely filed a charge of discrimination.

In passing the Nevada antidiscrimination statutes, the Nevada "legislature intended that claims involving employment discrimination were to be administratively exhausted prior to seeking redress in the district courts." *Palmer v. State Gaming Control Board*, 106 Nev. 151, 153, 787 P.2d 803, 805 (1990).  An employee claiming discrimination or harassment under NRS 613.310 et seq. is obligated to file a claim with the Nevada Equal Rights Commission and to have that agency adjudicate the claim before it can properly be brought in district court.  *Id.*; *see also Copeland v. Desert Inn Hotel*, 99 Nev. 823, 673 P.2d 490 (1983).  The charge of discrimination must be filed within 300 days of the alleged discriminatory or retaliatory act.  *See* NRS 613.430; 42 U.S.C. § 2000e-5(e)(1); *see also Pope v. Motel 6*, 114 P.3d 277 (Nev. 2005) (requiring timely exhaustion of administrative remedies through NERC").

Plaintiff failed to timely exhaust her administrative remedies, thus preventing her from pleading proper employment discrimination claims.  But, as a matter of law, Plaintiff is prevented

from pursuing her time-barred employment discrimination claims now shrouded in the cloak of tort, compelling dismissal. For this and the other reasons outlined above, Plaintiff's claim for gross negligence and negligent hiring and retention should be dismissed.

### D. Plaintiff's Claim For Punitive Damages Should Be Dismissed Against TopGolf

Plaintiff's Amended Complaint contains no allegations of fraud, oppression, or malice on the part of TopGolf to support a punitive damages claim. In Nevada, a plaintiff who seeks to recover punitive damages must establish, by clear and convincing evidence, that the defendant is guilty of fraud, oppression, or malice. NRS 42.005 provides in relevant part:

> 1. Except as otherwise provided in NRS 42.007, in an action for the breach of an obligation not arising from contract, where it is proven by ***clear and convincing evidence*** that the defendant has been guilty of oppression, fraud or malice, express or implied, the plaintiff, in addition to the compensatory damages, may recover damages for the sake of example and by way of punishing the defendant. (emphasis added).

"Oppression" as used in NRS 42.005, means "despicable conduct that subjects a person to cruel and unjust hardship with **conscious disregard** of the rights of the person." *See* NRS 42.0001(4) (emphasis added). "'Malice, express or implied,' means conduct which is intended to injure a person or despicable conduct which is engaged in with a **conscious disregard** of the rights or safety of others." *Wyeth v. Rowatt*, 244 P.2d 765 (2010), citing NRS 42.001(3) (emphasis added). A defendant has a "[c]onscious disregard" of a person's rights and safety when he or she knows of "the probable harmful consequences of a wrongful act and a willful and deliberate failure to act to avoid those consequences." *Id.*, citing NRS 42.001(1). Conscious disregard "plainly requires evidence that a defendant acted with a culpable state of mind…." *Kennedy v. Carriage Cemetery Services, Inc.*, 727 F. Supp.2d 925, 936 (D. Nev. July 19, 2010).

Furthermore, there is a heightened standard for obtaining punitive damages against a corporation. NRS 42.007 provides that "a corporate employer is ***not liable*** for exemplary damages for the wrongful act of an employee ***unless***:

> (a) The employer had advance knowledge that the employee was unfit for the purposes of the employment and employed him with a conscious disregard of the rights and safety of others;
>
> (b) The employer expressly authorized or ratified the wrongful act of the employee for which the damages are awarded; or

13

(c) The employer is personally guilty of oppression, fraud, or malice.

If the employer is a corporation, the employer is not liable for exemplary or punitive damages unless the elements of paragraph (a), (b), or (c) are met by an officer, director or managing agent of the corporation who was expressly authorized to direct or ratify the employee's conduct on behalf of the corporation." (emphasis added).

