Electronically Filed
5/21/2019 1:14 PM
Steven D. Grierson
CLERK OF THE COURT

**RIS**
SUZANNE L. MARTIN
Nevada Bar No. 8833
suzanne.martin@ogletreedeakins.com
ERICA J. CHEE
Nevada Bar No. 12238
erica.chee@ogletreedeakins.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
Wells Fargo Tower, Suite 1500
3800 Howard Hughes Parkway
Las Vegas, NV  89169
Telephone:  702.369.6800
Fax:  702.369.6888

*Attorneys for Defendant*
*TopGolf USA Las Vegas, LLC*

**EIGHTH JUDICIAL DISTRICT COURT**

**CLARK COUNTY, NEVADA**

| | |
|---|---|
| CIARA WILLIAMS,<br><br>        Plaintiff,<br><br>vs.<br><br>SILVINO HINOJOSA, AND TOPGOLF USA LAS VEGAS, LLC, DOES 1 through X, inclusive AND ROES through X, inclusive,<br><br>        Defendants.<br><br>SILVINO HINOJOSA,<br><br>        Counter-Plaintiff,<br><br>vs.<br><br>CIARA WILLIAMS,<br><br>        Counter-Defendant. | Case No.: A-18-784031-C<br>Dept. No.: IV<br><br>**DEFENDANT TOPGOLF USA LAS VEGAS, LLC'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**<br><br>**Hearing Date: May 28, 2019**<br>**Hearing Time: 9:00 .am.** |

Defendant TopGolf USA Las Vegas, LLC ("TopGolf"), by and through its counsel of record, files its Reply in support of its Motion to Dismiss Plaintiff Ciara Williams' ("Plaintiff") Amended Complaint.

1

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Plaintiff's Opposition concedes that the alleged conduct giving rise to Plaintiff's claims arose out of and in the course of her employment with TopGolf.  Despite this concession, in a futile attempt to avoid preemption by the Nevada Industrial Insurance Act ("NIIA"), Plaintiff scrambles to redefine the terms of the NIIA in a manner that she believes will allow her claims to survive dismissal.[1]  In doing so, Plaintiff ignores a significant amount of statutory and case law, and misconstrues and misapplies what little law she does offer in support of her patchwork argument.  The NIIA was set up to prevent the Court from being bombarded with personal injury actions brought by employees against their employers.  Here, Plaintiff fails to allege sufficient facts that, if true, would establish that her claims fall outside of the NIIA's coverage.  Plaintiff's employment, her claims and her alleged injuries are inexorably intertwined in the salacious story she tells the Court: she was injured while working when co-Defendant Silvino Hinojosa ("Hinojosa"), her supervisor, *inter alia*, allegedly sexually assaulted her.  Consequently, Plaintiff's own allegations underscore the conclusion that her tort claims are preempted by the NIIA.  *See Wood v. Safeway*, 121 Nev. 724, 121 P.3d 1026 (2005).  When Plaintiff's distortion of the law is put aside and the NIIA is viewed in its entirety with the clarification of long-standing Nevada precedent, it is clear that Plaintiff's claims are, in fact, covered by the NIIA, and that all seven of her common law claims are preempted and must be dismissed.

Plaintiff's inventive interpretation of the case law does not undermine, much less render inapplicable, the protections afforded to TopGolf by NRS 41.745 as it relates to the intentional torts set forth in the Amended Complaint.  Again, once correctly analyzed and applied to the facts set forth in the Amended Complaint, there is no question that NRS 41.745 mandates Plaintiff's

---

[1] Plaintiff repeatedly uses the acronym "SIIS" throughout her Opposition; however it can only be assumed she is referencing NIIA.  Prior to 2001, Nevada's workers compensation coverage was provided by a government-run program, the State Industrial Insurance System ("SIIS"), which was also known as the Employer's Insurance Company of Nevada.  SIIS has been discontinued for over 18 years and is not relevant to any fact or argument in TopGolf's Motion.

Assault, Battery, False Imprisonment and Intentional Infliction of Emotional Distress ("IIED") claims be dismissed.

In an attempt to stave off dismissal, Plaintiff seeks leave to amend to include Title VII claims for harassment and discrimination. Neither leave to amend, nor the addition of the proposed Title VII claims, would change the outcome for the NIIA pre-empted claims, which would still be subject to dismissal as a matter of law. As for the Title VII claims, the same could only be included in an amended pleading if Plaintiff is able to establish she timely exhausted her administrative remedies with respect to the same. But the Opposition completely and utterly fails to do so, depriving the Court of any ability to decide whether leave to amend is even appropriate.

