Electronically Filed
6/13/2019 5:07 PM
Steven D. Grierson
CLERK OF THE COURT

**RPLY**
James J. Lee, Esq.
NV Bar No. 1909
LEGAL OFFICES OF JAMES J LEE
2620 Regatta Drive #102
Las Vegas, NV 89128
james@leelitigate.com
702-521-4377 | 702-946-1115 (Fax)
Attorney for Plaintiff

## EIGHT JUDICIAL DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| Ciara Williams,<br><br>Plaintiff,<br><br>Silvino Hinojosa, and TOPGOLF USA Las Vegas, LLC, DOES 1 through X, inclusive, and ROES through X, inclusive<br><br>Defendants.<br><br>SILVINO HINOJOSA,<br><br>Counter-Plaintiff,<br><br>v.<br><br>CIARA WILLIAMS,<br><br>Counter-Defendant. | CASE NO: A-18-784031-C<br><br>**MOTION TO FILE SUR-REPLY AND SUR-REPLY**<br><br>Date of Hearing: June 20, 2019<br>Time of Hearing: 9:00 AM |

Plaintiff Ciara Williams (Williams), by and through her counsel of record Legal Offices of James J. Lee, files her Motion to file Sur-Reply and Sur-Reply in support of her Opposition to TopGolf USA Las Vegas, LLC ("TopGolf")'s Motion to Dismiss on grounds

MOTION AND SUR-REPLY, PG 1

that in its Reply, Topgolf has incorrectly asserted: (i) that Plaintiff misrepresented applicable law regarding the effect of employer ratification on exclusivity; (ii) Plaintiff did not obtain a right to sue under Title VII; (iii) that even if Plaintiff were allowed to amend to assert claims under Title VII her common law tort claims would be preempted by NIIA exclusivity. Plaintiffs Motion to File Sur-Reply and Sur-reply is made and based on following Points and Authorities and all pleadings and papers on file herein.

## MEMORANDUM OF POINTS AND AUTORITIES

**1.  Public Policy Dictates that an Employer Cannot Ratify, Reward and Conceal a Criminal Act and then Insulate Itself with Workers Compensation Insurance.**

In its Reply, Topgolf maintains that Plaintiff *misquoted McGee v. McNally*, 119 Cal. App. 3d 891,174 Cal. Rptr.253 (1981) when she wrote "where, as here, intentional physical acts of an employee, <u>ratified by the employer</u>, allegedly causes harm primarily emotional in nature we conclude that the exclusive remedy provisions [of workers compensation] do not preclude civil claims." (Opposition pg. 7 ll. Pg. 23) Topgolf is correct. The *correct* citation to that quote is *Iverson v Atlas Pac. Eng'g*, 143 Cal. App. 3d 219, 191 Cal. Rptr. 696. Topgolf points to this error to support its argument that Plaintiff's assertions about the effect of ratification are an "inventive" argument without legal support. In fact, there is ample law to support the notion that the exclusivity provisions of worker's compensation do not apply when an employer ratifies intentional tortious conduct. *Fretland v County of Humbolt,* 69 Cal. App. 4th 1478,1489-1490) (an employee may bring a tort action against his employer where employer ratified assault and said ratification may be express or implied and employer can be held liable as a joint participant); *Herrick v Quality Hotels, Inns and Resorts Inc.* 19 Cal. App. 4th 1608, 25 Cal Rprt. 2nd 203 (1993) (exclusivity provisions of workers

MOTION AND SUR-REPLY, PG 2

compensation do not apply where employer ratified intentional tort of supervisor by promoting him). In *Smith's Food and Drug Ctrs*, 958 P.2d 1208 (Nev. 1998) the court held that an employer may be held liable for an employee's unauthorized acts where the employer subsequently ratifies an originally unauthorized act. Rather than adopt a rule of strict imputation of liability for purposes of punitive damages, the court adopted a more conservative rule necessitating ratification by the employer which evidences complicit liability. Although there is no Nevada case addressing the issue of whether the exclusivity provisions of NIIA apply where an employer ratifies intentional torts by its managing agents, there is ample reason to believe that it would adopt the more conservative rule within the context of workers compensation on public policy grounds. If an employer could reward and help conceal a rape by one of its managing agents and then hide behind worker's compensation insurance, the policy of deterrence inherent in the rule that an employer cannot insulate itself for its own wrongful acts with would be completely abrogated.

