Electronically Filed
6/28/2019 2:34 PM
Steven D. Grierson
CLERK OF THE COURT

**SACOM**
James J. Lee, Esq.
NV Bar No. 1909
LEGAL OFFICES OF JAMES J LEE
2620 Regatta Drive #102
Las Vegas, NV 89128
james@leelitigate.com
702-664-6545 | 702-946-1115 (Fax)
Attorney for Plaintiff

**EIGHTH JUDICIAL DISTRICT COURT**

**CLARK COUNTY, NEVADA**

| | |
|---|---|
| Ciara Williams,<br><br>　　　　Plaintiff,<br><br>Silvino Hinojosa, and TOPGOLF USA Las Vegas, LLC, DOES 1 through X, inclusive, and ROES through X, inclusive<br><br>　　　　Defendants. | CASE NO: A-18-784031-C<br><br>SECOND AMENDED COMPLAINT:<br>　**(Demand for Trial by Jury)**<br>1. Assault<br>2. Battery<br>3. False Imprisonment<br>4. Gross Negligence<br>5. Negligent Supervision and Retention<br>6. Negligent Infliction of Emotional Distress<br>7. Intentional Infliction of Emotional Distress<br>8. Sexual Harassment<br>9. Fraud<br>10. Civil Conspiracy |

COMES NOW, Plaintiff Ciara Williams, by and through her counsel, James J. Lee, Esq., of Legal Offices of James J. Lee, and as and for her Complaint against Defendants alleges:

**I.**

SECOND AMENDED COMPLAINT - 1

## PARTIES AND JURISDICTION

1. Plaintiff, Ciara Williams ("Ms. Williams") is a resident of Clark County, Nevada and at all relevant times was an employee of Defendant TopGolf USA Las Vegas LLC ("TopGolf").

2. Defendant, Silvino Hinojosa ("Hinojosa") is a resident of Clark County, Nevada, and at all relevant times was a managing agent of TopGolf and in doing the things herein alleged was acting in the course and scope of his employment and/or his conduct was ratified and/or adopted by Defendant TopGolf when it retained and promoted him after TopGolf learned that he committed the wrongful acts alleged herein.

3. Defendant TopGolf USA Las Vegas, LLC is a Delaware limited liability company, with its place of business in Clark County, Nevada at 4627 Koval Ln. Las Vegas, NV, 89109.

4. That the identities of the Defendants, Does I through X, are unknown at this time and may be individuals, partnerships or corporations. Plaintiff alleges that each of the Defendants designated herein as a Doe defendant are individuals whose true names and capacities are unknown to the Plaintiff and are, therefore, sued by their fictitious names.

5. That the names and capacities, whether individual, corporate, associates, co-partnership, or otherwise of Defendants named herein as Roe corporations I through X, inclusive, are unknown to Plaintiff who therefore sue said Defendants by such fictitious names. Plaintiff will ask leave to amend this Complaint to substitute the true names of said Defendants when their true identities become known.

6. Plaintiff is informed and believes and thereupon alleges that the Defendants so designated herein as Roe Corporations I through X, inclusive are responsible in some manner

SECOND AMENDED COMPLAINT - 2

for their agency, master/servant or joint venture relationship with said Defendants, or otherwise contributed to, as a proximate cause, the events complained of herein.

7. Plaintiff is informed and believes and thereon alleges that Hinojosa and TopGolf aided and abetted, encouraged, and rendered substantial assistance to each other in breaching their obligations to Plaintiff, as alleged herein. Defendants, and each of them, acted with an awareness of his/its primary wrongdoing, and realized that its conduct would substantially assist the accomplishment of the wrongful conduct, wrongful goals, and wrong doing.

## II.

## FACTS

8. In April 2016, Plaintiff, Ciara Williams, 38, commenced work as a fulltime line cook at TopGolf.

9. Hinojosa is a serial sexual predator. Hinojosa was William's supervisor in the TopGolf kitchen.

10. Commencing in December of 2016, Hinojosa subjected Ms. Williams to daily sexual harassment, including, but not limited to, vulgar and offensive sexual comments and advances; non-consensual touching and groping; thrusting his erect penis against her hips and buttocks while laughing; touching of her buttocks and breasts; and offensive text messaging and phone calls. TopGolf kitchen managers witnessed this highly offensive and unwelcomed conduct and, in violation of TopGolf's own policies and procedures, did nothing to stop it.

