Electronically Filed
6/18/2020 10:00 PM
Steven D. Grierson
CLERK OF THE COURT

**MAMC**
James J. Lee, Esq.
NV Bar No. 1909
LEGAL OFFICES OF JAMES J LEE
2620 Regatta Drive, Suite #102
Las Vegas, NV 89128
james@leelitigate.com
702-664-6545 | 702-946-1115 (Fax)
*Attorney for Plaintiff*

## EIGHTH JUDICIAL DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| CIARA WILLIAMS,<br><br>   Plaintiff,<br><br>SILVINO HINOJOSA, and<br>TOPGOLF USA LAS VEGAS, LLC,<br>DOES I through X, inclusive, and<br>ROES I through X, inclusive,<br><br>   Defendants. | CASE NO: A-18-784031-C<br>Dept. No.: IV<br><br>**PLAINTIFF'S MOTION TO AMEND COMPLAINT**<br><br>**No Hearing Requested** |

   Plaintiff Ciara Williams ("Plaintiff"), by and through her counsel, the Legal Offices of James J. Lee, moves to amend her complaint.

   This motion is based on Nevada rule of Civil Procedure 15 (a)(2) and (c), the following Memorandum of Points and Authorities, the records, pleadings, and papers on file herein, and any oral argument this Court deems appropriate.

…

…

…

…

1

DATED this 18th day of June, 2020.

LEGAL OFFICES OF JAMES J. LEE


/s/ James J. Lee
James J. Lee
NV Bar No. 1909
2620 Regatta Dr., Suite #102
Las Vegas, NV 89128
*Attorney for Plaintiff Ciara Williams*

### NOTICE OF MOTION

PLEASE TAKE NOTICE that the undersigned counsel will bring **PLAINTIFF'S MOTION FOR TO AMEND HER COMPLAINT** on for hearing before Department IV of this Court on the _____ day of _____, 2020, at the hour of _____a.m./p.m., or as soon thereafter as the matter may be heard.

LEGAL OFFICES OF JAMES J. LEE


/s/ James J. Lee
James J. Lee
NV Bar No. 1909
2620 Regatta Dr., Suite #102
Las Vegas, NV 89128
*Attorney for Plaintiff Ciara Williams*

2

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   PROCEDURAL BACKGROUND

After Plaintiff's counsel's oral motion for leave from this Court to amend her complaint was granted on June 20, 2019, Plaintiff filed her Second Amended Complaint on June 28, 2019. On July 12, 2019, Defendant TopGolf USA Las Vegas, LLC ("TopGolf LV") filed its Answer to Plaintiff's Second Amended Complaint.

Plaintiff has taken the deposition of Joyce Boisell, in which she revealed that she was Regional Manager for TopGolf International Inc., d/b/a TopGolf Entertainment Group ("TopGolf Entertainment Group"), the parent company of TopGolf LV and the proposed Defendant in Plaintiff's Amended Complaint (collectively "TopGolf Defendants").

Due to the COVID-19 pandemic, the parties sought to extend the discovery deadlines by one hundred and twenty (120) days. On May 17, 2020, this Court granted the requested extension and ordered the discovery cut-off date to be Thursday, September 17, 2020. The Court also included an extension of the Amended Pleading deadline to June 19, 2020. This Motion is therefore timely.

### II.   STANDARD OF REVIEW

Nevada Rules of Civil Procedure ("N.R.C.P.") 15(a)(2) states a party may amend its pleading after the deadline to do so as a matter of course has passed with "the court's leave. The court should freely give leave when justice so requires." It is well established that "in the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant—the leave to amend should be freely given." *See, Stephens v. Southern Nev. Music Co.,* 89 Nev. 104, 507 P.2d 138 (1973). The grant or denial of an opportunity to amend is within the discretion of the trial court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion, it is merely abuse of that discretion and inconsistent with the spirit of the *Nevada Rules of Civil Procedure. Adamson v. Bowker*, 85 Nev. 115, 450 P.2d 796 (1969).

With regards to the statute of limitations, N.R.C.P. 15(c) provides:

An amended pleading relates back to the date of the original pleading when:

(1) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; or

(2)  the amendment changes a party or the naming of a party against whom a claim is asserted, if Rule 15 (c)(1) is satisfied and if, within the period provided by Rule 4 (e) for serving the summons and complaint, the party to be brought in by amendment:

> (A)  received such notice of the action that it will not be prejudiced in defending on the merits; and

> (B)  knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

When a complaint is amended to add a new defendant, rather than adding a new claim against existing defendants, the Court in *Servatius v. United Resort Hotels, Inc.,* 85 Nev. 371, 455 P.2d 621 (1969), identified three factors necessary to bring a proper party-defendant in by amendment even though the statute of limitations might have run against the proper defendant. A proper party-defendant (1) must have received actual notice of the institution of the action; (2) must have known that it was the proper party-defendant; and (3) was not in any way misled to its prejudice. *See also, Costello v. Casler*, 127 Nev. 436, 442, 254 P.3d 631, 636 (2011).

