Electronically Filed
9/17/2020 4:48 PM
Steven D. Grierson
CLERK OF THE COURT

**OPPM**
SUZANNE L. MARTIN
Nevada Bar No. 8833
suzanne.martin@ogletreedeakins.com
ERICA J. CHEE
Nevada Bar No. 12238
erica.chee@ogletreedeakins.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
Wells Fargo Tower, Suite 1500
3800 Howard Hughes Parkway
Las Vegas, NV  89169
Telephone:  702.369.6800
Fax:  702.369.6888

*Attorneys for Defendant*
*TopGolf USA Las Vegas, LLC*

**EIGHTH JUDICIAL DISTRICT COURT**

**CLARK COUNTY, NEVADA**

| | |
|---|---|
| CIARA WILLIAMS,<br><br>                    Plaintiff,<br><br>vs.<br><br>SILVINO HINOJOSA, AND TOPGOLF USA LAS VEGAS, LLC, DOES 1 through X, inclusive AND ROES through X, inclusive,<br><br>                    Defendants. | Case No.:  A-18-784031-C<br>Dept. No.: IV<br><br>**TOPGOLF USA LAS VEGAS, LLC'S OPPOSITION TO PLAINTIFF'S MOTION FOR AN ORDER EXTENDING TIME TO FILE AMENDED COMPLAINT** |

Defendant TopGolf USA Las Vegas, LLC ("TopGolf" or "Defendant"), by and through its counsel of record, files its Opposition to Plaintiff's Motion for an Order Extending Time to File An Amended Complaint ("Motion").

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.      INTRODUCTION**

Plaintiff's September 4, 2020, Motion is moot, and otherwise, defies common sense.

The Court granted Plaintiff's Motion for Leave to Amend the Complaint – which TopGolf did not oppose – on September 7, 2020, and has ordered the Third Amended Complaint filed by Friday September 18, 2020.  The Court's subsequent Order thus moots Plaintiff's motion.

1

Otherwise, that Plaintiff is inclined to delay the filing of the amended complaint in the first place, and her reasons for the same, do not make sense and are defied by the facts and procedural history of this case.

For these reasons, Plaintiff's Motion should be denied.

## II. FACTUAL BACKGROUND/PROCEDURAL HISTORY

On November 5, 2018, Plaintiff filed her lawsuit against Silvino Hinojosa ("Hinojosa" or "Co-Defendant") and TopGolf (collectively referred to as "Defendants") asserting ten causes of action, including unlawful discriminatory employment practices. However, prior to filing this lawsuit, or serving TopGolf with a summons and complaint, Plaintiff did not file a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") nor the Nevada Equal Rights Commission ("NERC"), which is a jurisdictional prerequisite to the pursuit of employment discrimination claims under federal and state law, respectively. (Declaration of Erica Chee ("Chee Decl."), attached as **Exhibit A**, ¶4.)

On January 7, 2019, Plaintiff filed an Amended Complaint alleging seven causes of action against Defendants and removing, among others, the cause of action for employment discrimination. (Chee Decl., ¶5.) Yet, all of the allegations in Plaintiff's Amended Complaint stem from her employment at TopGolf.

On March 28, 2019, TopGolf filed a Motion to Dismiss Plaintiff's Amended Complaint. TopGolf argued, *inter alia*, that Plaintiff's tort claims were subject to dismissal because they were disguised as employment discrimination claims, namely, sex discrimination and harassment claims, for which statutory remedies already exist. (Chee Decl., ¶6.) TopGolf specifically argued that the state and federal legislatures carved out statutory protections and relief for sexual discrimination and harassment in the employment context under NRS. 613.330 *et al.* and Title VII of the 1964 Civil Rights Act ("Title VII"). However, Plaintiff's complaint had not stated claims for sexual harassment, sex discrimination, or retaliation under Title VII or Nevada law - yet.

The parties fully briefed the issues, and the motion to dismiss was heard on June 20, 2019. The Court granted the Motion to Dismiss in part, and denied the Motion to Dismiss in part. (Chee Decl., ¶8.)  Plaintiff was ordered to file an amended complaint on or before July 5, 2019.

2

On June 28, 2019, Plaintiff filed a Second Amended Complaint asserting ten causes of action, including a claim for "unlawful discriminatory employment practices" under the state law, specifically NRS 613.330 *et. al*. (Chee Decl., ¶9.) However, Plaintiff had filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), the necessary pre-requisite to her filing suit for violations of federal law, and specifically, Title VII of the 1964 Civil Rights Act. (*Id.*, ¶7.) On July 12, 2019, TopGolf filed its Answer to the Second Amended Complaint. (*Id.*, ¶10.)