The Nevada Supreme Court discussed the reasoning and basis of punitive damages in *Bongiovi v. Sullivan*, 138 P.3d 433 (2006).  According to the *Bongiovi* court, the philosophical basis of punitive damages is that:

> Punitive damages provide a means by which the community can express community outrage or distaste for the misconduct of an *oppressive, fraudulent or malicious* defendant and by which others may be deterred and warned that such conduct will not be tolerated.
> ...
> "'Oppression means despicable conduct that subjects a person to cruel and unjust hardship with **conscious** disregard of the rights of the person." NRS 42.001(4). 'Fraud means an **intentional** misrepresentation, deception or concealment of a material fact known to the person with the **intent** to deprive another person of his rights or property or to otherwise injure another person." NRS 42.001(2).'" '[E]xpress malice is conduct which is **intended** to injure a person; implied malice is despicable conduct which is engaged in with a *conscious* disregard of the rights ... of others.'" *Clark v. Lubritz*, 113 Nev. 1089, 1099, 944 P.2d 861, 867 (1997) (emphasis added) (quoting NRS 42.001(3)).

*See Bongiovi v. Sullivan*, 138 P.3d at 451 (emphasis added).  In other words, under NRS 42.001(1), to justify punitive damages, *the defendant's conduct must have exceeded "mere recklessness or gross negligence."*  *See also Wyeth*, 244 P.3d at 765, citing *Countrywide Home Loans v. Thitchener*, 124 Nev. 725, 742-43, 192 P.3d 243, 254-55 (2008) (emphasis added).

Although Plaintiff's Amended Complaint includes the "magic words" of "oppression, fraud or malice," they do not set forth any factual averments that would support such allegations.  As stated above, it is axiomatic that an allegation consisting of conclusory verbiage, *i.e.*, merely naming a legal element of a claim, is insufficient to survive a motion to dismiss.  *See Buzz Stew v. City of N. Las Vegas*, 124 Nev. 224, 181 P.3d 670 (2008).  Yet, Plaintiff does not state with specificity the acts or omissions on the part of TopGolf, the basis for her request for punitive damages.

14

It is anticipated that Plaintiff will oppose this Motion by reminding the Court that Nevada is a notice pleading jurisdiction. TopGolf does not dispute this fact, however, given the nature of punitive damages (to punish or make an example of) and the very limited circumstances under which a corporate entity may be held liable for them per NRS 42.007, Plaintiff must plead sufficient facts to support her claim for punitive damages. TopGolf has a right to be placed on notice of Plaintiff's claims. Therefore, it has a right to be provided with specific facts that Plaintiff alleges support her claim for punitive damages. Without this information, Plaintiff has not sufficiently notified TopGolf of her claim, even in a notice pleading state. Therefore, Plaintiff's claims for punitive damages must be dismissed entirely.

## V. CONCLUSION

Based upon the foregoing, TopGolf respectfully requests that the Court grant its Motion to Dismiss, and dismiss all of Plaintiff's claims against it.

DATED this 28th day of March, 2019.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

 /s/ Suzanne L. Martin
Suzanne L. Martin
Nevada Bar No. 8833
Erica J. Chee
Nevada Bar No. 12238
3800 Howard Hughes Parkway
Suite 1500
Las Vegas, NV 89169
*Attorneys for Defendant TopGolf USA Las Vegas, LLC*

15

**CERTIFICATE OF SERVICE**

I hereby certify that, pursuant to NEFCR 9(a), I electronically transmitted the foregoing **DEFENDANT TOPGOLF USA LAS VEGAS, LLC'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT** to the Clerk's Office using the electronic filing process for the Eighth Judicial District Court to the following registrant:

James Lee
Thomas D. Boley

Pursuant to Nevada Rule of Civil Procedure 5(b), I hereby further certify that service of the foregoing **DEFENDANT TOPGOLF USA LAS VEGAS, LLC'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT** was also made by depositing a true and correct copy of same for mailing, first class mail, postage prepaid thereon, at Las Vegas, Nevada, to the following:

| | |
|---|---|
| James Lee, Esq. | Thomas D. Boley |
| Kettner Law | Boley & Aldabbagh |
| 2150 W. Washington Street, 402 | 1900 E. Bonanza Rd. |
| San Diego, CA 92110 | Las Vegas, NV 89101 |
| *Attorneys for Plaintiff* | *Attorneys for Defendant Silvino Hinojosa* |

Dated this 28th day of March, 2019.

 */s/ Brittany Manning*
An Employee of Ogletree, Deakins, Nash, Smoak & Stewart, P.C.

37880485.1