For these reasons, and as discussed more fully herein, TopGolf respectfully requests the Court dismiss Plaintiff's Amended Complaint in its entirety.

## II.     DISCUSSION

### A.     Plaintiff's Claims Are Covered by the NIIA, Subjecting Them to Dismissal

In the Opposition, Plaintiff argues that her claims of (1) Assault; (2) Battery; (3) False Imprisonment; (4) Gross Negligence; (5) Negligent Supervision and Retention; (6) Negligent Infliction of Emotional Distress; and (7) IIED are not preempted by the NIIA because her alleged injuries did not occur "by accident" as that term is defined in the NIIA.[2] (*See* Plaintiff's Opposition, 7:11-12.) However, in arguing that Plaintiff's allegations do not meet this definition, Plaintiff has ignored other provisions of the NIIA, as well as in some cases, misconstrued and misapplied case law interpreting the NIIA's definition of accident, including cases which hold that acts strikingly similar to those alleged in Plaintiff's Amended Complaint have been categorically classified as accidents and therefore subject to the exclusive remedy provisions of the NIIA.

Plaintiff primarily argues that the alleged conduct which led to her injuries was not "unexpected or unforeseen" because when she warned TopGolf of the alleged conduct it was no longer unforeseeable that such conduct might occur in the future. Time and time again, the Nevada

---

[2] The statute defines an accident as "an unexpected or unforeseen event happening suddenly and violently, with or without human fault, and producing at the time objective symptoms of an injury." NRS 616A.030.

3

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
WELLS FARGO TOWER
SUITE 1500, 3800 HOWARD HUGHES PARKWAY
LAS VEGAS, NV 89169
TELEPHONE: 702.369.6800

Supreme Court has dismissed this argument, holding that an injury caused by a risk of harm known to the employer, even where the risk of harm is the intentional conduct of another employee, is an injury by *accident* and subject to the exclusive remedies provision of the NIIA. *See Kennecott Copper Corp. v. Reyes*, 337 P.2d 624, 626 (Nev. 1959) (intentional tort claims preempted by NIIA where employer knew a dangerous condition existed and foresaw and expected the harm that did occur would occur at some point in the future). The decision in *Cummings v. United Resort Hotels, Inc.,* 449 P.2d 245 (Nev. 1969) is even more compelling, notwithstanding Plaintiff's attempts to distinguish it. (*See* Opposition, 8:10-14.) In *Cummings,* the Nevada Supreme Court held the tort claims asserted against the employer for the death of one employee, who was stabbed by another employee, were preempted by the exclusive remedies provisions of the NIIA *even though* the employer knew the attacker had a propensity for violence. *Id.*, at 246 and 249. This is because an employer's actual or constructive knowledge of an employee's propensity to commit violence or cause harm, in and of itself, does not bar the application of the exclusive remedies of the NIIA. A plaintiff must show the employer specifically intended to cause them harm.

Plaintiff proceeds to mischaracterize a non-binding case from California, *McGee v. McNally*, 119 Cal.App.3d 891, 174 Cal.Rptr. 253 (1981)[3], when she argues in her Opposition that TopGolf "ratified" and "adopted" the intentional acts of Hinojosa and, thus, is liable for those intentional acts, which is an exception to the exclusive remedies of the NIIA. (Opposition, 7:20-8:4.) *McGee **did not*** explore, discuss or even imply that an employer is liable for the intentional acts of his employee when the employer "ratifies" the employee's conduct. *See id.* In *McGee,* an employee filed an action against his employer for intentional infliction of emotional distress, claiming he was a victim of harassment. *Id.*, 119 Cal.App.3d at 894. The Court of Appeals of California agreed that his emotional distress claim was not barred by California's workers' compensation scheme, but did so applying the California Labor Code § 3601. *Id.* Even if Plaintiff

---

[3] Plaintiff also mis-cites and completely misquotes *McGee v. McNally*, 119 Cal.App.3d 891, 174 Cal.Rptr. 253 (1981). The quote used and relied upon in her Opposition is nowhere to be found in the case as quoted.

4

had not misrepresented *McNally*, it is wholly inapplicable to this Nevada case, asserting Nevada tort claims that, as a matter of Nevada Supreme Court precedent, are barred by the NIIA.