**2. NRS 41.745 does not insulate Topgolf.**

In its Reply, Topgolf misconstrues Nevada law when it asserts that it cannot be liable for Hinojosa's tortious conduct because it did not occur in the course and scope of his employment. Though Hinojosa was obviously not hired to sexually assault and abuse Plaintiff, the proper inquiry is not whether the act was authorized "but whether it was committed in the <u>course</u> of a series of acts of the agent which were authorized by the principal." *Nevada Dept. Of Human Resources v Jimenez* 935 P.2d 274 (Nev. 1997). *Anderson v Mandalay Bay Corp.* 358 P.3d 242 (Nev. 2015) Thus, the Nevada Supreme Court has held that a blackjack dealer who slugged a patron was acting within the course of the

MOTION AND SUR-REPLY, PG 3

very task assigned, even though the dealers conduct was unauthorized. *Prell Hotel Corp.* v *Antonacci* 469 P.2d 399 (1970)   As to NRS 41.745 foreseeability criterion, Topgolf ignores *Anderson v Mandalay Bay Corp.* 358 P.3d 242 (Nev. 2015) In *Anderson,* the court held that where an employer had notice that its employee was capable of sexual assault, the sexual assault was not unforeseeable merely because it was unauthorized and the question of foreseeability was a an issue of fact.

### 3. Plaintiff Should Be Given Leave to Amend if Necessary.

Topgolf asserts that Plaintiff has not alleged that Topgolf specifically intended to harm her by its conduct set forth in the First Amended Complaint (FAC). Although this is incorrect because Plaintiff has alleged that Topgolf intended to inflict severe emotional distress and acted with malice in doing so, Plaintiff can set forth further allegations of specific intent. What matters though is that Plaintiff has set forth facts from which a reasonable jury could infer a specific intent to harm. Topgolf was fully aware of Hinojosa's brutal abuse because it occurred in the presence of its managing agents who laughed and told Plaintiff "to get used to it." A reasonable jury could conclude that by conspiring with Hinojosa to conceal the rape, lying to Plaintiff to induce her to stay and then placing Hinojosa back in a position where he could use authority to continue to abuse her, Topgolf specifically intended to harm Plaintiff in retaliation for complaining about Hinojosa and going up against the "boys club" mentality that pervades Topgolf's workplace. After all, Hinojosa and Vaughn were friends. Vaughn and Topgolf's Human Resources Manager, likely in concert with high level management, made the decision to tell Plaintiff not to report the rape and fraudulently induce her to stay.

MOTION AND SUR-REPLY, PG 4

Contrary to Topgolf's assertion Plaintiff timely filed a discrimination charge with the EEOC and received a Right to Sue. (Exhibit 1) Therefore, Plaintiff has the right to file a Title VII action . Topgolf maintains that even if the Court gives Plaintiff leave to amend to include causes of action under Title VII for sexual harassment, it "will not change the fate of the tort claims" (Reply pg. 9 ll.17-18) because Plaintiffs tort claims will still be preempted by NIIA exclusivity. Topgolf is incorrect. In *Switzer v Rivera*, 174 F. Supp 2d 1097 (Nev. 2001) Plaintiff brought an action for sexual harassment under Title VII and asserted common law tort claims for intentional and negligent infliction of emotional distress, assault, battery and false imprisonment against Harrah's Hotel and individual co-workers. The court wrote:

> Defendant Harrah's asserts that all tort claims brought against it are preempted by the Nevada Industrial Insurance Act ("NIIA"), the state's workers compensation law. See N.R.S. 616A.005 et seq. Defendant Harrah's further contends that the intentional and negligent infliction of emotional distress claims brought against it are preempted by Nevada's anti-discrimination statute. N.R.S. 613.330 et seq.
>
> Under the NIIA, the exclusive remedy for an employee "injured by accident sustained arising out of and in the course of the employment" is payment of medical expenses by the employer's worker's compensation insurance. N.R.S. 616A.020. Defendant Harrah's brazenly asserts that none of Plaintiff's alleged physical injuries "occurred other that by 'accident,' as that term has come to be interpreted." See Def. Harrah's Motion, at 16. The Court finds it difficult to believe that employees of Defendant Harrah's "accidentally" pinched Plaintiff with hot tongs, "accidentally" pressed their bodies against Plaintiff, or "accidentally" slapped Plaintiff's buttocks several times. Defendant Harrah's asserted defense under the NIIA is not only unsupported by law, but implausible under the factual circumstances of this case.
>
> Defendant Harrah's also contends that Nevada's anti-discrimination law preempts Plaintiff's intentional and negligent infliction of emotional distress claims. Defendant Harrah's asserts that because the anti-discrimination law provides a statutory remedy for sexual harassment, all common law claims based on the same conduct are preempted. However, Defendant Harrah's can point to no Nevada case and only one out of state case in support of its preemption defense. See Greenland v. Fairtron Corp., 500 N.W.2d 36 (Iowa 1993). Most courts, including those of Nevada's sister states of California and Arizona, permit both a sexual harassment claim under state anti-discrimination laws and an emotional distress claim under common law. See,

MOTION AND SUR-REPLY, PG 5

e.g., Cronin v. Sheldon, 195 Ariz. 531, 991 P.2d 231 (Ariz. 1999) (employment practices act does not preempt common law emotional distress claims); Rojo v. Kliger, 52 Cal. 3d 65, 801 P.2d 373, 377, 276 Cal. Rptr. 130 (Cal. 1990) (fair employment law does not preempt common law claims); see also Alexander v. Gardner-Denver Co., 415 U.S. 36, 48-49, 94 S. Ct. 1011, 39 L. Ed. 2d 147 (1974) (finding that Congress did not intend for Title VII, upon which most state anti-discrimination laws are based, to preempt state tort law claims).

DATED this 13th day of June, 2019.

/s/James Lee
James J. Lee Esq.
LEGAL OFFICES OF JAMES J. LEE
2620 Regatta Drive, #102
Las Vegas, NV 89128
james@leelitigate.com
*Attorney for Plaintiff*

MOTION AND SUR-REPLY, PG 6

## CERTIFICATE OF SERVICE

Pursuant to NRCP 5(b), I hereby certify that I am an employee of the Legal Offices of James J. Lee, ESQ and that on the 13th day of June, 2019, I caused a true and correct copy of MOTION TO FILE SUR-REPLY AND SUR-REPLY to be served via the Court's electronic filing and service systems to the following parties and all parties on the current service list.

t.boley@bandafirm.com
clarissa@bandafirm.com
Thomas D. Boley, Esq.
Boley & AlDabbagh
1900 E. Bonanza Rd.
Las Vegas, NV  89101

Erica.chee@ogletreedeakins.com
Erica Chee
Ogletree Deakins Nash Smoak & Stewart
3800 Howard Hughes Pkwy #1500
Las Vegas, NV  89169


/s/ Kelly Tassinari
Employee of Legal Offices of James J Lee

MOTION AND SUR-REPLY, PG 7

# EXHIBIT 1

[Type here]

EEOC Form 161-B (11/16)     U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

To: Ciara Williams
c/o KETTNER LAW APC
Attn: James J. Lee
2150 W. Washington Street, Suite 402
San Diego, CA 92110

From: Las Vegas Local Office
333 Las Vegas Blvd South
Suite 5560
Las Vegas, NV 89101

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

EEOC Charge No.: 487-2019-00392
EEOC Representative: Brian Gorecki, Investigator
Telephone No.: (702) 388-5099

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA): This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[ ] More than 180 days have passed since the filing of this charge.

[X] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

Age Discrimination in Employment Act (ADEA): You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

Equal Pay Act (EPA): You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

_[signature]_
Wendy K. Martin,
Local Office Director

MAR 2 7 2019
(Date Mailed)

Enclosures(s)

cc: TOPGOLF USA LAS VEGAS, LLC
Attn: HR Director/Manager
8750 N Central Expressway, Ste. 1200
Dallas, TX 75231