11. In December of 2016, at a company Christmas party, Hinojosa became highly intoxicated. He made aggressive sexual advances towards Ms. Williams, witnessed by virtually everyone at the party including TopGolf managers, who laughed at his behavior and

SECOND AMENDED COMPLAINT - 3

1 took no action to intervene. Hinojosa followed Ms. Williams around, groping her, and
2 pulling her towards him. Ms. Williams left the party early to escape Hinojosa.

3 12. When she returned to work, Ms. Williams' male co-workers and managers mocked
4 her. They said things like "Oh you had fun at the party, didn't you?" and "I didn't know you
5 were that kind of girl."

6 13. When Hinojosa made offensive comments and groped Ms. Williams, he would yell
7 out phrases in Spanish which would cause the other Hispanics in the kitchen to laugh.

8 14. Ms. Williams would wear sweaters in the kitchen despite the heat, so that Hinojosa
9 would not be able to touch her bare skin when he groped her. He would say things like, "why
10 don't you show some more skin?"

11 15. Hinojosa sent incessant text messages to Ms. Williams, asking her to meet up for sex.

12 16. Hinojosa would follow Ms. Williams around the kitchen and into the parking lot. On
13 one occasion he showed up at her house rang the doorbell. Terrified, she did not answer.

14 17. When Ms. Williams was hired, she was told that complaints of any kind should be
15 reported to her supervisor or to the next manager in line. While Hinojosa was her immediate
16 supervisor, Chris Vaughn (Vaughn) was the next manager in line. When Ms. Williams
17 complained to Vaughn about Hinojosa's conduct, much of which Vaughn had already
18 witnessed first-hand, he responded by saying that sexual harassment was the norm in a
19 restaurant environment and told her that she should "get used to it." Ms. Williams also went
20 to manager James Linares (Linares) to report Hinojosa. Linares similarly dismissed Ms.
21 William's complaint.

22
23
24 SECOND AMENDED COMPLAINT - 4

18. Brian Gomez (Gomez), one of Ms. Williams male coworkers, tried to protect her from Hinojosa. The other male workers would torment him for this and say to Gomez things like, "Why are you such a pussy?"

19. Finally, on one occasion after she had been physically assaulted by Hinojosa, Ms. Williams reported him to Human Resources (HR). She did so on at least two occasions. Each time she filled out paperwork and was told that her complaints would be investigated and that she would receive copies of the paperwork. No investigation was done, and she never received copies.

20. At all relevant times, TopGolf was fully aware of Hinojosa's unlawful conduct both because of Ms. Williams' reports to HR and because it was witnessed by TopGolf's managing agents, was common knowledge amongst all of its employees, and because Hinojosa is a serial sexual predator, who sexually harassed at least four other women working in the TopGolf kitchen during Ms. William's tenure.

21. As time passed and nothing was done to protect her from Hinojosa, Ms. Williams, who is a survivor of childhood sexual abuse, became increasingly fearful, depressed, anxious, and withdrawn.

22. In or around late May of 2017, Ms. Williams was doing prep work and went alone into the walk-in freezer. Hinojosa followed her in. The walk-in had no windows and thick insulated metal walls that completely blocked any sound.

23. Once inside, Hinojosa cornered Ms. Williams into the back of the freezer and said, "I want to talk to you." He put his arms around her and said, "I know you want it."

SECOND AMENDED COMPLAINT - 5

24. She began crying and trying to fight him off, begging him to stop. She screamed for help. He cupped his hand over her mouth and said, "I'm going to have you one way or another."

25. Hinojosa pinned her arms behind her, pushed her towards the wall and groped everything from her breasts to her buttocks.