Moreover, by virtue of N.R.C.P. 10(a), designated but unnamed defendants, such as Does I through X and Roes I through X, are already parties in legal contemplation. A subsequent amendment, stating their actual names, therefore relates back to commencement of the action as provided N.R.C.P. 15(c). *Hill v. Summa Corp.*, 90 Nev. 79, 518 P.2d 1094 (1974).This rule allows a plaintiff to plead a cause of action against a party whose name is not known; when the name is discovered the pleading may then be amended. Such an amendment relates back to the date of the original pleading allowing a defendant's true name to be substituted after the expiration of the statutory limitation. *Lunn v. American Maintenance Corp.*, 96 Nev. 787, 618 P.2d 343

(1980).Where the designated but unnamed defendants are properly joined and described pursuant to N.R.C.P. 10(a), a subsequent amendment providing their true names relates back to the date of the original pleading. *Id.*

### III.   ARGUMENT

#### A.   Plaintiffs Proposed Amendment is Timely, Relates Back to Her Original Pleading, and Does Not Prejudice TopGolf Defendants

Plaintiff's amendment is timely according to the Court's May 17, 2020 Order, extending the deadline for Amended Pleadings to June 19, 2020. Plaintiff moves to amend in the interest of judicial economy, efficiency, and clarity, to ensure her claims are adjudicated on their merits, and to ensure that all necessary parties to this action are properly named.

Plaintiff's proposed Third Amended Complaint, attached hereto as **Exhibit 1**, does four things: (1) It identifies a previously unnamed Roe Corporation Defendant; (2) it corrects a mislabeling of Plaintiff's sexual harassment claim to indicate that it is a Title VII claims; (3) it consolidates and restructures Plaintiff's causes of actions in an attempt to make clearer that her tort law claims are pendant to her sexual harassment claims and therefore are not preempted by the Nevada Industrial Insurance Act ("NIIA," NRS 616A-NRS 616D);  and (4) it clarifies some of the factual predicates of the claims in accordance with evidence obtained through discovery.

Any and all factual amendments and corrections of the labeling of Plaintiff's claims relate back to the facts as originally plead, so that Defendants have had adequate notice of the general areas of dispute. *Costello v. Casler,* 127 Nev. 436, 441, 254 P.3d 631, 634 (2011).

#### B.   TopGolf Entertainment Group is a Necessary and Proper Defendant

Discovery has revealed that key actors in this case are in fact managing agents and employees of TopGolf LV's parent company, TopGolf Entertainment Group, including Human Resources Regional Manager Joyce Boisell ("Boisell"). Based on the evidence procured through discovery, which is ongoing, Plaintiff's Proposed Third Amended Complaint alleges that "Defendant TopGolf Entertainment, by its agents, servants, and/or employees, including but not

limited to, its regional Human Resources Managers, governed, managed, authorized, and approved the acts and business of Defendant TopGolf LV and its agents, servants, and/or employees" (**Exhibit 1**, ¶8) and "Defendant TopGolf Entertainment Group, through its managing agents, *destroyed, concealed and/or engaged in spoliation of critical evidence* which would have materially benefited Plaintiff's prosecution of this case in order to avoid liability" (*Id., ¶* 12) (Emphasis added).

Accordingly, TopGolf Entertainment Group is liable for the unlawful conduct complained of due to the affirmative actions of its managing agent, and its agency relationship with its wholly owned subsidiary TopGolf LV.

Plaintiff's original pleading designated defendants as Roe Corporations I through X as responsible for their agency relationship with the named Defendants. (Second Amended Complaint ¶5). Thus, adding Defendant TopGolf Entertainment is simply a substitution of the unnamed Roe Defendant properly identified and described as Roe pursuant to N.R.C.P. 10(a) with its true name.

If the Court finds that TopGolf Entertainment Group is a new Defendant rather than substituted as described above, the proposed amended pleading adds the new Defendant according to the three necessary factors articulated by the Court in Court in *Servatius v. United Resort Hotels, Inc., Supra*. First, TopGolf Entertainment Group had proper notice of the institution of this action as early as May 4, 2018, before this action was commenced, due to a confidential settlement demand which detailed the factual predicates of Plaintiff's claims and was responded to by TopGolf Entertainment Group's attorney Sarah Mitchell Montgomery, Esq. Second, TopGolf Entertainment Group knew or should have known that it was a proper Defendant in this action because of its agency relationship with TopGolf LV, and based on the fact that key actors, including Joyce Boisell and Angela Erstadt, the latter designated by TopGolf LV as the person most knowledgeable regarding the sexual harassment investigation at issue in this matter, and the company's Human Resources policies and procedures, were agents and employees of

TopGolf Entertainment Group, not TopGolf LV. TopGolf Entertainment Group representatives have been involved in this action from its onset, and thus, thirdly, it has in no way been misled, and will not be prejudiced by being named as a proper Defendant in this action.