Plaintiff knew, and had ample opportunity in the months that followed to amend her complaint to include her federal claim for relief under Title VII, yet she waited until June 22, 2020, to file a motion to do so. (Chee Decl., ¶11.) The Motion included the proposed Third Amended Complaint, which added the proper cause of action for sexual harassment under Title VII, and eliminated the claims pled under NRS 613.330. (*Id.*) Despite its objection to Plaintiff's delay and the additional parties, TopGolf filed a notice of non-opposition notifying the Court and all parties that it intended to remove the matter once the Third Amended Complaint was on file.

While the motion for leave to file the third amended complaint was pending, TopGolf asked Plaintiff to stipulate to the filing of the Third Amended Complaint. Plaintiff refused. (Chee Decl., ¶12.)

On August 15, 2020, the Court issued a minute order granting Plaintiff's Motion to Amend the Complaint and further ordering Plaintiff's counsel prepare the Order in accordance with EDCR 7.21. (Chee Decl., ¶13.) TopGolf was not served with a copy of the minute order, nor did Plaintiff prepare an Order. On notice of the Court's minute order, and having not received a proposed Order, TopGolf took the initiative to prepare a proposed Order in compliance with the Court's minute order and submitted it to Plaintiff's counsel. (*Id*., ¶14.) Plaintiff's counsel objected and refused to approve the proposed Order. To avoid further delay, and a rebuke from the Court, on August 27, 2020, TopGolf submitted the Order and informed the Court of the dispute over the timing of the filing of the Third Amended Complaint. (*Id.*)

On September 4, 2020, after TopGolf submitted the Order, Plaintiff filed this Motion, requesting additional time to file the Third Amended Complaint. (Chee Decl., ¶15.)

3

Three days later, on September 7, 2020, the Court signed the proposed Order submitted by TopGolf, and ordered Plaintiff to file the Third Amended Complaint within ten days from notice of entry of the Order. (*Id.*, ¶16.)

The Notice of Entry was filed on September 8, 2020, and by operation of the Court's Order, Plaintiff's must file the Third Amended Complaint on September 18, 2020. (*Id.*)

The parties had three depositions scheduled prior to the September 18, 2020 deadline to file the Third Amended Complaint. (Chee Decl., ¶17.) The depositions of Natalie Pueblas ("Ms. Pueblas") and Elba Servin ("Ms. Servin") were scheduled for September 14, 2020, and Plaintiff's deposition was scheduled for September 16, 2020. (*Id.*) Natalie Pueblas's deposition has been continued to Monday September 21, 2020. (*Id.*, ¶18.)

## III.  RESPONSE TO MOTION

### A.  Plaintiff's Motion Is Moot

TopGolf submitted a proposed Order with a letter explaining the meet and confer efforts with Plaintiff's counsel and Plaintiff's counsel's objections on August 27, 2020. Oddly, Plaintiff now seeks to delay the very same pleading she sought leave from the Court to file. On September 4, 2020, she filed the Motion, asking for 30 days to file the Third Amended Complaint. On September 7, 2020, the Court modified and signed the proposed Order submitted by TopGolf, and further ordered Plaintiff to file her amended complaint within 10 days of the Notice of Entry of Order. The Notice of Entry was filed on September 8, 2020, and Plaintiff's deadline to file the Third Amended Complaint is September 18, 2020. As a result of the Court's Order filed after Plaintiff's Motion, Plaintiff's Motion is moot.

### B.  Plaintiff's Proffered Reason for the Extension – Depositions – Is Belied By the Deposition Schedule and Removal Rules

Plaintiff argues that she needs more time to file the Third Amended Complaint out of concern that the depositions of important witnesses Natali Pueblas and Elba Servin and that of the Plaintiff, will not be able to proceed once this matter is removed. The facts, and applicable rules refute this argument in its entirety.

Plaintiff scheduled the depositions of Ms. Pueblas and Ms. Servin for September 14, 2020,

4

and TopGolf has scheduled the deposition of Plaintiff on September 16, 2020. A cursory review of any calendar reveals the depositions were scheduled to be completed before the Third Amended Complaint was due to be filed.

As of the filing of this Response, Ms. Servin's September 14 deposition and Plaintiff's September 16 deposition are complete. While Ms. Pueblas' deposition did not go forward on September 14, she has agreed with Plaintiff's counsel to appear on Monday September 21, 2020.