Plaintiff fails to successfully distinguish the bevy of case law that supports TopGolf's legal position, consistently misconstruing the same. In fact, most of the cases cited by Plaintiff, and previously by TopGolf, clarify that the NIIA's definition of accident is to be construed broadly and that the only time an injury arising out of and in the course of employment will not be considered an injury because of an accident is where the employer deliberately and specifically intended to harm the employee. *See Conway v. Circus Circus Casino*, 870 P.3d 837, 839-841 (Nev. 2000) (granting motion to dismiss plaintiffs' IIED and battery claims as preempted by NIIA because complaint did not contain any facts indicating the employer specifically intended to harm plaintiffs); *Kennecott*, 337 P.2d at 626 (any injury resulting from any degree of negligence by the employer compensable exclusively through NIIA); *see also King v. Penrod Drilling Co.*, 652 F. Supp. 1331, 1334 (D. Nev. 1987) (holding that common law actions cannot be brought by an employee against an employer for personal injuries unless the employer acted with deliberate intent to harm the employee). Thus, even where an employer is aware of a risk, acts with negligence, wanton or gross negligence or is utterly reckless with regard to that risk, an injury suffered by an employee as a result of that risk is considered an accidental injury and is subject to the exclusive remedy provision of the NIIA.

In this case, the Plaintiff failed to allege that TopGolf acted with deliberate and specific intent to injure her. An employee must provide facts in her complaint which show the deliberate intent to bring about the injury. *See Hay v. Hay*, 100 Nev. 196, 198, 678 P.2d 672, 674 (1984) ("[a] complaint must set forth sufficient facts to establish all necessary elements of a claim for relief"). Plaintiff's Amended Complaint simply does not allege that TopGolf specifically intended to cause her harm. She alleges that she notified TopGolf that Hinojosa was sexually harassing her and TopGolf did nothing to intervene or protect her. (Amended Complaint, ¶¶ 14, 16.) Plaintiff further alleges that TopGolf "had a duty to keep its workplace safe, its employees free from harassment, and to report serious crimes of violence against its employees." (Amended Complaint, ¶ 58.) At most, Plaintiff's allegations against TopGolf are founded in negligence, not in deliberate

intent to injure Plaintiff. Plaintiff must do more than merely make conclusory allegations and baldly label TopGolf's conduct as intentional in order to avoid application of the NIIA. *See Conway*, 8 P.3d at 840. Thus, because Plaintiff conceded that her injuries arose out of and occurred during her employment, but has not accurately pled, and cannot in good faith plead, any facts demonstrating that TopGolf specifically intended to harm her, her injuries necessarily fall within the NIIA definition of accident and, therefore, each of her common law claims are preempted by the NIIA and must be dismissed.

Finally, Plaintiff argues that *Wood v. Safeway*, 121 P.3d 1026 (Nev. 2005) and other cases cited in TopGolf's Motion are distinguishable from this case because TopGolf, unlike the *Wood* defendant, knew that an injury was foreseeable. However, as discussed above, it is clear that *Wood* does apply and is instructive here. In *Wood*, the Nevada Supreme Court unequivocally held that common law claims, including a claim for negligent supervision against an employer for injuries caused by an intentional sexual assault by a co-employee that arose out of and in the course of the plaintiff's employment, were preempted by the NIIA. 121 P.3d at 1034. The Nevada Supreme Court has also held that common law assault, battery and IIED claims seeking redress for injuries covered by the NIIA, such as those alleged by Plaintiff, are preempted by the NIIA. *See Conway*, 8 P.3d at 841 (in the absence of intentional conduct carried out by the employer with the specific intent to cause the employee's alleged injury, the NIIA provides the sole remedy). Applied here, it is clear that *Wood* and *Conway* require this Court to dismiss Plaintiff's Assault, Battery, False Imprisonment, Gross Negligence, Negligent Supervision and Retention, Negligent Infliction of Emotional Distress, and IIED claims because the NIIA provides the sole remedy for injuries, such as Plaintiff's, that arose out of and in the course of employment.

**B.     Plaintiff's Opposition Misconstrues and Misapplies NRS 41.745**

NRS 41.745 exempts an employer from liability for an employee's intentional conduct when such conduct was: 1) a truly independent venture; 2) was not committed in the very course of the task assigned to the employee; and 3) the intentional conduct was not reasonably foreseeable considering the nature and scope of the employee's employment. In arguing that Hinojosa's conduct does not meet any of the three criterion required to avoid employer liability, Plaintiff's

6

Opposition construes the three requirements so broadly - without any legal support - so as to completely undermine the purpose of the statute. An accurate reading of the statute exposes the fallacy of Plaintiff's argument and confirms TopGolf cannot be held liable for Hinojosa's alleged conduct.