26. He began laughing as he forced his hand into her pants and digitally penetrated her vagina, while saying, "I told you I was going to have you." She tried breaking free of his grip by kicking at him and struggling to get her hands free. The more she fought him, the more aggressive he became in penetrating her and injured her vagina. This lasted for at least a minute.

27. When he slightly loosened his grip, she got free, pushed him away, and made her way out of the freezer in hysterics. As she stumbled to the exit, Hinojosa laughed and exclaimed, "I'm not going to wash my hand for the rest of the day!"

28. Ms. Williams ran out past the kitchen manager's office. She wept uncontrollably for in the locker room. She gathered her things intending to leave and never return, and ran into the parking lot to go home.

29. Ms. William's coworker Gomez, who had tried to protect her, saw her running out of the freezer in tears and followed her out to the parking lot. Ms. Williams told him what had happened, and he immediately escorted her to the HR office to report the assault.

30. Gomez also found Vaughn, insisting that he join them in the HR office. With Vaughn and Gomez present, Ms. Williams gave a detailed statement about what had happened in the walk-in freezer. Ms. Williams described how Hinojosa had assaulted and penetrated and her. She said she wanted to quit. She said she wanted to go to the police.

SECOND AMENDED COMPLAINT - 6

31. The HR manager told Ms. Williams not to quit and instead suggested she take some time off. Vaughn told her <u>not</u> to go to the police because the incident "wasn't serious enough to involve law enforcement" even though Hinojosa's forced sexual penetration was a violation of NRS 200.366, a felony punishable by life imprisonment. She was promised HR would investigate and "handle everything." Ms. Williams agreed to take some time off and took leave for approximately one week.

32. For days after the assault Ms. Williams was in pain from the bruises and abrasions she suffered and the injuries to her vagina.

33. As noted above, Ms. Williams is an adult survivor of child sexual abuse. Her childhood abuser would come into her room at night and cover her mouth, so she couldn't scream, just as Hinojosa had done. For this reason, Hinojosa's sexual assault in the walk-in was particularly devastating, inducing crippling feelings of shame, fear, powerlessness, and self-loathing. Ms. Williams became extremely anxious, depressed, and withdrawn and suffered from insomnia, nightmares, flashbacks, and intrusive memories.

34. As is the case with many survivors of childhood sexual abuse, Ms. Williams never told anyone while it was happening as a child. Likewise, Ms. Williams told very few people about Hinojosa's assault. For months after the assault, the only people that knew about what had happened were those who were present in the HR office on the day of the event.

35. Upon her return to work, Vaughn took Ms. Williams aside to tell her "everything had been taken care of" suggesting that Hinojosa had at least been terminated. She did not encounter Hinojosa or hear word of him for nearly six months.

SECOND AMENDED COMPLAINT - 7

36. Then in or about October 2017, Chris Vaughn took her aside in the kitchen and said, "Hinojosa is now sous chef. Chances are he may work your shift." Upon hearing this, "something inside of [her] broke."

37. Beginning in November 2017, Hinojosa was placed on the same shift as Ms. Williams. Hinojosa again was now in charge of the entire kitchen, and there was no one above him who Ms. Williams could report to.

38. Ms. Williams became suicidal. She started missing work frequently because she felt unable to face Hinojosa. She was written up for attendance issues and Hinojosa almost always had a hand in writing these citations, though he would have other employees complete the paperwork for him to avoid any evidence of his involvement.

39. Most devastatingly, Hinojosa continued to harass Ms. Williams with offensive comments and physical groping, only now he did so less publicly.

40. Hinojosa's promotion and assignment to her shift was intolerable and forced Ms. William's resignation, however she had to wait until she could find alternative employment. In April 2018, Ms. Williams found other employment and submitted her letter of resignation. Notably, she did not mention harassment or assault, out of shame and in fear of retaliation. She knew that TopGolf condoned Hinojosa's conduct as evidenced by its promoting rather than terminating and reporting him to the police. She also knew that she would need a positive recommendation from TopGolf

41. When Ms. Williams commenced her new job, she was suffering such severe depression and anxiety that she could not perform the essential functions of her employment. She was terminated.