### C. TopGolf Defendants had Adequate Notice that Plaintiff's Claims Arise out of Title VII

Plaintiff has relabeled her sexual harassment cause of action as a Title VII claim. Plaintiff timely filed a charge of discrimination against TopGolf Defendants on July 12, 2018, and Plaintiff received a right to sue on March 27, 2019. A copy of this Right to Sue letter was mailed to TopGolf LV on that date as a matter of course. Moreover, the Right to Sue letter was referenced in Plaintiff's Opposition to TopGolf's Motion to Dismiss her amended complaint, filed on April 19, 2020. Conversely, TopGolf Defendants knew that Plaintiff did not exhaust her administrative remedies in order to bring her claims under NRS 613.330, because she did not timely file a charge with the Nevada Equal Rights Commission. TopGolf knew this because it subpoenaed the Nevada Equal Rights Commission on November 18, 2019 and on December 3, 2019 received no records relating to Plaintiff.

### D. Plaintiff's Tort Claims are Not Preempted by NIIA Because They Arise Out of Sexual Harassment

The proposed Third Amended Complaint makes clearer that Plaintiff's common law tort causes of action arise out of the same conduct that gives rise to her sexual harassment claims. This is significant with regard to Defendant Topgolf LV Plaintiff's employer. Topgolf LV has previously claimed that it is immune from tort liability under the exclusive remedy provisions of the Nevada Industrial Insurance Act (NIIA) with regard to Plaintiff's pendent tort claims. In fact, it is not. In *Switzer v Rivera* 174 F. Supp 1097 (Nev. 2001) the Nevada Federal District Court held that neither sexual harassment or common law tort claims that *arise out of* sexual harassment are not preempted by the Nevada Industrial Insurance Act exclusivity provision. (emphasis added)

*See also, Burns. V. Mayer* 175 F. Supp 2d 1259; 2001 U.S. Dist. LEXIS Nev. (common law tort claims arising out of same conduct that constituted sexual harassment not preempted by the act).

The Supreme Court of Florida said it well:

"Our clear obligation is to construe both the workers' compensation statute and the enactments dealing with sexual harassment so that the policies of both are preserved to the greatest extent possible. . .Workers' Compensation is directed essentially at compensating a worker for lost resources and earnings. This is a vastly different concern than is addressed by the sexual harassment laws. While workplace injuries rob a person of resources, sexual harassment robs the person of dignity and self-esteem . . . To the extent these injuries are separable, we believe that they should be, and can be, enforced separately. *See, Byrd v. Richardson-Greenshields Secur., Inc.,* 552 So. 2d 1099, 1099 (Fla. 1989).

## CONCLUSION

Plaintiff Motion for Leave to Amend the complaint is timely filed. The added Defendant TopGolf Entertainment Group has known from the outset that it is a proper party and is not prejudiced by being identified by its true name instead of as a Roe Corporation. Plaintiff's amendment merely clarifies the factual predicates of Plaintiff's claims and correctly identifies her sexual harassment claims as arising out of Title VII. Based on the foregoing, Plaintiff respectfully requests that this Court grant her motion to amend her complaint as proposed.

DATED this 18th day of June, 2020.

LEGAL OFFICES OF JAMES J. LEE

/s/ James J. Lee

James J. Lee
NV Bar No. 1909
2620 Regatta Dr., Suite #102
Las Vegas, NV 89128
*Attorney for Plaintiff Ciara Williams*

**CERTIFICATE OF SERVICE**

I hereby certify that, pursuant to NEFCR 9(A), I electronically transmitted the foregoing **PLAINTIFF'S MOTION TO AMEND THE COMPLAINT** to the Clerk's Office using the electronic filing process for the Eighth Judicial District Court to the following registrant:

> Suzanne L. Martin
> Erica J. Chee

Pursuant to NRCP 5(b), I hereby further certify that on this date, service of the foregoing was also made by depositing a true and correct copy of same for mailing, first class mail, postage prepaid thereon, at Las Vegas, Nevada, to the following:

Silvino Hinojosa, ID #01722886
Clark County Detention Center
330 S. Casino Center Boulevard
Las Vegas, NV 89101-6102
*Defendant in pro se*

Dated this 18th day of June, 2020.