Per 28 U.S.C. § 1441 and 1446, TopGolf has 30-days to remove Plaintiff's Third Amended Complaint, or, based on a filing date of September 18, 2020, up to October 19, 2020, to remove this matter to federal court. Ms. Servin's deposition will be completed Monday September 21, 2020. TopGolf will timely remove, but will not do so in such a way that would disrupt or delay this deposition. Further, to the extent there are additional depositions besides those identified in Plaintiff's Motion that need to be scheduled and completed before TopGolf removes the lawsuit, surely, the parties can meet-and-confer to coordinate such discovery, with an eye towards avoiding, or at least minimize the delays removal and the procedural requirements that accompany the same may cause.

### C. TopGolf Requests An Order To Show Cause If Plaintiff Refuses To Follow The Court's September 7, 2020 Order

Although the Motion is moot, and Plaintiff's proffered reasons for delay meritless, TopGolf anticipates that Plaintiff will refuse to follow the Court's Order and timely file the Third Amended Complaint on Friday September 18, 2020. TopGolf therefore requests that in the event of Plaintiff's failure to file the amended complaint, the Court set the matter for an Order to Show Cause as to Plaintiff's refusal to follow the Court's Order.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

IV. **CONCLUSION**

For the reasons set forth herein, Plaintiff's Motion should be denied.

DATED this 17th day of September, 2020

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

*/s/ Erica J. Chee*
Suzanne L. Martin
Nevada Bar No. 8833
Erica J. Chee
Nevada Bar No. 12238
3800 Howard Hughes Parkway
Suite 1500
Las Vegas, NV  89169
*Attorneys for Defendant TopGolf USA Las Vegas, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that, pursuant to NEFCR 9(a), I electronically transmitted the foregoing **TOPGOLF USA LAS VEGAS, LLC'S OPPOSITION TO PLAINTIFF'S MOTION FOR AN ORDER EXTENDING TIME TO FILE AMENDED COMPLAINT** to the Clerk's Office using the electronic filing process for the Eighth Judicial District Court to the following registrant:

James J. Lee, Esq.

Pursuant to Nevada Rule of Civil Procedure 5(b), I hereby further certify that service of the foregoing document was also made by depositing a true and correct copy of same for mailing, first class mail, postage prepaid thereon, at Las Vegas, Nevada, to the following:

James J. Lee, Esq.
Legal Offices of James J. Lee
2620 Regatta Drive #102
Las Vegas, NV  89128
*Attorneys for Plaintiff*

Silvino Hinojosa, ID #01722886
Clark County Detention Center
330 S. Casino Center Boulevard
Las Vegas, NV  89101-6102
*Defendant in pro se*

Dated this 17th day of September, 2020.

                                                 */s/ Monica Gonzalez*
                                                 An Employee of Ogletree, Deakins, Nash, Smoak & Stewart, P.C.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
WELLS FARGO TOWER
SUITE 1500, 3800 HOWARD HUGHES PARKWAY
LAS VEGAS, NV 89169
TELEPHONE: 702.369.6800

# EXHIBIT A

**DECL**
SUZANNE L. MARTIN
Nevada Bar No. 8833
suzanne.martin@ogletreedeakins.com
ERICA J. CHEE
Nevada Bar No. 12238
erica.chee@ogletreedeakins.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
Wells Fargo Tower, Suite 1500
3800 Howard Hughes Parkway
Las Vegas, NV  89169
Telephone:  702.369.6800
Fax:  702.369.6888

*Attorneys for Defendant*
*TopGolf USA Las Vegas, LLC*

**EIGHTH JUDICIAL DISTRICT COURT**

**CLARK COUNTY, NEVADA**

| | |
|---|---|
| CIARA WILLIAMS,<br><br>Plaintiff,<br><br>vs.<br><br>SILVINO HINOJOSA, AND TOPGOLF USA LAS VEGAS, LLC, DOES 1 through X, inclusive AND ROES through X, inclusive,<br><br>Defendants. | Case No.:  A-18-784031-C<br>Dept. No.: IV<br><br>**DECLARATION OF ERICA J. CHEE IN SUPPORT OF DEFENDANT TOPGOLF USA LAS VEGAS, LLC'S OPPOSITION TO PLAINTIFF'S MOTION FOR AN ORDER EXTENDING TIME TO FILE AMENDED COMPLAINT** |

I, Erica J. Chee, declare and state as follows:

1. I am an attorney with the law firm of Ogletree, Deakins, Nash, Smoak & Stewart, P.C., and am duly licensed to practice law in the State of Nevada, and in that capacity, represent Defendant TopGolf USA Las Vegas, LLC ("TopGolf") in this action.

2. I have personal knowledge of the events described in this Declaration, and the information set forth is true and correct to the best of my knowledge.