Plaintiff suggests that an employee is never engaged in an independent venture if the alleged conduct occurred at work or while the employee was on duty. (Opposition, 9:15-17.) Where the complained of conduct takes place does not matter; the pivotal question to the NRS 41.745 question is, was the employee doing something in furtherance of his interests, or that of his employer? According to the Nevada Supreme Court, an employee engages in "a truly independent venture" when the employee's actions were not taken on behalf of the employer, did not serve the purpose of furthering the employer's business interest, or were not carried out based upon any sense of duty owed to the employer. *Wood,* 121 P.3d 1035 (finding employer not liable for sexual assault when employee was not acting on behalf of employer or out of duty to employer and did not commit the assault in the course of the tasks assigned to him). In other words, under NRS 41.745, when the alleged action is motivated by, or promoted solely by personal interests and not the interests of the employer, the employee is engaged in an independent venture for which an employer cannot be held liable. *See Lopez v. United Parcel Services, Inc.*, 2009 WL 1422228, *7 (D. Nev. March 12, 2009) (finding employer was not liable for assault because it did not employ a delivery driver to threaten or assault anyone and the driver was not furthering any business of his employer when he threatened and assaulted another employee.). *See also, Chapman v. City of Reno*, 455 P.2d 618, 621 (Nev. 1969) (dismissing intentional tort against employer because the alleged conduct was not a prescribed duty of a police officer); *J.C. Penney Co. v. Gravelle*, 155 P.2d 477, 481-82 (Nev. 1945) (dismissing assault claim against employer where security guard assaulted witness of theft, noting that employer was engaged in personal pursuit unrelated to his duties to the company as he was "not employed to commit an assault and battery").

Here, there is no question that the alleged conduct of Hinojosa was a truly independent venture. The alleged conduct certainly did not further TopGolf's business interests, nor was such conduct carried out on the behalf of or based upon any sense of duty to TopGolf. Quite to the

contrary, Hinojosa had a duty to TopGolf ***not*** to engage in such conduct. TopGolf did not employ Hinojosa to allegedly batter, assault, imprison, abuse, or harass employees. There is no way that any of the complained of actions of Hinojosa can be related directly or indirectly to any duty he may have had as a sous chef. Accordingly, to the extent such alleged conduct occurred, it was based upon Hinojosa's purely personal motives and served only his own interests.

Second, contrary to Plaintiff's view of the statute, it is not enough that an employee's conduct occurred during employment in order for an employer to be held liable under NRS 41.745. The conduct must be committed in the course of the very task assigned to the employee. This language has been narrowly interpreted to mean that the harmful conduct must arise directly out of the employee's assigned tasks such that in the course of performing those tasks the resulting injury *would be expected* given the nature of the task. *See Wood*, 121 P.3d at 1036; *Gravelle*, 155 P.2d at 481-82. Again, *Wood* is on point in this case. In *Wood*, the Court held that a janitor's repeated sexual assaults of a vulnerable employee which occurred while both parties were carrying out their duties - duties which provided isolation and a unique opportunity to commit the assault - were not carried out in the very course of the offending employee's duties because such conduct was outside the scope of his assigned duties. *Wood*, 121 P.3d at 1036. In analyzing liability under NRS 41.745, it is not enough that the employee's duties provide, or his authority creates, an opportunity to commit an intentional tort. Instead, the conduct must truly occur within the scope of the offender's assigned tasks. *See id*. As was the case in *Wood*, although Hinojosa was given tasks and occupied a position of authority, any alleged unlawful assault, battery, and false imprisonment necessarily occurred outside the scope of his tasks as a sous chef and/or kitchen supervisor and, therefore, TopGolf cannot be held liable for such conduct.

Third, Plaintiff has also misconstrued the "foreseeability" requirement of NRS 41.745 by ignoring the language of the statute and reading this section of the statute in isolation. NRS 41.745 requires courts to consider whether an employee's action was "reasonably foreseeable under the facts and circumstances of the case *considering the nature and scope of his employment*" (emphasis added). NRS 41.745(1)(c). Thus, the appropriate inquiry is whether the risk was one that may be fairly regarded as typical of or broadly incidental to the employer's business or the

employee's assigned tasks. *Wood*, 121 P.3d at 1036 (citations omitted). Here, a person of ordinary intelligence would not reasonably anticipate that a sous chef would allegedly sexually assault and harass another employee, thus exposing himself and TopGolf to significant civil and criminal liability.