SECOND AMENDED COMPLAINT - 8

42. On information and belief TopGolf destroyed the evidence of Ms. William's prior reports of sexual assault and harassment by Hinojosa. TopGolf encouraged Ms. Williams not to quit to avoid civil liabilities and damages. Even though TopGolf had a duty to report Hinojosa's sexual assault on its premises, it did not do so in order to avoid Hinojosa's harassment and sexual assault becoming common knowledge amongst the employees, potentially triggering other lawsuits by his victims. If TopGolf had not suppressed evidence of Hinojosa's sexual assault, Ms. Williams would have been taken to a hospital for examination of her injuries and collection of DNA evidence. Because of TopGolf's actions that evidence has been lost.

## FIRST CAUSE OF ACTION

## (ASSAULT)

43. Plaintiff incorporates by reference each allegation contained in Paragraphs 1 through 42 as if fully set forth herein.

44. On numerous occasions Hinojosa threatened to touch and touched various parts of Plaintiff's body without her permission or consent.

45. In doing such acts Defendant Hinojosa intended to place Plaintiff in apprehension of a harmful or offensive contact with Plaintiff's body.

46. As a result of Hinojosa's acts Plaintiff was in fact placed in apprehension of an offensive contact by Hinojosa.

47. As a further direct and proximate result, Plaintiff suffered substantial bodily harm and extreme emotional distress all to her damage in an amount to be proven at trial.

SECOND AMENDED COMPLAINT - 9

48. Defendants' actions were malicious, and oppressive, and done in conscious disregard for Plaintiff and Plaintiff is thereby entitled to punitive damages from Defendants and each of them.

## SECOND CAUSE OF ACTION

### (BATTERY)

49. Plaintiff incorporates by reference each allegation contained in Paragraphs 1 through 48 as if fully set forth herein.

50. Hinojosa made contact with Plaintiff's body. Hinojosa touched, grabbed, groped, and fondled Plaintiff in a rude, violent, vulgar, harmful and oppressive manner.

51. At all times Plaintiff found the contacts Hinojosa made with her body to be harmful and offensive. At no time did Plaintiff consent to any such contacts.

52. As a direct and proximate result of Hinojosa's battery Plaintiff suffered substantial bodily harm and emotional distress all to her damage in an amount to be proven at trial.

53. Defendants' actions were malicious, oppressive, and done in conscious disregard for Plaintiff and Plaintiff is thereby entitled to punitive damages from Defendants and each of them.

## THIRD CAUSE OF ACTION

### (FALSE IMPRISONMENT)

54. Plaintiff incorporates by reference each allegation contained in Paragraphs 1 through 53 as if fully set forth herein.

55. As described above, Hinojosa's acts caused Plaintiff's freedom of movement to be restrained in that they prevented Plaintiff from leaving a confined area set up by Hinojosa.

SECOND AMENDED COMPLAINT - 10

56. By reason of such false imprisonment Plaintiff was hindered and prevented from exercising freedom of movement.

57. As a direct and proximate result of such false imprisonment Plaintiff suffered substantial bodily harm and extreme emotional distress all to her damage in an amount to be proven at trial.

58. By reason of the forceful, and malicious false imprisonment of Plaintiff, Plaintiff is entitled to punitive damages from Defendants and each of them in an amount to be proven at trial.

## FOURTH CAUSE OF ACTION

## (GROSS NEGLIGENCE AGAINST TOPGOLF)

59. Plaintiff incorporates by reference each allegation contained in Paragraphs 1 through 58 as if fully set forth herein.

60. TopGolf had a duty to Plaintiff to keep its workplace safe, its employees free from harassment, and to report serious crimes of violence against its employees, including Plaintiff. At all relevant times, TopGolf knew, or should have known, that Hinojosa was a serial sexual predator who sexually harassed Plaintiff and other female employees in the workplace.

61. Hinojosa sexually harassed and assaulted Plaintiff and others on TopGolf's premises.

62. TopGolf failed and refused to take action to protect Plaintiff and its other female employees in conscious disregard of its duties to do so.