/s/ *Isabella Lee*
An employee of the Legal Offices of James J. Lee

9

# EXHIBIT 1

**ACOMP**
James J. Lee, Esq.
NV Bar No. 1909
LEGAL OFFICES OF JAMES J. LEE
2620 Regatta Drive #102
Las Vegas, NV 89128
james@leelitigate.com
702-664-6545 | 702-946-1115 (Fax)
*Attorney for Plaintiff Ciara Williams*

## EIGHTH JUDICIAL DISTRICT COURT

## CLARK COUNTY, NEVADA

CIARA WILLIAMS,

              Plaintiff,

SILVINO HINOJOSA, TOPGOLF
USA LAS VEGAS, LLC, TOPGOLF
INTERNATIONAL, INC. d/b/a
TOPGOLF ENTERTAINMENT
GROUP, DOES I through X,
inclusive, and ROES I through X,
inclusive,

              Defendants.

CASE NO: A-18-784031-C

**THIRD AMENDED COMPLAINT**
**(Proposed)**

1. Sexual Harassment
2. Intentional Infliction of Emotional Distress
3. Negligent Infliction of Emotional Distress
4. Negligence
5. Assault
6. Battery
7. False Imprisonment
8. Fraud/Deceit

        COMES NOW, Plaintiff Ciara Williams, by and through her counsel, James J. Lee, Esq., of Legal Offices of James J. Lee, and as and for her Complaint against Defendants alleges:

…

…

THIRD AMENDED COMPLAINT - 1

# I.

## PARTIES AND JURISDICTION

1.      Plaintiff, Ciara Williams ("Plaintiff") is a resident of Clark County, Nevada and at all relevant times was an employee of Defendant TopGolf USA Las Vegas LLC ("TopGolf").

2.      Defendant, Silvino Hinojosa ("Hinojosa") is a resident of Clark County, Nevada, and at all relevant times was a managing agent of TopGolf and in doing the things herein alleged was acting in the course and scope of his employment and/or his conduct was ratified and/or adopted by Defendant TopGolf when it retained and promoted him after TopGolf learned that he committed the wrongful acts alleged herein.

3.      Defendant TopGolf USA Las Vegas, LLC ("TopGolf LV") is a Delaware limited liability company, with its place of business in Clark County, Nevada at 4627 Koval Ln. Las Vegas, NV, 89109.

4.      Defendant Topgolf International, Inc. D/B/A Topgolf Entertainment Group, ("TopGolf Entertainment Group") is a Delaware Corporation, with its principal place of business in Dallas, Texas, at 8750 N Central Expy Ste 1200 Dallas, TX, 75231-6430.

5.      Upon information and belief, Defendant TopGolf Entertainment Group is the parent company of its wholly owned subsidiary TopGolf LV (collectively "TopGolf Defendants").

6.      At all relevant times, Defendant TopGolf Entertainment Group owned, operated, and directly controlled Defendant TopGolf LV.

7.      Defendant TopGolf Entertainment Group controls, supervises, and authorizes the activities and operations of its wholly owned subsidiary TopGolf LV, in the State of Nevada.

THIRD AMENDED COMPLAINT - 2

8.      At all relevant times, Defendant TopGolf Entertainment, by its agents, servants, and/or employees, including but not limited to, its regional Human Resources Managers, governed, managed, authorized, and approved the acts and business of Defendant TopGolf LV and its agents, servants, and/or employees.

9.      At all relevant times, Defendant TopGolf Entertainment Group had a duty and acted with authority in its decision-making with regards to its subsidiary TopGolf LV, including its policies, procedures, and compliance with Nevada state laws that regulated its conduct of business in the city of Las Vegas, state of Nevada.

10.     Defendant TopGolf Entertainment Group promulgated, drafted, and approved its subsidiary TopGolf LV's human resource policies and procedures.

11.     Defendant TopGolf Entertainment Group monitored the compliance and efficacy of its human resources policies and procedures, and approved TopGolf LV's decision-making regarding investigations, discipline, and termination of employees for violations of policy.

12.     Defendant TopGolf Entertainment Group, through its managing agents, destroyed, concealed and/or engaged in spoliation of Plaintiff's handwritten description of the rape described herein as well as its Regional Human Resources Manager's handwritten notes regarding her initial HR interview.

13.     The identities of the Defendants, Does I through X, are unknown at this time and may be individuals, partnerships or corporations. Plaintiff alleges that each of the Defendants designated herein as a Doe defendant are individuals whose true names and capacities are unknown to the Plaintiff and are, therefore, sued by their fictitious names.

14.     That the names and capacities, whether individual, corporate, associates, co-partnership, or otherwise of Defendants named herein as Roe Corporations I through X,

THIRD AMENDED COMPLAINT - 3

inclusive, are unknown to Plaintiff who therefore sue said Defendants by such fictitious names. Plaintiff will ask leave to amend this Complaint to substitute the true names of said Defendants when their true identities become known.