1

3. I offer this Declaration in Support of Defendant TopGolf's Opposition to Plaintiff's Motion for an Order Extending Time to File An Amended Complaint ("Plaintiff's Motion"). I am competent to testify as to all matters herein if called to do so.

4. On November 5, 2018, Plaintiff Ciara Williams ("Plaintiff") filed her lawsuit against TopGolf and Silvino Hinojosa ("Defendant Hinojosa") in the Clark County Eighth Judicial District Court, Case Number A-18-784031-C. Prior to filing this lawsuit, or serving TopGolf with a summons and complaint, Plaintiff did not file a charge of discrimination with the EEOC nor the NERC, which is a jurisdictional pre-requisite.

5. On January 7, 2019, Plaintiff filed her Amended Complaint alleging seven causes of action against Defendants and removing, among others, the cause of action for employment discrimination. Plaintiff had not made any claims against TopGolf for sexual harassment, sex discrimination, or retaliation under Title VII or Nevada law in her Amended Complaint.

6. On March 28, 2019, TopGolf filed a Motion to Dismiss Plaintiff's Amended Complaint. TopGolf argued, *inter alia*, that Plaintiff's tort claims were subject to dismissal because they were disguised as employment discrimination claims, namely, sex discrimination and harassment claims, for which statutory remedies already exist.

7. While the parties were briefing TopGolf's Motion to Dismiss Plaintiff's Amended Complaint, Plaintiff requested and received her Notice of Right to Sue from the Equal Employment Opportunity Commission ("EEOC") based on a Charge of Discrimination she had filed on December 5, 2018.

8. TopGolf's Motion to Dismiss was heard before this Court on June 20, 2019. The Court granted the Motion to Dismiss in part, and denied the Motion to Dismiss in part.

9. On June 28, 2019, Plaintiff filed a Second Amended Complaint asserting 10 causes of action. Plaintiff amended her complaint to include a claim for "unlawful discriminatory employment practices" under NRS 613.330 *et. al*.

10. On July 12, 2019, TopGolf filed its Answer to the Second Amended Complaint asserting affirmative defenses, including Plaintiff's failure to timely exhaust her administrative remedies with the NERC.

2

11. On June 22, 2020, Plaintiff filed her Motion to Amend the Complaint and attached a proposed Third Amended Complaint. TopGolf subsequently filed a notice of non-opposition notifying the Court and all parties that it intended to remove the matter once the Third Amended Complaint was on file.

12. Thereafter, I contacted Plaintiff's counsel, James Lee, and asked if he would stipulate to the filing the Third Amended Complaint so the parties could move forward with litigation without any undue delay. Mr. Lee rejected the offer to stipulate.

13. On August 15, 2020, the Court issued a minute order granting Plaintiff's Motion to Amend the Complaint and requesting that [Plaintiff's] Counsel prepare the Order in accordance with EDCR 7.21.

14. TopGolf was not served with a copy of the minute order nor did Plaintiff prepare an Order. On notice of the Court's minute order, and having not received a proposed Order, my office subsequently prepared a proposed Order in compliance with the Court's minute order and submitted to Mr. Lee for review and approval. Mr. Lee objected and refused to sign. I prepared a letter to the Court describing the parties' meet and confer efforts and submitted the proposed Order on August 27, 2020. The Court later asked that both documents be submitted separately and the Order was submitted again on Augsut 28, 2020 and the letter was submitted on August 29, 2020.

15. Plaintiff filed this instant motion on September 4, 2020 requesting additional time to file the Third Amended Complaint.

16. On September 7, 2020, the Court executed the Order submitted by TopGolf, and ordered Plaintiff to file the Third Amended Complaint within ten days from notice of entry of the Order. The Notice of Entry was filed on September 8, 2020, and Plaintiff's deadline to file the Third Amended Complaint is September 18, 2020.

17. The parties have three depositions scheduled prior the September 18, 2020 deadline. The depositions of Natalie Pueblas ("Ms. Pueblas") and Elba Servin ("Ms. Servin") were scheduled for September 14, 2020 and Plaintiff's deposition is scheduled for September 16, 2020.

18. At Ms. Pueblas' deposition scheduled for September 14, 2020, Ms. Pueblas did not show. Ms. Lee, Plaintiff's counsel's paralegal and law clerk, mentioned during the discussion of

3

Ms. Pueblas' participation, that when served on September 11, 2020, Ms. Pueblas remarked she not appear.  Through further communications with Plaintiff's counsel, Ms. Pueblas has now agreed to appear on Monday, September 21, 2020 for her deposition.

I declare under penalty of perjury to the laws of the State of Nevada that the foregoing is true and correct.

EXECUTED this 17th day of September, 2020.

_____
Erica J. Chee

44217849.1