Finally, Plaintiff's Opposition argues that her claims against TopGolf for intentional conduct cannot be dismissed because her Amended Complaint states that TopGolf was aware that Hinojosa was abusive to female employees. However, as discussed above and in TopGolf's Motion, Plaintiff cannot rely on bald, conclusory statements that lack any specific factual support to defeat a motion to dismiss. In any event, reading this exception as broadly as Plaintiff suggests would swallow the general rule and defeat the underlying purpose of the statute by imposing liability on an employer for any intentional misconduct of an employee, regardless of whether the conduct was outside the scope of employment or incidental to the employer's business or the employee's tasks, as long as the employer had somehow been made "aware" of the alleged conduct.

Accordingly, NRS 41.745 requires that this Court dismiss Plaintiff's Assault, Battery, False Imprisonment, and IIED claims against TopGolf.

### C. Leave To Amend Will Change the Fate of The Tort Claims

In her Opposition, Plaintiff requests leave to amend her Complaint, again, this time to add claims under Title VII. First, leave to amend to add Title VII claims for sexual harassment and discrimination would not alter the outcome – dismissal – of the NIIA pre-empted tort claims, and Plaintiff does not argue otherwise.

Second, in making this argument, Plaintiff has effectively conceded that her current, fatally-flawed, tort-based lawsuit is actually a statutory employment lawsuit that should have been filed in federal court.[4] However, there is no way for this Court or TopGolf to assess whether leave to amend to add the Title VII claims should be granted or not. While Plaintiff claims to have filed a Charge of Discrimination, her response is totally devoid of any information that would establish

---

[4] If leave to amend the Title VII claims is appropriate and granted, Defendant will proceed to remove the case to federal court.

9

her Charge of Discrimination was timely, thus procedurally positioning her to proceed with the Title VII claims. Claims involving employment discrimination under Title VII or NRS 613.330 are *required* to be timely administratively exhausted prior to filing suit in court. *See Pope v. Motel 6*, 121 Nev. 307, 311, 114 P.3d 277 (2005). A plaintiff must file a charge of discrimination with the EEOC within 180 days of the alleged discriminatory or retaliatory act prior to filing a lawsuit, and the deadline is extended to 300 days if the plaintiff dual-files a charge with Nevada Equal Rights Commission ("NERC"). 42 U.S.C. § 2000e-5(e)(1); *National RR Passenger Corp. v. Morgan*, 536 U.S. 101 (2002). The Opposition does not state the date Plaintiff filed her Charge of Discrimination, the date she was issued a Notice of Right to Sue, or attach any Charge-related documents to corroborate her claim that she timely filed her claims with an investigative agency. Accordingly, TopGolf cannot "undoubtably know" that Plaintiff filed a timely Charge, much less the Court. (*See* Opposition, 11:8.) If Plaintiff had complied with the Eighth District Judicial Court Rule 2.30 and attached a copy of the proposed amended pleading with appropriate exhibits, TopGolf and this Court would not be forced to guess whether Plaintiff timely exhausted her administrative remedies. Absent any evidence on the exhaustion issue, the Court cannot make an informed decision about Plaintiff's request for leave.

## III.   CONCLUSION

Based upon the foregoing, TopGolf respectfully requests that the Court grant its Motion to Dismiss in its entirety.

DATED this 21st day of May, 2019.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

*/s/ Erica J. Chee*
Suzanne L. Martin
Nevada Bar No. 8833
Erica J. Chee
Nevada Bar No. 12238
3800 Howard Hughes Parkway
Suite 1500
Las Vegas, NV  89169
*Attorneys for Defendant TopGolf USA Las Vegas, LLC*

# CERTIFICATE OF SERVICE

I hereby certify that, pursuant to NEFCR 9(a), I electronically transmitted the foregoing **DEFENDANT TOPGOLF USA LAS VEGAS, LLC'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT** to the Clerk's Office using the electronic filing process for the Eighth Judicial District Court to the following registrant:

James Lee
Thomas D. Boley

Pursuant to Nevada Rule of Civil Procedure 5(b), I hereby further certify that service of the foregoing was also made by depositing a true and correct copy of same for mailing, first class mail, postage prepaid thereon, at Las Vegas, Nevada, to the following:

| | |
|---|---|
| James Lee, Esq. | Thomas D. Boley |
| Kettner Law | Boley & Aldabbagh |
| 2150 W. Washington Street, 402 | 1900 E. Bonanza Rd. |
| San Diego, CA 92110 | Las Vegas, NV 89101 |
| *Attorneys for Plaintiff* | *Attorneys for Defendant Silvino Hinojosa* |

Dated this 21st day of May, 2019.

*/s/ Brittany Manning*
An Employee of OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.