63. As a direct and proximate result of TopGolf's gross negligence Plaintiff suffered substantial bodily harm and extreme emotional distress all to her damage in an amount to be proven at trial.

SECOND AMENDED COMPLAINT - 11

64. TopGolf acted with oppression, fraud, malice, and conscious disregard for Plaintiff's in breaching its duties described herein and Plaintiff is thereby entitled to punitive damages from TopGolf.

## FIFTH CAUSE OF ACTION

### (NEGLIGENT SUPERVISION AND RETENTION AGAINST TOPGOLF)

65. Plaintiff incorporates by reference each allegation contained in Paragraphs 1 through 64 as if fully set forth herein.

66. At all relevant times, TopGolf was aware that Hinojosa was a sexual predator who engaged in sexual harassment and assault against Plaintiff and other employees.

67. At all relevant times, TopGolf knew or should have known that Hinojosa's conduct was against company policy and was in violation of applicable law.

68. TopGolf had a duty of reasonable care to retain only competent, qualified, and safe employees.

69. TopGolf knew that Hinojosa was unfit to work within the workplace and posed a risk to Plaintiff and other female coworkers. TopGolf breached its duty to Plaintiff by retaining Hinojosa as an employee.

70. As a direct and proximate result of TopGolf's negligent supervision and retention of Hinojosa, Plaintiff suffered substantial bodily harm and extreme emotional distress all to her damage in an amount to be proven at trial.

## SIXTH CAUSE OF ACTION

### (NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS)

71. Plaintiff incorporates by reference each allegation contained in Paragraphs 1 through 70 as if fully set forth herein.

SECOND AMENDED COMPLAINT - 12

70.     Defendants knew or should have known that the acts and omissions, above described, would cause Plaintiff severe emotional distress.

72.     As a direct and proximate result of the acts and omissions of Defendants, Plaintiff suffered substantial bodily harm and extreme emotional distress all to her damage in an amount to be proven at trial.

## SEVENTH CAUSE OF ACTION

### (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

73.     Plaintiff incorporates by reference each allegation contained in Paragraphs 1 through 72 as if fully set forth herein.

74.     As described herein, the conduct of Defendants were extreme and outrageous because the violated criminal and civil statutes and public polices, abused power they had by virtue of the employment relationship and were done intentionally to and with specific to harm Plaintiff or with the recognition that their acts were likely to result in damages to Plaintiff in the form of extreme emotional distress.

75.     As a proximate result of the acts of Defendants, Plaintiff suffered severe emotional distress, humiliation, anxiety, depression and post-traumatic stress disorder all to her damage in an amount to be proven at trial.

76.     Defendants' actions were malicious, oppressive, and done in conscious disregard for Plaintiff and Plaintiff is thereby entitled to punitive damages from Defendants and each of them.

/ / /

/ / /

SECOND AMENDED COMPLAINT - 13

**EIGHTH CAUSE OF ACTION**

**(SEXUAL HARASSMENT NRS 613.330)**

77. Plaintiff incorporates by reference each allegation contained in Paragraphs 1 through 76 above as if fully set forth herein.

78. At all relevant times Defendant Hinojosa supervised Plaintiff's daily job performance during her employment with TopGolf.

79. Because Hinojosa acted as a managing agent of TopGolf, TopGolf is liable for Hinojosa's actions as its agent and representative and through ratification of his conduct.

80. As outlined throughout this complaint, Hinojosa repeatedly engaged in sexual harassment of Plaintiff during the course of her employment with TopGolf. Said harassment was of a sexual and hostile nature based on Plaintiff's gender. Defendant Hinojosa's sexual advances and assaults were unwelcome, pervasive, and severe.

81. Plaintiff was unable to terminate her relationship with Defendant TopGolf because her employment provided her livelihood, and her employment required her to work with Hinojosa. TopGolf did nothing to stop Hinojosa from harassing Plaintiff while she worked under him.

82. The aforementioned acts were committed by Defendants and/or by managing agents, agents or representatives of Topgolf and/or were known to, aided, abetted, authorized, ratified by or and/or otherwise approved by Topgolf.