15.     Plaintiff is informed and believes and thereupon alleges that the Defendants so designated herein as Roe Corporations I through X, inclusive are responsible in some manner for their agency, master/servant or joint venture relationship with said Defendants, or otherwise contributed to, as a proximate cause, the events complained of herein.

16.     Plaintiff is informed and believes and thereon alleges that Defendants Hinojosa, TopGolf LV, and TopGolf Entertainment Group aided and abetted, encouraged, and rendered substantial assistance to each other in breaching their obligations to and harming Plaintiff, as alleged herein. Defendants, and each of them, acted with an awareness of his/their primary wrongdoing, and realized that their conduct would substantially assist the accomplishment of the wrongful conduct, wrongful goals, and wrongdoing.

**II.**

**FACTS**

17.     In April 2016, Plaintiff, Ciara Williams, 38, commenced work as a fulltime line cook at TopGolf LV.

18.     Defendant Silvino Hinojosa is a serial sexual predator. Hinojosa was Plaintiff's supervisor in the TopGolf LV kitchen.

19.     Commencing in December of 2016, Hinojosa subjected Plaintiff to virtually daily sexual harassment, including, but not limited to, vulgar and offensive sexual comments and advances; non-consensual touching and groping; thrusting his erect penis against her hips and buttocks while laughing; touching of her buttocks and breasts; and offensive text messaging

THIRD AMENDED COMPLAINT - 4

and phone calls. TopGolf LV kitchen managers witnessed this highly offensive and unwelcomed conduct and, in violation of TopGolf Defendants' own policies and procedures, did nothing to stop it.

20.     When Hinojosa made offensive comments and groped Plaintiff, he would sometimes yell out phrases in Spanish which would cause the other Hispanics in the kitchen to laugh.

21.     Plaintiff would wear sweaters in the kitchen despite the heat, so that Hinojosa would not be able to touch her bare skin when he groped her. When she did he would say things like, "why don't you show some more skin."

22.     Hinojosa sent incessant text messages to Plaintiff, asking her to meet up for sex.

23.     Hinojosa would follow Plaintiff around the kitchen and into the parking lot. On one occasion he showed up at her house rang the doorbell. Terrified, she did not answer.

24.     When Plaintiff was hired, she was told that complaints of any kind should be reported to her supervisor or to the next manager in line. While Hinojosa was her immediate supervisor, Chris Vaughn ("Vaughn") was the next manager in line. When Plaintiff complained to Vaughn about Hinojosa's conduct, much of which Vaughn had already witnessed first-hand, he responded by saying that sexual harassment was the norm in a restaurant environment and told her that she should "get used to it." Plaintiff also went to manager James Linares ("Linares") to report Hinojosa. Linares similarly dismissed Ms. William's complaint.

25.     At all relevant times, TopGolf Defendants were fully aware of Hinojosa's unlawful conduct   through its managing agents whom Plaintiff reported the abuse to and or who witnessed same. or who, who sexually harassed at least three other women working in the TopGolf kitchen during Ms. William's tenure.

THIRD AMENDED COMPLAINT - 5

26.     One such woman who similarly endured sexual harassment by Hinojosa was named Elba Servin. On information and belief, Elba Servin made a formal complaint to HR about Hinojosa. In accordance with TopGolf Defendants' pattern and practice, any and all evidence of her complaint was destroyed.

27.     Other women Hinojosa sexually harassed were Natali Pueblas, Jenny Marisol Pueblas, and Jenny Vasquez.

28.     As time passed and nothing was done to protect her from Hinojosa, Plaintiff, who is a survivor of childhood sexual abuse, became increasingly fearful, depressed, anxious, and withdrawn.

29.     In or about June of 2017,[1] Plaintiff was doing prep work and went alone into the walk-in freezer. Hinojosa followed her in. The walk-in had no windows and thick insulated metal walls that completely blocked any sound.

30.     Once inside, Hinojosa cornered Plaintiff into the back of the freezer and said, "I want to talk to you." He put his arms around her and said, "I know you want it."

31.     She began crying and trying to fight him off, begging him to stop. She screamed for help. He cupped his hand over her mouth and said, "I'm going to have you one way or another."

32.     Hinojosa pinned her arms behind her, pushed her towards the wall and groped everything from her breasts to her buttocks.

33.     He began laughing as he forced his hand into her pants and digitally penetrated her vagina, while saying, "I told you I was going to have you." She tried breaking free of his

[1] Plaintiff does not recall the exact date of the assault, and since Joyce Boisell destroyed her written notes which were made on the date of assault, and Plaintiff's written statement was destroyed, the exact date of the assault and her report remains unknown.

THIRD AMENDED COMPLAINT - 6

grip by kicking at him and struggling to get her hands free. The more she fought him, the more aggressive he became in penetrating her and injured her vagina. This lasted for at least a minute.