83. Defendant's conduct was a substantial factor in causing damage and injury to Plaintiff as alleged herein.

84. Defendant's actions were criminal, fraudulent, malicious and oppressive, and Plaintiff is therefore entitled to punitive damages from Defendants and each of them.

SECOND AMENDED COMPLAINT - 14

## NINTH CAUSE OF ACTION

**(FRAUD)**

85. Plaintiff incorporates by reference each allegation contained in Paragraphs 1 through above as if fully set forth herein.

86. Topgolf represented to Plaintiff that she should not quit her employment after she reported Hinojosa's rape, that it would terminate Hinojosa and report him to the police and that she would never have to see him again.

87. These representations were false and untrue.

88. Topgolf intended that Plaintiff would rely on said representations and Plaintiff did so rely in staying on as an employee of Topgolf.

89. Topgolf's intentional misrepresentations to Plaintiff, and Plaintiff's reliance on them, were substantial factors in causing damage and injury to Plaintiff as alleged herein.

90. Topgolf's intentional misrepresentations were criminal malicious and oppressive and Plaintiff is therefore entitled to punitive damages in an amount to be proven at trial.

## TENTH CAUSE OF ACTION
**(CIVIL CONSPIRACY)**

91. Plaintiff incorporates by reference each allegation contained in Paragraphs 1 through 90 above as if fully set forth herein.

92. Defendants Topgolf and Hinojosa agreed together to defraud and prevent Plaintiff from reporting the sexual assault and rape to the police in order to induce Plaintiff to stay on as an employee and refrain from reporting the sexual assaults and rape to the police and, later to allow Hinojosa to continue to assault and harass Plaintiff.

SECOND AMENDED COMPLAINT - 15

93.     All Defendants acquired, possessed and maintained a general knowledge of the conspiracy's objectives to inflict wrongs against and/or injure Plaintiff as described in this complaint.

94.     Defendants' conspiracy to commit these tortious acts on Plaintiff were a substantial factor in in causing injury and damage to Plaintiff as alleged herein.

95.     Defendants' conduct was fraudulent, malicious and oppressive and Plaintiff is therefore entitled to punitive damages from Defendants and each of them.

**WHEREFORE,** Plaintiff respectfully requests that this Court enter judgment:

    1.  Directing Defendants to pay compensatory damages to Plaintiff for:

        (a)  Mental and emotional distress in a sum in excess of $10,000;

        (b)  General and special damages in a sum in excess of $10,000;

        (c)  Punitive damages in a sum in excess of $10,000;

        (d)  Attorney's fees according to law;

        (e)  Costs of suit incurred herein;

        (e)  Such other and further relief as this court deems just and proper.

DEMAND FOR A TRIAL BY JURY

Dated this 28th day of June, 2019.

/s/James Lee  
LEGAL OFFICES OF JAMES J LEE  
2620 Regatta Drive #102  
Las Vegas, NV 89128  
james@leelitigate.com  
702-664-6545 | 702-946-1115 (Fax)  
*Attorney for Plaintiff*

SECOND AMENDED COMPLAINT - 16

<u>CERTIFICATE OF SERVICE</u>

Pursuant to NRCP 5(b), I hereby certify that I am an employee of the Legal Offices of James J. Lee, ESQ and that on the 28th day of June, 2019, I caused a true and correct copy of SECOND AMENDED COMPLAINT to be served via the Court's electronic filing and service systems to the following parties and all parties on the current service list.

t.boley@bandafirm.com
clarissa@bandafirm.com
Thomas D. Boley, Esq.
Boley & AlDabbagh
1900 E. Bonanza Rd.
Las Vegas, NV  89101

Erica.chee@ogletreedeakins.com
Suzanne Martin, Esq.
Erica Chee, Esq.
Ogletree Deakins Nash Smoak & Stewart
3800 Howard Hughes Pkwy #1500
Las Vegas, NV  89169

<u>/s/ Kelly Tassinari</u>
Employee of Legal Offices of James J Lee

SECOND AMENDED COMPLAINT - 17