34.     When he slightly loosened his grip, she got free, pushed him away, and made her way out of the freezer in hysterics. As she stumbled to the exit, Hinojosa laughed and exclaimed, "I'm not going to wash my hand for the rest of the day!"

35.     Plaintiff ran out past the kitchen manager's office. She wept uncontrollably for five minutes in the locker room. She gathered her things intending to leave and never return and ran into the parking lot to go home.

36.      Plaintiff's coworker Brian Gomez, who had tried to protect her from Hinojosa, saw her running out of the freezer in tears and followed her out to the parking lot.  Plaintiff told him what had happened, and he immediately escorted her to the HR office to report the assault.

37.     Gomez also found Vaughn, insisting that he join them in the HR office. With Vaughn and Gomez present, Plaintiff gave a detailed statement about what had happened in the walk-in freezer. Plaintiff described how Hinojosa had assaulted and penetrated and her. She said she wanted to quit. She said she wanted to go to the police.

38.     The HR Regional Manager, Joyce Boisell, and employee of TopGolf Entertainment Group, TopGolf LV's parent company, told Plaintiff not to quit and instead suggested she take some time off. Vaughn also told her not to go to the police because the incident "wasn't serious enough to involve law enforcement" even though Hinojosa's forced sexual penetration was a felony punishable by life imprisonment. Boisell promised Plaintiff that HR would investigate and "handle everything." Plaintiff agreed to take some time off and took a leave from work for approximately one week.

THIRD AMENDED COMPLAINT - 7

39.     As noted above, Plaintiff is an adult survivor of child sexual abuse. Her childhood abuser would come into her room at night and cover her mouth, so she couldn't scream, just as Hinojosa had done. For this reason, Hinojosa's sexual assault in the walk-in was particularly devastating, inducing crippling feelings of shame, fear, powerlessness, and self-loathing. Plaintiff became extremely anxious, depressed, and withdrawn and suffered from insomnia, nightmares, flashbacks, and intrusive memories.

40.     As is the case with many survivors of childhood sexual abuse, Plaintiff never told anyone while it was happening as a child. Likewise, Plaintiff told very few about Hinojosa's assault.

41.     Upon her return to work, Vaughn took Plaintiff aside to tell her "everything had been taken care of" suggesting that Hinojosa had at least been terminated. She did not encounter Hinojosa or hear word of him for nearly six months. His name was also deleted from the daily roster.

42.     Then in or about October 2017, Manager Chris Vaughn took her aside in the kitchen and said, "Hinojosa is now sous chef. Chances are he may work your shift." Upon hearing this, "something inside of [her] broke."

43.     Beginning in November 2017 Hinojosa was placed on the same shift as Plaintiff. Hinojosa again was in charge of the entire kitchen, and there was no one above him who Plaintiff could report to.

44.     Plaintiff became suicidal. She started missing work frequently because she felt unable to face Hinojosa. She was written up for attendance issues and Hinojosa almost always had a hand in writing these citations, though he would have other employees sign the paperwork for him to avoid any evidence of his involvement.

THIRD AMENDED COMPLAINT - 8

45.     Most devastatingly, Hinojosa continued to harass Plaintiff with offensive comments and physical groping, only now he did so less publicly.

46.     Hinojosa's promotion and assignment to her shift was intolerable and forced Plaintiff resignation, however she had to wait until she could find alternative employment. In April 2018, Plaintiff found other employment and submitted her letter of resignation. Notably, she did not mention harassment or assault, out of shame and in fear of further retaliation. She knew that TopGolf Defendants condoned Hinojosa's conduct as evidenced by the fact that Hinojosa was promoted rather than terminated and reported to the police. She also knew that she would need a positive recommendation from TopGolf LV.

47.     When Plaintiff commenced her new job, she was suffering such severe depression and anxiety that she could not perform the essential functions of her employment. She was forced to resign.

48.     TopGolf Defendants cultivated, permitted condoned, ratified, and/or covered up the known or suspected wrongful conduct of Hinojosa and conspired with each other to harbor Hinojosa from criminal prosecution thereby enabling Hinojosa to continue harassing and assaulting Plaintiff and other female employees.

49.     In April of 2018, Natali Pueblas, Jenny Marisol, and Jenny Vasquez filed incident reports against Silvino Hinojosa for sexual harassment.

50.     On May 2, 2018, Hinojosa was finally terminated.

51.     On or about October 3, 2019, Hinojosa was arrested and charged with felony sexual assault of a 5-year-old child. He remains incarcerated pending trial on those charges.

THIRD AMENDED COMPLAINT - 9

52.     On October 17, 2019 Hinojosa was charged with kidnapping (first degree), and sexual assault for what he did to Plaintiff. He remains incarcerated pending trial on those charges.

53.     Topgolf Defendants engaged in a tacit, sometimes overt conspiracy, to harbor, protect and aid and abet Hinojosa by destroying evidence and failing to immediately report him to local law enforcement for criminal prosecution and investigation, and failing to warn or restrict his access to Plaintiff and other female employees. Had it not done so it is very likely that he would not have been able to continue to harass and assault Plaintiff and other female employees, and would have been prevented from sexually assaulting a 5-year-old child.

## FIRST CAUSE OF ACTION

## SEXUAL HARASSMENT (TITLE VII)

54.     Plaintiff incorporates by reference each allegation contained in Paragraphs 1 through 53 as if fully set forth herein.

55.     At all relevant times Defendant Hinojosa supervised Plaintiff's daily job performance during her employment with TopGolf LV.

56.     Because Hinojosa acted as a managing agent of TopGolf LV, TopGolf LV is liable for Hinojosa's actions as its agent and representative. TopGolf Defendants are liable through ratification of his conduct.

57.     As outlined throughout this complaint, Hinojosa repeatedly engaged in sexual harassment of Plaintiff during the course of her employment with TopGolf LV. Said harassment was of a sexual and hostile nature based on Plaintiff's gender. Defendant Hinojosa's sexual advances and assaults were unwelcome, pervasive, and severe, which created a hostile work environment.

THIRD AMENDED COMPLAINT - 10

58.     Plaintiff was unable to terminate her relationship with Defendant TopGolf LV because her employment provided her livelihood, and her employment required her to work with Hinojosa. TopGolf Defendants did nothing to stop Hinojosa from harassing Plaintiff while she worked with him.

59.     As a direct and proximate result of Defendants' actions Plaintiff has suffered and suffers severe emotional distress, humiliation, anxiety, depression, fear, and post-traumatic stress disorder all to her damage in an amount to be proven at trial.

60.     Defendants' actions were malicious, and oppressive, and done in conscious disregard for Plaintiff and Plaintiff is thereby entitled to punitive damages from Defendants and each of them.

## SECOND CAUSE OF ACTION

## (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

61.     Plaintiff incorporates by reference each allegation contained in Paragraphs 1 through 60 as if fully set forth herein.

62.     As described herein, the conduct of Defendants described above was extreme and outrageous and done intentionally to cause Plaintiff severe emotional distress, or with the recognition that said conduct was likely to harm Plaintiff and cause her extreme emotional distress.

63.     As a direct and proximate result of Defendants' actions Plaintiff has suffered and suffer severe emotional distress, humiliation, anxiety, depression, fear, and post-traumatic stress disorder all to her damage in an amount to be proven at trial.

THIRD AMENDED COMPLAINT - 11

64.     Defendants' actions were malicious, oppressive, and done in conscious disregard for Plaintiff and Plaintiff is thereby entitled to punitive damages from Defendants and each of them.

**THIRD CAUSE OF ACTION**

**(NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS)**

65.     Plaintiff incorporates by reference each allegation contained in Paragraphs 1 through 64 as if fully set forth herein.

66.     Defendant, and each of them, knew or should have known that failure to exercise due care in their acts and omissions, above described, would cause Plaintiff severe emotional distress.

67.     As a direct and proximate result of the acts Defendants' acts and omissions caused Plaintiff to suffer severe emotional distress, humiliation, anxiety, depression, fear, and post-traumatic stress disorder all to her damage in an amount to be proven at trial.

**FOURTH CAUSE OF ACTION**

**(NEGLIGENCE AGAINST TOPGOLF ENTERTAINMENT GROUP)**

68.     Plaintiff incorporates by reference each allegation contained in Paragraphs 1 through 67 as if fully set forth herein.

69.     At all relevant times TopGolf Entertainment Group was aware that Hinojosa was a sexual predator who engaged in sexual harassment and assault against Plaintiff and other employees.

70.     At all relevant times TopGolf Entertainment Group knew or should have known that Hinojosa's conduct was in violation of applicable law.

THIRD AMENDED COMPLAINT - 12

71.     TopGolf Entertainment Group had a duty of reasonable care to ensure that TopGolf LV retained only competent, qualified, and safe employees.

72.     TopGolf Entertainment Group knew that Hinojosa was unfit to work within the workplace and posed a risk to Plaintiff and other female coworkers. TopGolf Entertainment Group breached its duty to Plaintiff by retaining Hinojosa as an employee.

73.     TopGolf Entertainment Group, through its agents, lost and/or destroyed evidence pertaining to Plaintiff's report of criminal sexual assault.

74.     As a direct and proximate result of TopGolf Entertainment Group's negligent supervision and retention of Hinojosa Plaintiff suffered substantial bodily harm and extreme emotional distress, humiliation, anxiety, depression, fear, and post-traumatic stress disorder all to her damage in an amount to be proven at trial.

## FIFTH CAUSE OF ACTION

## (ASSAULT)

75.     Plaintiff incorporates by reference each allegation contained in Paragraphs 1 through 74 as if fully set forth herein.

76.     On numerous occasions Hinojosa threatened to touch and touched various parts of Plaintiff's body without her permission or consent.

77.     In doing such acts Defendant Hinojosa intended to place Plaintiff in apprehension of a harmful or offensive contact with Plaintiff's body.

78.     As a result of Hinojosa's acts Plaintiff was in fact placed in apprehension of an offensive contact by Hinojosa.

79.     As a further direct and proximate result Plaintiff suffered substantial bodily harm and extreme emotional distress humiliation, anxiety, depression, fear, and post-

THIRD AMENDED COMPLAINT - 13

traumatic stress disorder all to her damage in an amount to be proven at trial all to her damage in an amount to be proven at trial.

80.    Defendants' actions were malicious, and oppressive, and done in conscious disregard for Plaintiff and Plaintiff is thereby entitled to punitive damages from Defendants and each of them.

### SIXTH CAUSE OF ACTION

### (BATTERY)

81.    Plaintiff incorporates by reference each allegation contained in Paragraphs 1 through 80 as if fully set forth herein.

82.    Hinojosa made contact with Plaintiff's body. Hinojosa touched, grabbed, groped, fondled, and restrained Plaintiff in a rude, violent, vulgar, harmful and oppressive manner.

83.    At all times Plaintiff found the contacts Hinojosa made with her body to be harmful and offensive. At no time did Plaintiff consent to any such contacts.

84.    As a direct and proximate result of Hinojosa's battery Plaintiff suffered substantial bodily harm and emotional distress humiliation, anxiety, depression, fear, and post-traumatic stress disorder all to her damage in an amount to be proven at trial all to her damage in an amount to be proven at trial.

85.    Defendants' actions were malicious, oppressive, and done in conscious disregard for Plaintiff and Plaintiff is thereby entitled to punitive damages from Defendants and each of them.

…

…

THIRD AMENDED COMPLAINT - 14

## SEVENTH CAUSE OF ACTION

### (FALSE IMPRISONMENT)

86.     Plaintiff incorporates by reference each allegation contained in Paragraphs 1 through 85 as if fully set forth herein.

87.     As described above Hinojosa's acts caused Plaintiff's freedom of movement to be restrained in that they prevented Plaintiff from leaving a confined area set up by Hinojosa.

88.     By reason of such false imprisonment Plaintiff was hindered and prevented from exercising freedom of movement.

89.     As a direct and proximate result of such false imprisonment Plaintiff suffered substantial bodily harm and extreme emotional distress all to her damage in an amount to be proven at trial.

90.     By reason of the forceful, and malicious false imprisonment of Plaintiff, Plaintiff is entitled to punitive damages from Defendants and each of them in an amount to be proven at trial.

## EIGHTH CAUSE OF ACTION

### (FRAUD/DECEIT)

91.     Plaintiff incorporates by reference each allegation contained in paragraphs 1 though 90 as if fully set forth herein.

92.     TopGolf Defendants represented to Plaintiff that she should not quit her employment after she reported Hinojosa's rape, that they would terminate Hinojosa and report him to the police and that she would never have to see him again.

93.     These representations were false and untrue.

THIRD AMENDED COMPLAINT - 15

94.      TopGolf Defendants intended that Plaintiff would rely on said representations and Plaintiff did so rely in staying on as an employee at TopGolf LV.

95.      TopGolf Defendants' intentional misrepresentations to Plaintiff, and Plaintiff's reliance on them, were substantial factors in causing damage and injury to Plaintiff as alleged herein.

96.      TopGolf Defendants' intentional misrepresentations were malicious, oppressive, and made in conscious disregard for Plaintiff, and Plaintiff is therefore entitled to punitive damages form Defendants and each of them.

**WHEREFORE,** Plaintiff respectfully requests that this Court enter judgment:

1.      Directing Defendants to pay compensatory damages to Plaintiff for:

   (a)      Mental and emotional distress in a sum in excess of $10,000;

   (b)      General and special damages in a sum in excess of $10,000;

   (c)      Punitive damages in a sum in excess of $10,000;

   (d)      Attorney's fees according to law;

   (e)      Costs of suit incurred herein;

   (e)      Such other and further relief as this court deems just and proper.

DEMAND FOR A TRIAL BY JURY.

Dated this ___ day of _____, 2020.

/s/ James J. Lee
James J. Lee
NV Bar No. 1909
2620 Regatta Dr., Suite #102
Las Vegas, NV 89128
*Attorney for Plaintiff Ciara Williams*

THIRD AMENDED COMPLAINT - 16